COLT / SINGER / BEA LLP
  Benjamin L. Singer (Bar. No. 264295)
  bsinger@coltsinger.com
  Renee B. Bea (Bar No. 268807)
  rbea@coltsinger.com
  Douglas S. Tilley (Bar No. 265997)
  dtilley@coltsinger.com
235 Montgomery Street, Suite 907
San Francisco, CA  94104
Telephone:   (415) 500-6080
Facsimile:     (415) 500-6080

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| TELESOCIAL INC.,<br><br>                Plaintiff,<br><br>v.<br><br>ORANGE S.A., a French Corporation;<br>ANNE BENRIKHI, an individual;<br>DIMITRI DELMAS, an individual;<br>ANN DORNIER, an individual;<br>OLIVIER GODINIAUX, an individual;<br>GUILLAUME GUIMOND, an individual;<br>FABRICE PETESCH, an individual; and<br>JACQUES VIEL, an individual.<br>                Defendants. | CASE NO.<br><br>**COMPLAINT FOR VIOLATION OF THE COMPUTER FRAUD AND ABUSE ACT, VIOLATION OF THE CALIFORNIA COMPREHENSIVE COMPUTER DATA ACCESS AND FRAUD ACT, BREACH OF CONTRACT, BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING, AND VIOLATION OF THE CALIFORNIA UNFAIR COMPETITION LAW**<br><br>**DEMAND FOR JURY TRIAL** |

---

COMPLAINT FOR VIOLATION OF THE COMPUTER FRAUD AND ABUSE ACT, VIOLATION OF THE CALIFORNIA COMPREHENSIVE COMPUTER DATA ACCESS AND FRAUD ACT, BREACH OF CONTRACT, BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING, AND VIOLATION OF THE CALIFORNIA UNFAIR COMPETITION LAW
CASE NO.

Plaintiff Telesocial Inc. states its Complaint against defendants Orange S.A., Anne Benrikhi, Dimitri Delmas, Ann Dornier, Fabrice Petesch, Olivier Godiniaux, Guillaume Guimond, and Jacques Viel, and alleges as follows:

**The Parties**

1. Plaintiff Telesocial Inc. is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 39 Mesa Street, Suite 102, San Francisco, California 94129.

2. Defendant Orange S.A., formerly known as France Télécom S.A., is an entity organized and existing under the laws of France, with its principal place of business at 78 rue Olivier de Serres, Paris, 75015, France.

3. Defendant Anne Benrikhi is in individual who, upon information and belief, resides in France or the United Kingdom.

4. Defendant Dimitri Delmas is an individual who, upon information and belief, resides in France or the United Kingdom.

5. Defendant Ann Dornier is an individual who, upon information and belief, resides in France or the United Kingdom.

6. Defendant Olivier Godinieaux is an individual who, upon information and belief, resides in France or the United Kingdom.

7. Defendant Guillaume Guimond is an individual who, upon information and belief, resides in France or the United Kingdom.

8. Defendant Fabrice Petesch is an individual who, upon information and belief, resides in France or the United Kingdom.

9. Defendant Jacques Viel is an individual who, upon information and belief, resides in France or the United Kingdom.

**Jurisdiction and Venue**

10. This Court has subject matter jurisdiction, pursuant to 28 U.S.C. § 1331, over Plaintiff's claims under the Computer Fraud and Abuse Act, codified at 18 U.S.C. § 1030. This Court has

supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over Plaintiff's claims arising under California law.

11. This Court has personal jurisdiction over each Defendant because he, she or it has (i) committed acts of computer fraud in this judicial District; and/or (ii) regularly done business or solicited business, engaged in other persistent courses of conduct, and/or derived substantial revenue from products and/or services provided to persons in this District and in this State. This Court's personal jurisdiction over each Defendant is further established by California Penal Code § 502(j), which provides that "a person who causes, by any means, the access of a computer, computer system, or computer network in one jurisdiction from another jurisdiction is deemed to have personally accessed the computer, computer system, or computer network in each jurisdiction." As described below, each Defendant illicitly accessed Telesocial's computers, computer systems, and computer networks—all of which have been located in California at all times relevant to this Complaint. Further, each Defendant knew that Telesocial's computers, computer systems, and computer networks were located in Emeryville, California, and that Telesocial was located in San Francisco, California and would suffer damages in California.

12. Venue is proper in this judicial District pursuant to 28 U.S.C. §§ 1391 and 1400(b) because a substantial part of the events giving rise to the claims occurred in this judicial District; and each Defendant has committed acts of computer fraud in this District. Venue is also proper pursuant to California Penal Code § 502(j), which provides that "a person who causes, by any means, the access of a computer, computer system, or computer network in one jurisdiction from another jurisdiction is deemed to have personally accessed the computer, computer system, or computer network in each jurisdiction." As described below, each Defendant illicitly accessed Telesocial's computers, computer systems, and computer networks located in California. Further, each Defendant knew that Telesocial's computers, computer systems, and computer networks were located in Emeryville, California, and that Telesocial was located in San Francisco, California and would suffer damages in this District.

**Factual Background**

13.  Telesocial, founded in 2008, spent years developing a complex software application that enables users of social networks (such as Facebook) to place carrier-based telephone calls to other users through the social networks. Telesocial has also developed an application programming interface ("API") designed to enable third-party programmers to integrate their products with Telesocial's software application in order to utilize the application's social calling features.

14.  Although the Telesocial application offers a number of useful features, including, without limitation, the following: (1) the Telesocial application can (i) determine which of a Facebook users' friends are participating in a call; (ii) inform the user's friend on the friend's Facebook "timeline" that the user is participating in a call with others; and (iii) invite and enable the user's friend to join the call; and (2) the Telesocial application can read the contact information from the user's phone, and integrate that contact information with the user's Telesocial account, to enable the user to initiate individual and group calls on the user's phone to his or her friends .

15.  At all times relevant to this Complaint, the software code responsible for the operation of the Telesocial application and the Telesocial API were stored on and executed by computer servers located in Emeryville, California.

16.  In addition to maintaining many aspects of its proprietary system and products as confidential trade secrets, Telesocial has also acquired a patent covering many aspects of its novel system and products.

17.  Defendant Orange, formerly known as France Télécom, is a French multinational telecommunications corporation. In 2012, Orange expressed an interest in integrating Telesocial's technology into Orange's telecommunications system and software applications. Orange was particularly interested in the Telesocial features described above.

18.  Between April 2012 and July 31, 2012, Telesocial and Orange discussed the possibility of Telesocial licensing or selling its application to Orange, or assisting Orange with integrating the Telesocial application with Orange's products.

19. During the negotiations, Telesocial provided Orange with a password that would enable it to access Telesocial's Emeryville computer servers in order to register for and test the Telesocial application, solely for the purposes of evaluating the Telesocial application as part of the negotiations. While the negotiations were underway, the password was used only one time—by an Orange representative using the pseudonym "Barbara Tesbis."

20. Orange terminated its discussions with Telesocial on July 31, 2012 by stating that Orange could not agree to the price of 800,000 euros for an initial license period that Telesocial had proposed. On that day, Benoit Amet, Orange's Mobile Strategic Partnerships Manager, wrote that "we consider you[r pricing] position as a 'no go' for T[ele]S[ocial] to go further with Orange." Orange did not respond to Telesocial's request for a counter-offer or engage in any further negotiations.

21. Although Telesocial did not realize it at the time, after Orange terminated the discussions, the Defendants decided to use the password provided by Telesocial to register for and access the Telesocial application, which was still private and not yet publicly available. The Defendants did so even though they knew that the password was to be used only for the purposes of evaluating the Telesocial application as part of the negotiations. Between the dates of August 31, 2012 and November 30, 2012, the Defendants accessed Telesocial's application and Emeryville computer servers repeatedly, using a variety of user names and corresponding telephone numbers:

| Real Name (upon information and belief) | Account Name(s) Created by User | Telephone Number Registered by User | Dates of unauthorized access of Telesocial's application and computer servers (2012) |
|---|---|---|---|
| Anne Benrikhi | Anne Orange; Anne Benrikhi; Anne Myne | +33 6 07 48 87 07 +33 6 43 05 08 52 | September 6, 10, 11, 12, 13, 19, 20, 24, 25; October 16, 25, 29; November 16, 20, 23 |
| Ann Dornier | Anne Dornier | +33 6 79 84 03 63 | November 23, 30 |
| Dimitri Delmas | Dimitri Delmas | +33 6 84 03 92 99 | September 19 |
| Olivier Godiniaux | Karl Tangerine | +33 6 78 76 05 71 | August 31; September 5, 6, 10, 11, 12, 13, 19, 25; October 16, 25, 29; November 16 |
| Guillaume Guimond | Guillaume Guimond | +33 6 30 76 34 94 | September 10, 12, 13 |

- 4 -
COMPLAINT FOR VIOLATION OF THE COMPUTER FRAUD AND ABUSE ACT, VIOLATION OF THE CALIFORNIA COMPREHENSIVE COMPUTER DATA ACCESS AND FRAUD ACT, BREACH OF CONTRACT, BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING, AND VIOLATION OF THE CALIFORNIA UNFAIR COMPETITION LAW
CASE NO.

| Jacques Viel | Jacque Viel | +33 6 64 89 72 68 | September 6, 13, 19, 20; October 25; November 20 |
|---|---|---|---|
| (unknown) | Barbara Tesbis | +33 6 33 65 92 36 | August 31; September 5, 6, 10, 11, 12, 13, 19, 20, 24; October 16 |
| Fabrice Petesch | Fab Thefabulo | +33 6 74 49 38 67 | September 6 |
| (unknown) | Mila Lemon | +33 6 40 71 97 45 | August 31, September 5, 6, 10, 11, 12, 13 |
| (unknown) | Thomas Orange | +33 6 33 65 92 36 | September 6, 7, 10, 12, 13, 19, 20, 24; October 25, 29 |

22.  The Telesocial application was designed so that no user could register to access it without first agreeing to its Terms of Use, which were stored on and served by Telesocial's computer servers in Emeryville, California. Some of the activities that the Terms of Use expressly prohibited are as follows:

- "[s]elling, renting, leasing, subleasing, sub licensing, distributing, reselling or in any other way publishing the Telesocial API or service to any third parties which may develop derivative works without our approval";
- "use [of] the service in any competitive purpose"; and
- "use of the service in any way that is unlawful."

23.  The Terms of Use also provided: "By using the Services, You agree that the laws of the State of California will govern this Agreement and any dispute of any sort that might arise between You and Telesocial."

24.  Each of the Defendants who registered to use the Telesocial application agreed to the Terms of Use by clicking on or pressing a button on his or her screen confirming his or her consent.

25.  By repeatedly accessing the Telesocial application and Emeryville computer servers, Defendants were able to copy and/or reverse engineer much of the critical software code responsible for the most important features of the Telesocial product. For example, Defendants were able to copy and/or reverse engineer the software code that enabled the Telesocial application to announce on Facebook users' timelines that the users' friends were participating in a call, and to invite those users to join those calls. In addition, Defendants were able to copy and/or reverse engineer the software

code that enabled users to integrate their contact information from their mobile devices with the Telesocial application.

26.  As part of their efforts to copy and reverse engineer Telesocial's software code, Defendants placed approximately 97 unauthorized international long-distance telephone calls—including a number of conference calls—between the dates of August 31, 2012 and November 30, 2012. The total duration for these calls was approximately 266 minutes. As Defendants knew, the charges for the calls were billed to Telesocial.

27.  The calls were placed from the telephone numbers corresponding to the following Defendants and other Orange agents: Ms. Benrikhi, Ms. Dornier, Mr. Godiniaux, Mr. Guimond, Mr. Viel, "Barbara Tesbis," "Mila Lemon," and "Thomas Orange."

28.  In addition, the Defendants tested various other features of the Telesocial application, such as adding various individuals to existing telephone calls. The Defendants also investigated how Telesocial's application integrated with Facebook's social networking systems.

29.  On information and belief, Defendants' unauthorized activities were done with the knowledge and consent of high-level managers of Orange, who knew that the password was being shared and who knew that Telesocial's confidential software code was being downloaded, shared, and reverse-engineered by the Defendants.

30.  On November 21, 2012, Orange publicly announced that it would be offering a new product, Party Call.  The features of the Party Call application that Orange described in its announcement were exactly the same features of Telesocial's application, and were the same features that Defendants had reverse engineered and/or copied when they accessed the Telesocial application and computer servers after July 31, 2012.  In particular, the Party Call application was described as being capable of announcing on Facebook users' timelines that the users' friends were participating in a call, inviting those users to join those calls.  In addition, the Party Call application was described as being capable of integrating users' contact information from their mobile devices with the Party Call application.  Although these and other features of the Party Call application were mirror images of Telesocial's technology, and were developed by Defendants' reverse-engineering the confidential

1  Telesocial application without Telesocial's knowledge or authorization, Orange took all the credit for
2  the Party Call application.

3      31.   The Defendants' actions have caused significant harm to Telesocial.  By copying and
4  reverse-engineering the confidential Telesocial application, the Defendants were able to effectively
5  rebrand Telesocial's technology with the Orange brand.  As a result, Orange is perceived as the
6  inventor and developer of social calling features that were actually invented and developed by
7  Telesocial.  Due to the actions by Defendants described herein, Telesocial has been unable to license
8  or otherwise commercialize its application, causing it to lose substantial revenue and business
9  opportunities.

## Count One: Violation of the Computer Fraud and Abuse Act

### (Against all Defendants)

12      32.   Plaintiff realleges and incorporates by reference the above paragraphs of this Complaint,
13  inclusive, as though fully set forth herein.

14      33.   The Telesocial computers that Defendants accessed without authorization are protected
15  computers because they are used in and affect interstate and foreign commerce and/or
16  communication.  In particular, the Telesocial computers are designed to be accessed—and were
17  accessed by Defendants—from locations in France and England.  In addition, the Telesocial
18  computers are designed to be used—and were used by Defendants—to place and route telephone
19  calls throughout the United States and the world.

20      34.   Defendants intentionally accessed Telesocial's protected computers without authorization
21  and/or in excess of authorized access, and thereby obtained information from those protected
22  computers.

23      35.   Defendants knowingly and with intent to defraud accessed Telesocial's protected computers
24  without authorization and/or in excess of authorized access, and by means of such conduct furthered
25  the intended fraud and obtained from Telesocial its proprietary software code and other information,
26  such code and information being worth more than $5,000 in one or more 1-year periods between

August 31, 2012 and the present, including without limitation the 1-year period of August 31, 2012–August 31, 2013.

    a. Ms. Benrikhi, without Telesocial's authorization and/or in excess of authorized access, accessed the Telesocial application and computer servers on October 4, 13, and 25, 2012; and November 20 and 30, 2012. In addition, Ms. Benrikhi, without Telesocial's authorization and/or in excess of authorized access, placed and/or joined telephone calls using Telesocial's computer servers on September 10, 19, and 20, 2012; October 29, 2012; and November 20 and 30, 2012.

    b. Mr. Delmas, without Telesocial's authorization and/or in excess of authorized access, accessed the Telesocial application and computer servers on September 19, 2012.

    c. Ms. Dornier, without Telesocial's authorization and/or in excess of authorized access, accessed the Telesocial application and computer servers on November 23 and 30, 2012. In addition, Ms. Dornier, without Telesocial's authorization and/or in excess of authorized access, placed and/or joined telephone calls using Telesocial's computer servers on November 23 and 30, 2012.

    d. Mr. Godiniaux, without Telesocial's authorization and/or in excess of authorized access, accessed the Telesocial application and computer servers on August 31; September 10, 11, 12, 13, 19, 20, and 25, 2012; October 16, 25, and 29, 2012; and November 16 and 23, 2012. In addition, Mr. Godiniaux, without Telesocial's authorization and/or in excess of authorized access, placed and/or joined telephone calls using Telesocial's computer servers on August 31, 2012; September 5, 6, 11, 12, and 13, 2012; and November 24, 2012.

    e. Mr. Guimond, without Telesocial's authorization and/or in excess of authorized access, accessed the Telesocial application and computer servers on September 10 and 12, 2012. In addition, Mr. Guimond, without Telesocial's authorization and/or in excess of authorized access, placed and/or joined telephone calls using Telesocial's computer servers on September 12 and 13, 2012.

    f.   Mr. Petesch without Telesocial's authorization and/or in excess of authorized access, accessed the Telesocial application and computer servers on September 6, 2012.

    g.   Mr. Viel, without Telesocial's authorization and/or in excess of authorized access, accessed the Telesocial application and computer servers on September 6, 13, 19, and 20, 2012; October 25, 2012, and November 20, 23, and 30, 2012. In addition, Mr. Viel, without Telesocial's authorization and/or in excess of authorized access, placed and/or joined telephone calls using Telesocial's computer servers on September 6 and 13, 2012, and November 20, 2012.

36. These actions of Defendants caused loss to Telesocial aggregating at least $5,000 in value, over one or more 1-year periods between August 31, 2012 and the present, including without limitation the 1-year period of August 31, 2012–August 31, 2013.

37. As a result of Defendants' actions, Telesocial has suffered damages in an amount not yet ascertained. Plaintiff is entitled to recover damages adequate to compensate it for Defendants' illicit activities in an amount to be determined at trial.

**Count Two: Violation of the California Comprehensive**

**Computer Data Access and Fraud Act**

**(Against all Defendants)**

38. Plaintiff realleges and incorporates by reference the above paragraphs of this Complaint, inclusive, as though fully set forth herein.

39. Defendants knowingly accessed and without permission altered, damaged, and used the data, computer(s), computer system(s), and computer network(s) of Telesocial to either wrongfully control and/or obtain Telesocial's property and/or data.

40. Defendants knowingly accessed and without permission took, copied, and/or made use of data from Telesocial's computer(s), computer system(s), and/or computer network(s), and/or took or copied supporting documentation residing on such computer(s), computer system(s), and/or computer network(s).

- 9 -

COMPLAINT FOR VIOLATION OF THE COMPUTER FRAUD AND ABUSE ACT, VIOLATION OF THE CALIFORNIA COMPREHENSIVE COMPUTER DATA ACCESS AND FRAUD ACT, BREACH OF CONTRACT, BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING, AND VIOLATION OF THE CALIFORNIA UNFAIR COMPETITION LAW

CASE NO.

41. Defendants knowingly and without permission used Telesocial's computer services, and/or caused them to be used.

42. Defendants knowingly accessed and without permission added, altered, and/or damaged the data, computer(s), software, and/or computer programs that resided on Telesocial's computer(s), computer system(s), and/or computer network(s).

43. Defendants knowingly and without permission provided and/or assisted in providing a means of accessing Telesocial's computer(s), computer system(s), and/or computer network(s) in violation of Section 502 of the California Penal Code.

44. Defendants knowingly and without permission accessed or caused to be accessed Telesocial's computer(s), computer system(s), and/or computer network(s).

45. As a result of Defendants' actions, Telesocial has suffered damages as described above in an amount not yet ascertained. Plaintiff is entitled to recover damages adequate to compensate it for Defendants' illicit activities in an amount to be determined at trial.

46. Each of Defendants' violations, as more fully set forth above including in paragraph 35, were willful, and were committed with oppression, fraud, and/or malice, thereby entitling Telesocial to punitive or exemplary damages.

### Count Three: Breach of Contract

### (Against all Defendants)

47. Plaintiff realleges and incorporates by reference the above paragraphs of this Complaint, inclusive, as though fully set forth herein.

48. In registering for and accessing the Telesocial application, Defendants agreed to the Telesocial Terms of Use.

49. Telesocial abided by the Terms of Use.

50. Defendants breached the Terms of Use by failing to abide by the provision that prohibited "[s]elling, renting, leasing, subleasing, sub licensing, distributing, reselling or in any other way publishing the Telesocial API or service to any third parties which may develop derivative works without our approval." In particular, the Defendants sold, leased, subleased, sublicensed, distributed,

resolved, and/or otherwise published the Telesocial API and/or service to Facebook Inc., as well as to Facebook users who are Orange customers. In addition, the individual Defendants sold, leased, subleased, sublicensed, distributed, resolved, and/or otherwise published the Telesocial API and/or service to Defendant Orange.

51. For the same reasons, Defendants breached the Terms of Use by failing to abide by the provision that prohibited "use [of] the service in any competitive purpose."

52. Defendants breached the Terms of Use by failing to abide by the provision that prohibited "use of the service in any way that is unlawful." In particular, Defendants used the service in violation of the Computer Fraud and Abuse Act and the California Comprehensive Computer Data Access and Fraud Act, as more fully set forth herein.

53. As a result of Defendants' breach of the Terms of Use, Telesocial has suffered damages in an amount not yet ascertained. Plaintiff is entitled to recover damages adequate to compensate it for Defendants' breach in an amount to be determined at trial.

54. The Terms of Use further provides:

> You agree to … indemnify, defend and hold us … harmless from and against any and all … losses, damages, liabilities, … costs and expenses (including reasonable attorneys fees), arising out of or in connection with any claim arising out of (i) Your use of the Services, Telesocial API and related material in a manner not authorized by this Agreement, and/or in violation of the applicable restrictions, any other active policies, and/or applicable law, … (iii) Your violation of any term or condition or any applicable additional policies, including without limitation, Your representations and warranties, or (iv) You or Your employees' or personnel's negligence or willful misconduct.

Because Telesocial's claims set forth in this Complaint arise out of (i) Defendants' unauthorized and illicit use of the Services, Telesocial API, and related material; (ii) Defendants' violation of their own representations and warranties regarding their intended use of the Telesocial application; and (iii) Defendants' negligence and/or willful misconduct (including the negligence and/or willful misconduct of Defendant Orange's employees and/or personnel), Telesocial is entitled to recover— and does seek to recover—its losses, damages, liabilities, costs and expenses, and reasonable attorneys' fees in this action.

**Count Four: Breach of Covenant of Good Faith and Fair Dealing**

**(Against all Defendants)**

55.  Plaintiff realleges and incorporates by reference the above paragraphs of this Complaint, inclusive, as though fully set forth herein.

56.  Defendants unfairly interfered with Telesocial's right to receive the benefits of the Terms of Use. In particular, Defendants unfairly interfered with Telesocial's right to have the Telesocial Application used only for lawful and noncompetitive purposes, and in such a manner that the Telesocial API or service would not be distributed or any other way published to any third parties that may develop derivative works without Telesocial's approval.

57.  As a result of Defendants' conduct, Telesocial has suffered damages in an amount not yet ascertained. Plaintiff is entitled to recover damages adequate to compensate it in an amount to be determined at trial.

**Count Five: Violation of the California Unfair Competition Law**

**(for unfair and unlawful trade practices)**

**(Against all Defendants)**

58.  Plaintiff realleges and incorporates by reference the above paragraphs of this Complaint, inclusive, as though fully set forth herein.

59.  Within four years preceding the filing of this Complaint, and at all times mentioned herein, Defendants have engaged, and continue to engage, in unfair and unlawful trade practices in California by engaging in the unfair and unlawful business practices described in this Complaint, including, without limitation, the following:

    a.  violating the Computer Fraud and Abuse Act, as described herein;

    b.  violating the California Comprehensive Computer Data Access and Fraud Act;

    c.  violating California Penal Code § 507.7 by obtaining telephone services by fraud. In particular, Defendants knowingly, willfully, and with intent to defraud a person providing telephone service (i.e., Telesocial), avoided, attempted to avoid, and aided,

- 12 -

COMPLAINT FOR VIOLATION OF THE COMPUTER FRAUD AND ABUSE ACT, VIOLATION OF THE CALIFORNIA COMPREHENSIVE COMPUTER DATA ACCESS AND FRAUD ACT, BREACH OF CONTRACT, BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING, AND VIOLATION OF THE CALIFORNIA UNFAIR COMPETITION LAW

CASE NO.

abetted, and caused others to avoid the lawful charge for telephone service (i) by use of a code, prearranged scheme, and/or other similar stratagem or device whereby the Defendants, in effect, sent and/or received information; (ii) by rearranging, tampering with, or making connection with telephone Telesocial's equipment, and/or by using Telesocial's telephone service with knowledge and/or reason to believe that the rearrangement, tampering, or connection existed at the time of the use; and (iii) by using deception, false pretense, trick, scheme, device, conspiracy, and/or means.

60. Defendants engaged in these unfair practices to increase their profits. Accordingly, Defendants have engaged in unlawful trade practices, as defined and prohibited by section 17200, *et. seq.* of the California Business and Professions Code.

61. The aforementioned practices, which Defendants have used to their significant financial gain, also constitute unlawful competition and provide an unlawful advantage over Defendants' competitors as well as injury to the general public.

62. In providing the password to Orange and in maintaining that password on its computer servers, Plaintiff relied on Orange's agreement to use the password only for the purposes of furthering the negotiations between the companies.

63. Plaintiff seeks full restitution of monies, as necessary and according to proof, to restore any and all monies acquired by Defendants from Plaintiff by means of the unfair and/or deceptive trade practices complained of herein, plus interest thereon.

64. The acts complained of herein occurred, at least in part, within four years preceding the filing of this Complaint.

65. As a direct and proximate result of such actions, Plaintiff has suffered and continues to suffer injury in fact and has lost money and/or property as a result of such deceptive, unfair and/or unlawful trade practices and unfair competition in an amount which will be proven at trial, but which is in excess of the jurisdictional minimum of this Court.

- 13 -
COMPLAINT FOR VIOLATION OF THE COMPUTER FRAUD AND ABUSE ACT, VIOLATION OF THE CALIFORNIA COMPREHENSIVE COMPUTER DATA ACCESS AND FRAUD ACT, BREACH OF CONTRACT, BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING, AND VIOLATION OF THE CALIFORNIA UNFAIR COMPETITION LAW
CASE NO.

66. As a direct and proximate result of such actions, Defendants have enjoyed, and continue to enjoy, significant financial gain in an amount which will be proven at trial, but which is in excess of the jurisdictional minimum of this Court.

67. Plaintiff is entitled to and does seek a declaration that the above-described trade practices are unlawful and/or fraudulent.

68. Plaintiff is further entitled to and does seek an injunction to prohibit Defendants from continuing to engage in the unfair trade practices complained of herein, including an injunction prohibiting each Defendant from developing, testing, maintaining, releasing, copying, or distributing any software application containing Telesocial technology, including without limitation Orange's Party Call software application.

**Prayer for Relief**

Plaintiff requests entry of judgment in its favor against each Defendant for the following:

a) An injunction prohibiting each Defendant from developing, testing, maintaining, releasing, copying, or distributing any software application containing Telesocial technology, including without limitation Orange's Party Call software application;

b) An award of damages adequate to compensate Plaintiff for its losses, together with prejudgment and post-judgment interest and costs, in an amount according to proof;

c) An award of attorneys' fees and costs;

d) A Declaration that each Defendant has committed the violations complained of herein;

e) An award of punitive and/or exemplary damages; and

f) An award to Plaintiff of such other costs and further relief as the Court may deem just and proper.

**Demand for Jury Trial**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff requests a trial by jury.

Date:  September 2, 2014                    Submitted By,

                                            COLT / SINGER / BEA LLP


                                            By: /s/ Benjamin L. Singer
                                                Benjamin L. Singer
                                                Renee B. Bea
                                                Douglas S. Tilley

                                                Attorneys for Plaintiff

- 15 -
COMPLAINT FOR VIOLATION OF THE COMPUTER FRAUD AND ABUSE ACT, VIOLATION OF THE CALIFORNIA COMPREHENSIVE COMPUTER DATA ACCESS AND FRAUD ACT, BREACH OF CONTRACT, BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING, AND VIOLATION OF THE CALIFORNIA UNFAIR COMPETITION LAW
CASE NO.