KELLEY DRYE & WARREN LLP
  Daniel Schimmel (*Pro Hac Vice Pending*)
101 Park Ave, 27th Floor
New York, NY 10178
Telephone: (212) 808-7800
Facsimile: (212) 808-7897
dschimmel@kelleydrye.com

KELLEY DRYE & WARREN LLP
  Lee S. Brenner (State Bar No. 180235)
10100 Santa Monica Boulevard
Twenty-Third Floor
Los Angeles, CA 90067-4008
Telephone: (310) 712-6100
Facsimile: (310) 712-6199
lbrenner@kelleydrye.com

Attorneys for Defendants Orange S.A.,
Anne Benrikhi, Dimitri Delmas, Olivier
Godiniaux, Guillaume Guimond,
Fabrice Petesch, and Jacques Viel

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO

| | |
|---|---|
| TELESOCIAL INC.,<br><br>Plaintiff,<br><br>v.<br><br>ORANGE S.A., a French Corporation;<br>ANNE BENRIKHI, an individual;<br>DIMITRI DELMAS, an individual; ANN<br>DORNIER, an individual; OLIVIER<br>GODINIAUX, an individual;<br>GUILLAUME GUIMOND, an individual;<br>FABRICE PETESCH, an individual; and<br>JACQUES VIEL, an individual.<br><br>Defendant. | Case No. 3:14-cv-03985 JD<br><br>Assigned to Hon. James Donato<br><br>**DECLARATION OF DANIEL SCHIMMEL**<br><br>*[Notice of Motion and Motion;<br>Declaration of George Bermann;<br>Declaration of Catherine Le Drogo;<br>Request for Judicial Notice and<br>[Proposed] Order Filed Concurrently<br>Herewith]*<br><br>Date: January 28, 2015<br>Time: 9:30 a.m.<br>Room: 11<br><br>Action Filed: September 2, 2014<br>Trial Date: None Set |

LA01\BrenL\520595.1

DECLARATION OF DANIEL SCHIMMEL

I, Daniel Schimmel, declare as follows:

1. I am a partner at the law firm of Kelley Drye & Warren LLP, counsel for defendant Orange S.A. ("Orange"). I submit this declaration in support of Orange's Motion to Dismiss Telesocial Inc.'s ("TS") Complaint on the grounds of *forum non conveniens* and improper venue.

2. In a decision, dated November 27, 2014, the Paris Commercial Court denied TS's second application seeking pre-action disclosure of documents. TS submitted its first application for the production of these documents on June 4, 2013. The Paris Commercial Court issued an order directing that the documents be seized (the "Production Order"). Orange and TS subsequently litigated before the Paris Commercial Court the subject of whether these documents should be turned over to TS. Pursuant to orders of the Paris Commercial Court, a number of them were produced to TS, and the balance was kept in the custody of a judicial officer in Paris. The Paris Commercial Court ruled that the judge in charge of the merits of TS's case in Paris would decide whether these documents should be produced.

3. On July 1, 2014, the Paris Court of Appeal reversed the Production Order. In its order denying TS's second application for pre-action disclosure, dated November 27, 2014, the Paris Commercial Court ruled that the recent decision of the Paris Court of Appeal precludes TS's second application.

4. It is my understanding that, beginning in 2013, both Orange and TS initiated emergency proceedings in the Paris Commercial Court. These proceedings sought provisional or urgent relief. Even though these proceedings do not constitute actions on the merits, the parties have been engaged in active litigation in Paris, and TS has represented to the Paris Commercial Court that it is

///

///

1 "about to file" its action on the merits in Paris. *See* Ex.. 4, RJN, ¶ 16.[1] TS has
2 similarly represented to the Paris Court of Appeal that "it is currently preparing" a
3 complaint on the merits against Orange in Paris. *See* RJN, Ex. 2 ¶ 95. I
4 understand that there are at this time two appeals pending before the Paris Court of
5 Appeal and an appeal pending before the French Supreme Court in connection
6 with these proceedings, and that the parties have submitted numerous briefs to the
7 Paris courts.

8     5. On November 13, 2014, TS's counsel sent a broad document
9 preservation letter to counsel for the Defendants, identifying 25 custodians. TS's
10 letter is attached hereto as Exhibit A. To my knowledge, only one of them is
11 located in the U.S., and this individual only had a limited involvement with this
12 matter, in or about February 2012, introducing a temporary consultant working for
13 TS to an Orange employee in Paris.

14 I declare under penalty of perjury under the laws of the United States that the
15 foregoing is true and correct.
16 Executed on December 1, 2014, in Paris, France.

                              */s/ Daniel Schimmel*
                              Daniel Schimmel

---

[1] "RJN" references the Request for Judicial Notice that was filed concurrently with Orange's and the individual defendants' Motion to Dismiss.