# Exhibit A

# Exhibit A



Renee B. Bea
Attorney

(415) 500-6079
rbea@coltsinger.com

November 13, 2014

<u>*Via Electronic Mail*</u>

Lee Brenner, Esq.
Kelley Drye & Warren LLP
10100 Santa Monica Blvd., Suite 2300
Los Angeles CA 90067
lbrenner@kelleydrye.com

      Re:  *Telesocial, Inc. v. Orange S.A., et al.*, No. 3:14-cv-03985-JD (N.D. Cal.)

Dear Lee:

I write to advise you and your clients, Orange, S.A., Anne Benrikhi a/k/a Ann Dornier, Dimitri Delmas, Fabrice Petesch, Olivier Godiniaux, Guillaume Guimond, and Jacques Viel (collectively "Defendants"), that Telesocial, Inc.'s ("Telesocial") investigation into the facts surrounding the above-captioned action is ongoing. Telesocial has obtained information indicating that additional employees of Orange S.A., Orange Silicon Valley, Orange Fab, and Facebook, Inc. ("Facebook") may have participated in the events giving rise to this suit or possess information relevant to this case. Based on this investigation, Telesocial is also evaluating whether it may have additional claims against Orange S.A., Orange Silicon Valley, Orange Fab, and/or Facebook arising out of the allegations in the Complaint and from conduct relating to Orange S.A.'s and Orange Silicon Valley's business discussions with Telesocial in 2012.

Accordingly, we must reiterate Defendants' ongoing obligation to preserve all documents potentially relevant to the above-captioned litigation. To comply with their preservation obligations, Defendants must preserve all documents[1] and information in their possession, custody, or control in any way related to:

1)  The allegations and claims in Telesocial's Complaint;

2)  Telesocial or its founders: Bill Waytena and/or Eric Stone;

3)  Telesocial's Call Friends application and related API and SoftSwitch technologies for social calling;

---

[1] For the purposes of this letter, the term "documents" includes both hard copies, such as handwritten notes, and electronic files, including without limitation e-mails and other correspondence, drafts of the same, attachments to the same, calendars, diaries, spreadsheets, word processing documents, presentations, metadata, diagrams, images, sketches, photographs, videos, drawings, product packaging, manuals, CAD files, databases, server logs, and other electronic information. Electronic information may be contained on laptop computers, desktop computers, external hard drives, servers, networks, cloud-based storage, diskettes, CDs, CD-ROMs, flash memory, PDAs, smart phones, tablets, videotapes, DVDs, and other removable storage media/devices.

San Francisco
235 Montgomery Street, Suite 907
San Francisco, CA  94104
P 415-500-6080 | F 415-500-6080

www.coltsinger.com

Silicon Valley
255 Shoreline Drive, Suite 540
Redwood Shores, CA  94065
P 650-887-6650 | F 650-887-6650

Letter to Lee Brenner, Esq.
November 13, 2014
Page 2 of 3

4) Orange S.A.'s correspondence and business dealings with Facebook relating to Telesocial and/or social calling;

5) Orange's VCom and VCom 2 social calling platforms;

6) Orange's social calling applications including, without limitation, "Party Call," "Party Call Lite," and/or "Evercall";

7) Correspondence or communications with and/or relating to any of the following individuals associated with Facebook and/or Facebook's Mobile Division: Dan Rose, Sheryl Sandberg, Henri Moissinac, Aaron Bernstein, Vaughan Smith, Emily White, Hillery Cortez, Fergal Walker, Bruce Hazan, Lior Tal, Vikas Gupta, Adam Wolff, Nicola D'Elia, Paul Francois Fournier and Tony Kamenick;

8) The access of Telesocial's computer servers by employees and/or agents of Orange, Orange Silicon Valley, and/or Facebook from approximately August 31, 2012 to December 19, 2012;

9) The acquisition, use, or dissemination of Telesocial's proprietary and confidential business information by employees and/or agents of Orange S.A., Orange Silicon Valley, and/or Facebook;

10) Defendants', Orange Silicon Valley's, and/or Facebook's efforts to claim the origination, ownership, and/or invention of the concepts, applications, trademarks or technologies that were the subject of discussions among Telesocial and any Defendant in 2012, or any representations made by Defendants regarding the same, including, without limitation, any efforts to trademark the name "Party Call" or "Call Friends" and Orange S.A.'s International Patent Application No. PCT/FR2013/052817; and,

11) Meetings and/or communications among Facebook, Orange S.A., and/or Orange Silicon Valley regarding or relating to any of the above topics.

The time frame relevant to the conduct alleged in the Complaint, and that is presently being investigated by Telesocial, includes December 1, 2011 to the present. The above-listed topics should be construed broadly and Defendants should err on the side of preservation if there is any uncertainty as to whether particular documents or information pertain to the above topics.

As part of Defendants' preservation of relevant documents and information, please suspend any applicable document destruction/deletion procedures and take affirmative steps to retain all relevant documents and information. It may also be necessary to modify email filters, preference settings, or scripts to prevent automatic email deletion; cease the recycling or deletion of backups, computers, servers, or other resources; and/or take additional measures to preserve documents and information. Please also note that relevant documents and information should be preserved in the state in which they are currently being stored in the ordinary course of business, including all applicable metadata.

It is Defendants' responsibility to identify the locations and custodians necessary to preserve the relevant documents and information. Telesocial's investigation is ongoing and not yet complete, but has thus far identified and the following individuals as likely to possess relevant documents

and information: Xavier Perret, Benoit Amet, Pascale Diaine, Yann Kandelman, Catherine Le Drogo-Ferrari, Anne Benrikhi, Dimitri Delmas, Olivier Godiniaux, Guillaume Guimond, Fabrice Petesch, Jacques Viel, Barbara Bobillier, Thomas Lesenchal, Florian de Sa, Antoine Lecoutteux, Guilhem Caumel, Philippe Streiff, Frederic Martelli, Laurent Castaignet, Bertrand Guisnet, Emmanuelle Desodt, Eva Charbonnier, Pauline Hirsch, Anne Julien and/or Sylvian Jaudry.

For the avoidance of doubt, Defendants' preservation obligations would encompass, at a minimum, the scope of documents seized from the offices of Orange S.A. and its subsidiaries in France pursuant to Telesocial's June 4, 2013 Application to the President of the Commercial Court of Paris, France under article 145 of the French Code of Civil Procedure, inclusive of any copies of such documents that are currently in the possession of the bailiffs in charge of executing such seizure (SCP Chevrier de Zitter Asperti), in the event such copies are returned by the bailiffs to the Defendants. Independent of those proceedings, the documents that were subjected to seizure remain under the possession, custody, or control of Defendants and are undoubtedly relevant to the instant lawsuit.

The above information is provided only to aid Defendants in identifying the necessary record locations and custodians; Defendants retain the responsibility of identifying and preserving <u>all</u> relevant documents and information, and of notifying necessary custodians of their obligation to cease any efforts to delete or destroy relevant information.

If you have any questions or concerns regarding this case or Defendants' document preservation obligations, please feel free to contact me.

Sincerely,

Renee B. Bea

CC:        Eric Laut, Counsel for Telesocial