COLT / SINGER / BEA LLP
  Benjamin L. Singer (Bar. No. 264295)
  bsinger@coltsinger.com
  Renee B. Bea (Bar No. 268807)
  rbea@coltsinger.com
  Douglas S. Tilley (Bar No. 265997)
  dtilley@coltsinger.com
235 Montgomery Street, Suite 907
San Francisco, CA 94104
Telephone: (415) 500-6080
Facsimile: (415) 500-6080
*Attorneys for Telesocial, Inc.*

KELLEY DRYE & WARREN LLP
   Lee S. Brenner (State Bar No. 180235)
   lbrenner@kelleydrye.com
10100 Santa Monica Boulevard, 23rd Floor
Los Angeles, CA 90067-4008
Telephone: (310) 712-6100
Facsimile: (310) 712-6199

   Daniel Schimmel (*pro hac vice* pending)
101 Park Avenue
New York, New York 10178
Telephone: (212) 808-7800
Facsimile: (212) 808-7897
*Attorneys for Defendants Orange S.A.,
Anne Benrikhi, Dimitri Delmas, Olivier
Godiniaux, Guillaume Guimond,
Fabrice Petesch, and Jacques Viel.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| TELESOCIAL INC., <br><br> Plaintiffs, <br><br> v. <br><br> ORANGE S.A., a French Corporation; ANNE BENRIKHI, an individual; DIMITRI DELMAS, an individual; ANN DORNIER, an individual; OLIVIER GODINIAUX, an individual; GUILLAUME GUIMOND, an individual; FABRICE PETESCH, an individual; and JACQUES VIEL, an individual, <br><br> Defendants. | CASE NO. 3:14-CV-03985-JD <br><br> **JOINT CASE MANAGEMENT STATEMENT** <br><br> Conference Date: December 10, 2014 <br> Time: 1:30 p.m. <br> Courtroom: 11 |

Pursuant to Rules 16 and 26 of the Federal Rules of Civil Procedure, Civil Local Rule 16-9, the Standing Order for All Judges of the Northern District of California – Contents of the Joint Case Management Statement, the Standing Order for Civil Cases Before Judge James Donato, and this Court's Reassignment Order Setting Case Management Conference (Dkt. No. 9), Plaintiff Telesocial Inc. ("Telesocial") and Defendants Orange S.A. ("Orange"), Anne Benrikhi, Dimitri Delmas, Olivier Godiniaux, Guillaume Guimond, Fabrice Petesch, and Jacque Viel (collectively, "Defendants") (Telesocial and Defendants are referred to collectively as the "Parties") submit this Joint Case Management Statement.

Jurisdiction and Service.

Defendants are evaluating potential challenges to subject matter jurisdiction. Defendants have waived service of process. (Dkt. Nos. 11-17.)

*Defendants' position*: As part of the waiver of service of process, Defendants and Plaintiff agreed that Defendants' response to the complaint was not due until January 20, 2015. Defendants filed their dispositive motion early in order to expedite the process.

Facts.

*Telesocial's Position*.

This action arises from Defendants' forcible theft of Telesocial's proprietary product information and intellectual property. Defendants carried out this theft, in part, by illegally accessing Telesocial's protected servers in Emeryville, California. Telesocial's claims are properly brought in this Court.

Telesocial, founded in San Francisco in 2008, spent years developing a complex software application that enables users of social networks (such as Facebook) to place carrier-based telephone calls to other users through the social networks. Telesocial has also developed an application programming interface ("API") designed to enable third-party programmers to integrate their products with Telesocial's software application in order to utilize the application's social calling features. Telesocial maintained many aspects of its proprietary system and

products as confidential trade secrets, and also acquired a patent covering many aspects of its novel system and products.

Defendant Orange, formerly known as France Télécom, is a French multinational telecommunications corporation. In 2012, Orange expressed an interest in integrating Telesocial's technology into Orange's telecommunications system and software applications. According to Orange, they had been working for ten years to develop technology and products similar to Telesocial's. But where Telesocial had succeeded, *Orange had been an epic failure*. Orange was unable to bring even a single social calling product to market—until they misappropriated Telesocial's product and passed it off as their own.

From April to July 2012, Orange led Telesocial down the primrose path, engaging in what Telesocial believed were good faith business discussions. While Telesocial shared certain confidential information with Defendants, Telesocial steadfastly refused to share the technical "heart and soul" of its innovations. Once Defendants understood that Telesocial would not to tell them the critical information they needed to copy Telesocial's products, they decided to simply take it. Telesocial's records confirm that, in a clear-cut violation of the CFAA, Defendants accessed Telesocial's servers at least *100 times*, through at least *17 separate accounts*, and placed at least *97 long-distance test calls* (totaling *266 minutes*) without Telesocial's authorization. And in direct breach of the Terms of Use they agreed to abide by, Defendants copied, downloaded, translated, and reverse-engineered Telesocial's code—the very information Telesocial refused to surrender to them.

When the theft was complete, Defendants told the world, in a joint announcement with Facebook, that the two companies had jointly developed a new social calling product that was an obvious copy-cat of Telesocial's technology. After ten years of desperate struggle without a shred of success, Orange was able to announce a social calling product *within weeks* of its unauthorized and illegal access of Telesocial's server.

Defendants do not deny what they did, what they took, or the damage they caused to Telesocial; nor can they. Caught red-handed, Defendants instead attempt to evade liability by

arguing that Telesocial's claims belong in France. But none of Telesocial's claims are subject to any forum selection clause. As Plaintiff will demonstrate when it opposes Defendants' Motion to Dismiss, Telesocial's claims do not depend on or require interpretation of the Parties' non-disclosure agreement, much less any analysis regarding the Parties' compliance with the same—which is precisely why that agreement has no bearing on Telesocial's Complaint or the claims alleged therein.

*Defendants' Position*.

Telesocial's lawsuit ignores the mandatory forum selection clause in the parties' contract, which mandates that "[a]ny and all dispute, controversy, claim or question arising out of or relating to the Agreement" be resolved by courts in Paris, France. In its Complaint, Telesocial disclosed neither the existence of this agreement, entered into by Orange and Telesocial on April 25, 2012 (the "Agreement"), nor the fact that judicial proceedings relating to this same dispute between Orange and Telesocial have been pending in Paris for more than a year.

Orange, a leading telecommunications service provider in Europe, had been working for more than ten years, in France, on projects designed to allow individuals to make telephone calls without knowing the recipients' phone numbers. The goal was to protect the privacy of receiving parties. Orange began its work in that field in 2000 and owned relevant patents, including a European patent granted in 2007.

Telesocial, a start-up company with headquarters in California, had developed its own application, called Call Friends, which allowed individuals with U.S. mobile phone numbers to participate in conference calls via Facebook. Orange and Telesocial had an initial meeting at the World Mobile Congress, in Barcelona, in late February 2012. In April 2012, they met twice in Paris and entered into the Agreement to explore a possible relationship. The Agreement made clear that these discussions were exploratory, and that the parties were not obligated to complete a transaction.

Further, the Agreement contained a French governing law provision and a broad mandatory forum selection clause:

GOVERNING LAW AND JURISDICTION
> This Agreement shall be governed by and construed in accordance with French law. Any and all dispute, controversy, claim or question arising out of or relating to the Agreement including the validity, binding effect, interpretation, performance or non-performance thereof shall first be submitted to the respective authorized management representatives of the Parties for discussion in good faith and amicable resolution. In the event the Parties cannot resolve such dispute on an amicable basis within thirty (30) days after the beginning of such discussion and after making their best efforts to do so, then the Parties hereto irrevocably consent that the matter shall be submitted to the Court of Paris (France).

(emphasis added).

Telesocial alleges that it provided Orange with a password that allowed employees of Orange in France to access Telesocial's application in the U.S. According to Telesocial's Complaint, the parties terminated their negotiations regarding a possible relationship on July 31, 2012. Telesocial alleges that, following that date, Orange and the individual defendants continued to access the application using Telesocial's password and obtained information that helped Orange develop its own application named Party Call.

In June 2013, Telesocial brought judicial proceedings in the Paris Commercial Court. These proceedings are based on the same basic factual allegations as the Complaint in this action. In both judicial proceedings, Telesocial alleges that, during the parties' negotiations in 2012, Telesocial provided Orange with confidential information, including a password to access its mobile phone application from France, and that Orange improperly used that information to develop its own application. Telesocial brought the Paris proceedings to obtain pre-action disclosure of documents. In support of its application, it repeatedly represented to the Paris courts that it intends to litigate the merits of the dispute in Paris based on the mandatory forum selection clause in the Agreement. The Paris courts relied on these representations and exercised jurisdiction over Telesocial's petition. Telesocial has engaged in forum shopping by filing this new action with this Court. Tellingly, Telesocial brought this new action two months after it received an adverse ruling from the Paris Court of Appeal on July 1, 2014, which reversed the grant of pre-action disclosure of documents to Telesocial.

Legal Issues.

*Telesocial's Position.*

The legal questions at issue in this case are whether, by unlawfully accessing Telesocial's Emeryville-based network and copying and/or reverse-engineering Call Friends to compete with Telesocial, Defendants:

1. Violated the Computer Fraud and Abuse Act, 18 U.S.C. § 1030;
2. Violated the California Comprehensive Computer Data Access and Fraud Act, Cal. Penal Code § 502;
3. Breached Telesocial's Terms of Use, which Defendants accepted in registering for and accessing their Call Friends accounts;
4. Breached the covenant of good faith and fair dealing implied in Telesocial's Terms of Use;
5. Unfairly competed with Telesocial in violation of Cal. Bus. & Prof. Code § 17200, et seq.;
6. Should be enjoined from developing, testing, maintaining, releasing, copying, or distributing any software application containing technology derived from Telesocial technology; and
7. Are liable to Telesocial for punitive and/or exemplary damages.

*Defendants' Position.*

The legal issues in this case include, but are not limited to:

1. Whether the mandatory forum selection clause in the parties' agreement warrants dismissal of the Complaint based on improper venue
2. Whether principles of *forum non conveniens* warrant dismissal of the Complaint
3. Whether Telesocial is judicially estopped from claiming that the forum selection clause in the parties' Agreement is inapplicable in light of TS's numerous representations to the Paris Commercial Court and the Paris Court of Appeal since 2013.

Motions.  Defendants have filed a motion to dismiss the Complaint for improper venue under Fed. R. Civ. P. 12(b)(3), based on principles of judicial estoppel, and, alternatively, *forum non conveniens* (the "Motion").

Amendment of Pleadings.  Telesocial reserves its right to amend its Complaint to assert additional claims against the existing Defendants, as well as to name additional defendants. Telesocial's investigation in this regard is ongoing.

Evidence Preservation.  Telesocial distributed litigation hold/document preservation notices to Defendants and relevant third parties on November 12 and 13, 2014.  The Parties have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding document preservation issues, including relating to electronically stored information, and have implemented measures to preserve and prevent the loss of potentially relevant information.

Disclosures.  The Parties have not yet exchanged initial disclosures under Fed. R. Civ. P. 26(a).  Pursuant to Rule 26(a)(1)(C), Defendants object that initial disclosures are not appropriate in the action at this time.   Defendants do not believe that disclosures under Rule 26(a) should be required until after determination of the dispositive Motion.  Telesocial sees no basis for the indefinite extension sought by Defendants.  Given their protestations regarding perceived similarities between this case and the French proceedings, Defendants are undoubtedly aware of the information necessary to provide such disclosures.

Discovery.

Telesocial served its First Set of Requests for Production of Documents and Things upon Defendants on December 3, 2014.  The Parties disagree as to whether discovery should proceed.

*Telesocial's Position*.  Discovery should proceed without delay, as the Parties have completed their Rule 26(f) conference.  *See* Fed. R. Civ. P. 26(d).  Defendants' request to delay discovery until resolution of Rule 12 motions—which likely will not be resolved for several months—seeks to unreasonably frustrate the just and speedy resolution of this matter.  That certain documents may be located overseas is no basis to bar Telesocial from pursuing its claims;

Defendants do not and cannot dispute that they have a legal right to obtain such documents upon demand and therefore maintain custody and control over such information.

Telesocial intends to pursue discovery regarding, *inter alia*, Defendants' hacking of and otherwise unauthorized access to Telesocial's servers based in Emeryville, California; the damage caused by Defendants' conduct including, without limitation, the scope of proprietary and confidential information that was copied, misused, or otherwise misappropriated in connection with Defendants' hacking; the identities of additional parties who may have contributed to, induced, encouraged, or otherwise participated in Defendants' unlawful activities, including Defendants' communications with such third parties; and Defendants' finances for purposes of determining appropriate punitive or exemplary damages.

Telesocial has sought to meet and confer with Defendants, as required by this Court's Standing Orders and Reassignment Order Setting CMC (Dkt. No. 9), regarding (a) a stipulated protective order intended to shield from unnecessary disclosure confidential, proprietary, or otherwise private information belonging to the Parties or to third parties, and including a "clawback" provision to permit the Parties to timely assert attorney-client privilege or attorney work-product protections following disclosure of qualifying materials; (b) a stipulated request to modify Fed. R. Civ. P. 30(a)(2)(A)(i) to permit the Parties to take more than 10 depositions so as to facilitate meaningful discovery and an informed merits adjudication; and (c) a mutually acceptable protocol for the production and exchange of electronically stored information ("ESI"). As Defendants have refused Telesocial's invitations, Telesocial respectfully requests an Order directing Defendants to meet and confer regarding these fundamental issues.

*Defendants' Position.*

Telesocial did not advise this Court of the existence of the Agreement containing the forum selection clause nor that proceedings in Paris have been pending since 2013. Telesocial attempts to circumvent the French judicial process. In light of the pending dispositive Motion, Defendants believe that discovery on the merits should be stayed until determination of that Motion. Defendants also note that the parties stipulated that Defendants had until January 20,

2015 to respond to Plaintiff's Complaint, so it is unclear why Telesocial would urge discovery before that time has elapsed.

Defendants also note that documents are maintained in foreign jurisdictions, and subject to international treaty, foreign privacy laws, and other statutes, such as (i) the Hague Convention, (ii) the Directive 96/46/EC of the European Parliament and of the Council dated October 24, 1995, (iii) French Law No. 78-17 of 6 January 1978 on Data Processing, Data Files and Individual Liberties, as amended by Law 2004-801, of 6 August 2004 relating to the Protection of Data Subjects as Regards the Processing of Personal Data, and (iv) French Law No. 68-678 of 27 July 1968, amended by Law No. 80-538.

Additionally, on November 13, 2014, Telesocial's counsel sent a broad document preservation letter to counsel for the Defendants, identifying 25 custodians. Only one of them is located in the U.S., and this individual only had a limited involvement with this matter, in or about February 2012, introducing a temporary consultant working for Telesocial to an Orange employee in Paris.

The French proceedings have been pending for more than a year. On November 27, 2014, the Paris Commercial Court denied Telesocial's second application for pre-action disclosure of documents. Telesocial attempts to circumvent the French litigation process by seeking substantially the same discovery in this action.

Contrary to Plaintiff's contention, Defendants have not refused to meet and confer regarding any matters whatsoever, but rather simply disagree with Plaintiff's assertion that discovery should proceed while a dispositive motion is pending. Defendants filed their dispositive motion over a month and a half early in order to have the dispositive issue resolved in an expedited fashion.

As Defendants' counsel informed Plaintiff's counsel on November 19, 2014, if the dispositive motion is denied, Defendants would agree that a protective order, claw back provision and ESI protocol would be appropriate.

1    Class Actions.  This matter is not a class action.

2    Related Cases.

3    *Telesocial's Position.*

4    There are no related cases within the meaning of Civil Local Rule 3-12.  The French
5    proceedings to which Defendants repeatedly refer involve questions of fact and law materially
6    different from those at issue in this case.

7    *Defendants' Position.*

8    There are a number of related proceedings that have been or are currently pending in
9    France that relate to the same basic factual allegations as the Complaint in this action. In June
10   2013, Telesocial made a first application to the Paris Commercial Court.  On September 25,
11   2014, Telesocial made a second application to the Paris Commercial Court.  Further, TS has
12   represented to the Paris courts that it is "about to file" an action on the merits in Paris based on
13   the same basic facts.  See Ex. 4, RJN, ¶ 16. Ex. 2 ¶ 95 (Dkt No. 26).  Additionally, there are at
14   this time two appeals pending before the Paris Court of Appeal and an appeal pending before the
15   French Supreme Court in connection with the proceedings brought by TS and Orange in Paris
16   since 2013. See Defendants' Request for Judicial Notice, filed December 1, 2014 (Dkt. No. 26);
17   Defendants' Notice of Motion and Motion (Dkt. No. 21 at p. 9-11).

18   Relief.  Telesocial seeks compensatory, punitive, and injunctive relief for Defendants'
19   unlawful conduct as set forth in Telesocial's Complaint.

20   Settlement and ADR.  The Parties have met and conferred and are unable to agree to an
21   ADR procedure.

22   *Telesocial's Position.*  Telesocial's preferred ADR procedure is mediation, though
23   Telesocial is willing to consider other proposals.

24   *Defendants' Position.*  Defendants believe that any ADR Phone Conference should be
25   postponed while the current motion practice is pending.

26

27

28

Consent to Magistrate Judge For All Purposes. On September 24, 2014, Telesocial filed a declination to proceed before a magistrate judge. (Dkt. No. 6.) On September 25, 2014, this matter was reassigned to the Hon. James Donato. (Dkt. No. 9.)

Other References. This case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

Narrowing of Issues. At this time, the Parties do not foresee bifurcating any issues, claims, or defenses. As the case progresses, the Parties will endeavor to narrow certain issues by stipulating to facts and by bringing dispositive motions.

Expedited Trial Procedure. This case is not suitable for Expedited Trial under General Order No. 64.

Scheduling.

*Telesocial's Position*. Telesocial in no way consents to Defendants' request to indefinitely postpone discovery. Telesocial instead proposes the following scheduling framework in accordance with the Standing Order for Civil Cases Before Judge James Donato:

| Event | Deadline[1] |
|---|---|
| Exchange Initial Disclosures | February 3, 2015 |
| Last Day to Amend Pleadings | March 6, 2015 |
| Fact Discovery Cutoff | September 4, 2015 |
| Expert Discovery Cutoff | February 5, 2015 |
| Last Day to File Dispositive Motions | December 16, 2015 |
| Last Day to Oppose Dispositive Motions | January 13, 2016 |
| Last Day to File Dispositive Motion Replies | January 27, 2016 |
| Dispositive Motion Hearing | March 9, 2016 at 9:30 a.m. |
| Final Pretrial Conference | April 29, 2016 at 3:00 p.m. |
| Trial | May 20, 2016 |

*Defendants' Position*.

In light of the pending Motion, Defendants contend that the scheduling of discovery should be postponed until after determination of the Motion.

---

[1] All stated deadlines assume that the initial Case Management Conference will proceed on December 10, 2014.

JOINT CASE MANAGEMENT STATEMENT
CASE NO. 3:14-CV-03985-JD                 11

1      Trial. Telesocial anticipates that a jury trial will take approximately two weeks. Given the number of witnesses and custodians identified by Telesocial, Defendants believe that the trial may take longer than two weeks.

     Disclosure of Non-Party Interested Entities or Persons. On November 11, 2014, Telesocial filed its (a) Certification of Interested Parties pursuant to Civil Local Rule 3-15, and (b) Corporate Disclosure Statement pursuant to Fed. R. Civ. P. 7.1. (Dkt. Nos. 18, 19.) On December 1, 2014, Defendants filed (a) Certification of Interested Parties pursuant to Civil Local Rule 3-15, and (b) Corporate Disclosure Statement pursuant to Fed. R. Civ. P. 7.1

     Professional Conduct. All attorneys of record for the Parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

     Other Matters. There are no matters at this time that may facilitate the just, speedy, and inexpensive resolution of this matter.

Date: 12/3/2014                         Submitted By,

                                              COLT / SINGER / BEA LLP

                                              By:  /s/ Benjamin L. Singer
                                                      Benjamin L. Singer
                                                      Renee B. Bea
                                                      Douglas S. Tilley
                                                      *Attorneys for Telesocial, Inc.*

                                              KELLEY DRYE & WARREN LLP

                                              By:  /s/ Lee Brenner
                                                      Lee Brenner
                                                      Daniel Schimmel
                                                      *Attorneys for Defendants*

## **L.R. 5-1(i) ATTESTATION**

I, Douglas S. Tilley, am the ECF user whose ID and password are being used to file the Parties' JOINT CASE MANAGEMENT STATEMENT. In compliance with Local Rule 5-1(i), I hereby attest that Ana Correa, counsel for Defendants, has concurred in this filing.

/s/Douglas S. Tilley
Douglas S. Tilley
