**KELLEY DRYE & WARREN LLP**

A LIMITED LIABILITY PARTNERSHIP

**10100 SANTA MONICA BOULEVARD**

**TWENTY-THIRD FLOOR**

**LOS ANGELES, CA 90067-4008**

(310) 712-6100

NEW YORK, NY
WASHINGTON, DC
CHICAGO, IL
STAMFORD, CT
PARSIPPANY, NEW JERSEY

BRUSSELS, BELGIUM

AFFILIATE OFFICE
MUMBAI, INDIA

FACSIMILE
(310) 712-6199
www.kelleydrye.com

LEE S. BRENNER
DIRECT LINE: (310) 712-6125
EMAIL: lbrenner@kelleydrye.com

January 29, 2015

VIA E-FILING (COURTESY COPY VIA FED-EX)

Judge James Donato
San Francisco Courthouse
450 Golden Gate Ave., Courtroom 11, 19th Floor
San Francisco, CA 94102

Re: **Telesocial Inc. v. Orange S.A. et al., No. 3:14-cv-03985 JD (N.D. Cal.)**

Dear Judge Donato:

Pursuant to the Court's Standing Order for Discovery in Civil Cases, Defendants Orange S.A., Anne Benrikhi, Dimitri Delmas, Olivier Godiniaux, Gilliaume Guimond, Fabrice Petesch and Jacques Viel (collectively, "Defendants") respectfully submit this letter on two separate, but related issues. Defendants seek an order staying discovery until the Court decides the pending motion to dismiss for *forum non coveniens* ("MTD"), which is currently under submission.

And separately, if the Court is not inclined to grant a stay, Defendants respectfully request that it extend the discovery deadlines to provide Defendants with the time necessary to comply with E.U. and French privacy laws to produce documents in the U.S., among other timing considerations set forth below. The parties met and conferred telephonically on January 27, 2015 to discuss these issues.

### A. Motion To Stay Discovery While The MTD Remains Under Submission

District courts have discretion to stay discovery for good cause. *See Jarvis v. Regan*, 833 F.2d 149, 155 (9th Cir. 1987). Courts in the Northern District of California apply a two-part test to evaluate a motion to stay discovery during the pendency of a dispositive motion. The pending motion must be potentially dispositive of the entire case and not require discovery. *Gibbs v. Carson*, 2014 WL 172187, at *3 (N.D. Cal. Jan. 15, 2014). Defendants' pending MTD satisfies both requirements.

The parties have submitted all their papers and the Court has taken the MTD under submission. The Supreme Court has recognized the wisdom of limiting discovery where a motion to dismiss for *forum non conveniens* is pending. *See Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 258

3826426

**KELLEY DRYE & WARREN LLP**

Judge James Donato
Page Two

(1981) ("Requiring extensive investigation would defeat the purpose of the[] motion.") The "very nature and purpose of the *forum non conveniens* doctrine precludes unlimited discovery." *Nai-Chao v. Boeing Co.*, 555 F.Supp. 9, 11 n.2 (N.D. Cal. 1982) (quoting *Piper Aircraft*). These concerns are particularly salient here as Defendants have already incurred substantial discovery-related expenses which will only increase – all of which will be rendered a waste if the court grants the motion.[1] Accordingly, both questions are answered in the affirmative, warranting a stay of discovery. *See, e.g., Hamilton v. Rhoads*, 2011 WL 5085504, at *1 (N.D. Cal. Oct. 25, 2011).

**B.    And Separately, To Avoid Prejudice To Any Party, Defendants Request That The Court Extend The Discovery Deadlines So That Defendants May Comply With Their Obligations Under E.U. And French Data Privacy Laws, Among Other Issues Affecting Timing**

International comity requires an "analysis of the respective interests of the foreign and the requesting nation." *Societe Nationale Industrielle Aerospatiale v. U.S. Dist. Ct. for the S. Dist. of Iowa*, 482 U.S. 522, 523 (1987). As the Supreme Court explained, courts should "demonstrate due respect for any special problem confronted by the foreign litigant on account of its nationality, or the location of its operations, and for any sovereign interest expressed by a foreign state." *Id.* at 540-47; *In re Cathode Ray Tube (CRT) Antitrust Litig.*, 2014 WL 1247770, at *2 (N.D. Cal. Mar. 26, 2014) (citing *Aerospatiale*). Based on these principles, courts have held that foreign data privacy laws reflect a legitimate interest and should be accommodated during discovery.[2]

Defendants are subject to E.U. and French data privacy laws. French data privacy laws require, among other things, that a French litigant seek the approval of the French regulator before

---

[1] *See Sinochem Int'l Co. Ltd. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 435 (2007). *Beekmans v. J.P. Morgan & Co.*, 945 F. Supp. 90, 95 (S.D.N.Y. 1996) (citing *Piper Aircraft*); *Vivendi v. T-Mobile USA, Inc.*, 2007 WL 1168819, at * 2 (W.D. Wash 2007); *Niv v. Hilton Hotels Corp.*, 2007 WL 510113, at * 2 (S.D.N.Y. 2007) ("Thus, if the motion is granted and the action litigated in a forum in the Middle East, full merits discovery in this forum is likely to result in avoidable inefficiencies and pointlessly duplicative efforts."); *Transunion Corp. v. Pepsico, Inc.*, 811 F.2d 127, 130 (2nd Cir. 1987); *Marra v. Papandreou*, 33 F.Supp.2d 17, 19-20; *Seagal v. Vorderwuhlbecke*, 162 Fed. Appx. 746, 748 (9th Cir. 2006); *Kirsh v. Liberty Media Corp.*, 2006 WL 3247363, at * 10 (S.D.N.Y. 2006) ("Permitting the extensive discovery requested would only encourage 'the filing of suits in a forum known to be inconvenient, under hopes of being guaranteed certain procedural advantages in conjunction with a dismissal order' and would serve 'only to waste valuable judicial resources, and further congest an already crowded docket.'") (citation omitted). Defendants believe the MTD should be granted under, among other authorities, *Atlantic Marine Constr. Co. v. U.S. Dist. Court for the W. Dist. of Texas*, 134 S.Ct. 568 (2013), *Simula Inc v. Autoliv, Inc.*, 175 F.3d 716, 724-25 (9th Cir. 1999), and French law on the scope of the forum selection clause in this case.

[2] *See In re Vitamins Antitrust Litig.*, 2001 WL 1049433, at *9 (D.D.C. Jun. 20, 2001); *In re Baycol Prods. Litig.*, 2003 WL 22023449, at *6 (D. Minn. Mar. 21, 2003); *Salerno v. Lecia, Inc.*, 1999 WL 299306, at *3 (W.D.N.Y. Mar. 23, 1999).

3826426

**KELLEY DRYE & WARREN LLP**

Judge James Donato
Page Three

transferring massive amounts data to the U.S. *See* Deliberation 2009-474 of 23 July 2009 Concerning Recommendations for the Transfer of Personal Data in the Context of American Discovery Proceedings, at Art. 9.

Defendants do not seek to withhold any documents on the basis of these laws. To the contrary, they immediately took the necessary steps to respond to plaintiff's document requests. These steps require compliance with data privacy laws, which are enforced under penalty of sanctions. In December 2014, Orange filed an application with the French data privacy regulator seeking its approval to produce documents in the U.S. Orange is awaiting permission and expects that it will be granted, especially if the personal data of the current and former employees and interns is protected in the litigation with a suitable protective order.

Meanwhile, recognizing that there is no stay in this action, Defendants have made significant efforts to move this case forward. Following the December 10, 2014 Case Management Conference in this matter, Plaintiff amended its complaint to add a trade secret claim and five new defendants, making it a total of twelve defendants. Each of those new defendants have waived service, and their responses are not due for several months from now. In the interim, Defendants have worked with Plaintiff to finalize the ESI Protocol and Protective Order and are also conferring with Plaintiff with regard to its trade secret designations pursuant to section 2019.210 of the California Code of Civil Procedure. Defendants have identified about 40 custodians in France who may have information regarding this lawsuit. Defendants' third party service provider has made numerous visits to nine locations in France to image hard drives, server data, mobile phones, and additional potentially responsive data at a cost exceeding $35,000. Moreover, four in-person meetings occurred in Paris with outside counsel to review and supervise these operations, as well as numerous phone calls. The legal fees for discovery-related matters amount to approximately $90,000.

There are other timing concerns as well: the responsive documents here will be in French which, in turn, will necessarily slow down the review process by American counsel. Defendants wanted to bring this issue to the Court's attention and respectfully request that, if a stay is not granted, the Court provide an extension of time necessary to ensure that Defendants do not run afoul of either the Court's deadlines or foreign data privacy laws. In connection with this letter, Defendants request a telephonic conference for the parties to discuss these issues with the Court.

Respectfully submitted,

D. Schimmel

Daniel Schimmel
of KELLEY DRYE & WARREN LLP
Attorneys for Defendants Orange S.A., Anne Benrikhi,
Dimitri Delmas, Olivier Godiniaux, Gilliaume
Guimond, Fabrice Petesch and Jacques Viel

3826426