| | |
|---|---|
| COLT / SINGER / BEA LLP<br>  Benjamin L. Singer (Bar. No. 264295)<br>  bsinger@coltsinger.com<br>  Renee B. Bea (Bar No. 268807)<br>  rbea@coltsinger.com<br>  Douglas S. Tilley (Bar No. 265997)<br>  dtilley@coltsinger.com<br>235 Montgomery Street, Suite 907<br>San Francisco, CA 94104<br>Telephone:   (415) 500-6080<br>Facsimile:    (415) 500-6080<br><br>*Attorneys for Plaintiff Telesocial, Inc.* | KELLEY DRYE & WARREN LLP<br>  Lee S. Brenner (State Bar No. 180235)<br>  lbrenner@kelleydrye.com<br>  Catherine D. Lee (State Bar No. 258550)<br>  clee@kelleydrye.com<br>10100 Santa Monica Boulevard, 23rd Floor<br>Los Angeles, CA 90067-4008<br>Telephone:   (310) 712-6100<br>Facsimile:    (310) 712-6199<br><br>  Daniel Schimmel (*pro hac vice*)<br>  dschimmel@kelleydrye.com<br>101 Park Avenue<br>New York, New York 10178<br>Telephone:   (212) 808-7800<br>Facsimile:    (212) 808-7897<br><br>*Attorneys for Defendants Orange S.A.,*<br>*Anne Benrikhi, Dimitri Delmas, Olivier*<br>*Godiniaux, Guillaume Guimond,*<br>*Fabrice Petesch, Jacques Viel,*<br>*Thomas Lesenchal, Florian de Sa, and*<br>*Antoine LeCoutteux* |

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| TELESOCIAL INC.,<br><br>             Plaintiff,<br>v.<br><br>ORANGE S.A., a French Corporation; ANNE BENRIKHI, an individual; DIMITRI DELMAS, an individual; OLIVIER GODINIAUX, an individual; GUILLAUME GUIMOND, an individual; FABRICE PETESCH, an individual; JACQUES VIEL, an individual; BARBARA BOBILLIER, an individual; THOMAS LESENECHAL, an individual; FLORIAN DE SA, an individual; ANTOINE LECOUTTEAUX, an individual; and SYLVIAN JAUDRY, an individual,<br><br>             Defendants. | CASE NO. 3:14-CV-03985-JD<br><br>**STIPULATION AND ORDER REGARDING PRODUCTION OF ELECTRONICALLY STORED INFORMATION**<br><br>Filing Date:  September 2, 2014<br>Trial Date:   December 7, 2015 |

1. **PURPOSE**

This Order will govern discovery of electronically stored information ("ESI") in this case as a supplement to the Federal Rules of Civil Procedure, this Court's Guidelines for the Discovery of Electronically Stored Information, and any other applicable orders and rules.

2. **COOPERATION**

The parties are aware of the importance the Court places on cooperation and commit to cooperate in good faith throughout the matter consistent with this Court's Guidelines for the Discovery of ESI.

3. **LIAISON**

The parties have identified liaisons to each other who are and will be knowledgeable about and responsible for discussing their respective ESI. Each e-discovery liaison will be, or have access to those who are, knowledgeable about the technical aspects of e-discovery, including the location, nature, accessibility, format, collection, search methodologies, and production of ESI in this matter. The parties will rely on the liaisons, as needed, to confer about ESI and to help resolve disputes without court intervention.

4. **PRESERVATION**

The parties have discussed their preservation obligations and needs and agree that preservation of potentially relevant ESI will be reasonable and proportionate. To reduce the costs and burdens of preservation and to ensure proper ESI is preserved, the parties agree that:

a) Only ESI created or received between December 1, 2011 and September 2, 2014 need be preserved.

b) The parties have exchanged or will exchange a list of the types of ESI they believe should be preserved and the custodians, or general job titles or descriptions of custodians, for whom they believe ESI should be preserved, e.g., "HR head," "scientist," and "marketing manager." The parties shall add or remove custodians in good faith, as reasonably necessary.

c) The parties will agree on the number of custodians per party for whom ESI will be preserved. However, Orange has informed Telesocial that Sylvain Jaudry does not exist. Orange has also taken steps to locate and preserve evidence relating to former interns Barbara Bobillier, Thomas Lesenechal and Florian De Sa.

d) Among the sources of data the parties agree are not reasonably accessible, the parties agree not to preserve the following: custodians' personal photographs that are unrelated to Telesocial or meetings relating to Telesocial.

5. **SEARCH**

The parties agree that as soon as practicable after receipt of a request for production or inspection under Fed. R. Civ. P. 34, they will meet and confer in good faith about methods to search ESI in order to identify ESI that is subject to production in discovery and filter out ESI that is not subject to discovery including, without limitation, by agreeing on search terms to be applied to the collection and review of ESI, custodians and other ESI sources subject to production, and/or relevant time periods subject to production. The parties further agree to meet and confer in good faith regarding any modification of the list of search terms, custodians, sources, and/or relevant time period.

6. **PRODUCTION FORMATS**

The parties agree to produce all ESI in tiff form and subject to the requirements set forth below. If particular documents warrant a different format, the parties will cooperate to arrange for the mutually acceptable production of such documents. For example, any excel spreadsheets will be produced in native form. The parties agree that regardless of the particular format used, all available metadata (including but not limited to the metadata fields set forth in Attachment A hereto) for each document shall be produced. The parties agree not to degrade the searchability of documents, or to convert documents from the form in which they are ordinarily maintained or currently exist into a form that is less usable or more difficult or burdensome to review, as part of the document production process.

A. **Redaction.** For any responsive ESI that is produced in redacted form, the Parties shall use suitable techniques and methods of redaction to preserve the integrity of the ESI while protecting information subject to redaction.

B. **Production Media.** The Producing Party shall produce documents on readily accessible computer or electronic media as the Parties may hereafter agree upon, including CD-ROM, DVD, or via a secure FTP server ("Production Media"). Each piece of Production Media shall be assigned a reference number or other unique identifying label corresponding to the date of the production of documents on the Production Media as well as the sequence of the material in that production. Production Media shall include text referencing the case name and number. Further, any replacement Production Media shall cross-reference the original Production Media and clearly identify that it is a replacement and cross-reference the document number range that is being replaced.

C. **Preservation of Original Documents.** The Producing Party shall retain native electronic source documents for all ESI produced in this Litigation until the conclusion of this Litigation, including resolution of any appeals. The Producing Party shall take all reasonable measures to maintain the original native electronic source documents in a manner so as to preserve the metadata associated with these electronic materials as it existed at and before the time of production in the event review of such metadata becomes necessary. In addition, the Producing Party or its vendor shall maintain a cross-reference file from the original documents to the production set of documents.

D. **Appearance and Content.** No document may be intentionally manipulated to change how the source document would have appeared if printed out to a printer attached to a computer viewing the file. Therefore, subject to any appropriate redaction, each document's electronic image shall convey the same information and image as the original document. Tracked changes and embedded content should be shown when present, hidden content should be revealed prior to production, and all date, time, and path fields should be populated with field codes instead of current data. Responsive ESI that presents imaging or formatting problems shall be promptly identified; the Parties shall meet and confer in an attempt to resolve the problems.

7. **PHASING**

When a party propounds discovery requests pursuant to Fed. R. Civ. P. 34, the parties agree to prioritize the production of ESI from the following sources and custodians: Benoit Amet, Xavier Perret, Catherine Le Drogo Ferrari, Olivier Godinaux, Bill Waytena, and Eric Stone. The parties further agree to meet and confer in good faith regarding the prioritization and/or phasing of production of ESI in response to Fed. R. Civ. P. 34 requests according to date ranges. The parties will also meet and confer regarding sharing expenses concerning discovery.

8. **DOCUMENTS PROTECTED FROM DISCOVERY**

a) Pursuant to Fed. R. Evid. 502(d), the production of a privileged or work-product-protected document, whether inadvertent or otherwise, is not a waiver of privilege or protection from discovery in this case or in any other federal, state or foreign proceeding. For example, the mere production of privileged or work-product-protected documents in this case as part of a mass production is not itself a waiver in this case or in any other federal, state or foreign proceeding.

b) When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).

c) Privileged communications involving counsel of record in this action that post-date the filing of the complaint need not be placed on a privilege log. The parties will meet and confer in good faith with regard to the necessity of logging privileged documents that relate to other foreign or domestic litigation proceedings. Communications should be identified on a privilege log in conformance with Paragraph 7 of Judge Donato's Standing Order Regarding Civil Discovery dated April 25, 2014. This order shall not constitute a waiver of any party's right to request a more detailed privilege log or to raise other issues with respect to a privilege log.

9. **MODIFICATION**

This Stipulated Order may be modified by a Stipulated Order of the parties or by the Court for good cause shown.

//

//

//

//

//

10.  **SUBJECT TO PROTECTIVE ORDER**

Documents produced under this stipulation may also be subject to the Protective Order regarding confidential information.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Date: 2/27/2015

Submitted By,

COLT / SINGER / BEA LLP

By: _____
Benjamin L. Singer
Renee B. Bea
Douglas S. Tilley
*Attorneys for Telesocial, Inc.*

KELLEY DRYE & WARREN LLP

By: _____
Lee Brenner
Daniel Schimmel (*pro hac vice*)
Catherine D. Lee
*Attorneys for Defendants Orange S.A., Anne Benrikhi, Dimitri Delmas, Olivier Godiniaux, Guillaume Guimond, Fabrice Petesch, Jacques Viel, Thomas Lesenchal, Florian de Sa, and Antoine LeCoutteux*

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED: 3/2/15

HON. JAMES [GRANTED — Judge James Donato]
UNITED STATES DISTRICT JUDGE

STIPULATED ESI ORDER
CASE NO. 3:14-CV-03985-JD
LA01\LEECA\521116.1

6

**L.R. 5-1(i) ATTESTATION**

I, Renee B. Bea, am the ECF user whose ID and password are being used to file the Parties' STIPULATED PROTECTIVE ORDER.  In compliance with Local Rule 5-1(i), I hereby attest that Lee Brenner, counsel for Defendants, has concurred in this filing.

/s/ Renee B. Bea