| | |
|---|---|
| WARREN LEX LLP<br>Matthew S. Warren (Cal. Bar No. 230565)<br>Patrick M. Shields (Cal. Bar No. 204739)<br>Erika H. Mayo (Cal. Bar No. 295570)<br>2261 Market Street, No. 606<br>San Francisco, California, 94114<br>14-3985@cases.warrenlex.com<br>+1 (415) 895-2940<br>+1 (415) 895-2964 facsimile | COLT / SINGER / BEA LLP<br>Benjamin L. Singer (Cal. Bar No. 264295)<br>bsinger@coltsinger.com<br>Renee B. Bea (Cal. Bar No. 268807)<br>rbea@coltsinger.com<br>Douglas S. Tilley (Cal. Bar No. 265997)<br>dtilley@coltsinger.com<br>601 Montgomery Street, Suite 1950<br>San Francisco, California, 94111<br>+1 (415) 500-6080<br>+1 (415) 500-6080 facsimile |

*Attorneys for Plaintiff Telesocial Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| TELESOCIAL INC.,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ORANGE S.A., a French Corporation;<br>ANNE BENRIKHI, an individual;<br>DIMITRI DELMAS, an individual;<br>OLIVIER GODINIAUX, an individual;<br>GUILLAUME GUIMOND, an individual;<br>FABRICE PETESCH, an individual;<br>JACQUES VIEL, an individual;<br>BARBARA BOBILLIER, an individual;<br>BENOIT AMET, an individual;<br>THOMAS LESENECHAL, an individual;<br>FLORIAN DE SA, an individual;<br>ANTOINE LECOUTTEUX, an individual;<br>and SYLVAIN JAUDRY, an individual,<br><br>　　　　Defendants. | CASE NO. 3:14-CV-3985-JD<br><br>**NOTICE OF MOTION AND MOTION OF PLAINTIFF TELESOCIAL INC. TO STRIKE DEFENDANTS' AFFIRMATIVE DEFENSES; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date:　　Wednesday, July 15, 2015<br>Time:　　9:30 a.m. PDT<br>Courtroom:　11<br>Judge:　　Hon. James Donato |

TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on Wednesday, July 15, 2015, at 9:30 a.m. PDT, or as soon thereafter as the matter may be heard, in Courtroom 11 of the United States District Court, Northern District of California, 450 Golden Gate Avenue, San Francisco, California, Plaintiff Telesocial Inc. will move this Court for an Order striking the First through Twentieth Affirmative Defenses of Defendants Orange S.A., Anne Benrikhi, Dimitri Delmas, Ann Dornier, Olivier Godiniaux, Guillaume Guimond, Fabrice Petesch, Jacques Viel, Florian De Sa, Barbara Bobillier, Benoit Amet, Thomas Lessenechal, and Antoine Lecoutteux (collectively, the "Defendants"), without leave to amend.

Telesocial makes this Motion based on this Notice of Motion, the accompanying Memorandum of Points and Authorities, the pleadings, records, and files of this action, and any oral argument on this matter heard by the Court.

Date:   June 5, 2015                    Respectfully submitted,

                                        /s/ Matthew S. Warren
                                        _____
                                        Matthew S. Warren (Cal. Bar No. 264295)
                                        Patrick M. Shields (Cal. Bar No. 204739)
                                        Erika H. Mayo (Cal. Bar No. 295570)
                                        14-3985@cases.warrenlex.com
                                        WARREN LEX LLP
                                        2261 Market Street, No. 606
                                        San Francisco, California, 94114
                                        +1 (415) 895-2940
                                        +1 (415) 895-2964 facsimile

                                        Benjamin L. Singer (Cal. Bar No. 264295)
                                        bsinger@coltsinger.com
                                        Renee B. Bea (Cal. Bar No. 268807)
                                        rbea@coltsinger.com
                                        Douglas S. Tilley (Cal. Bar No. 265997)
                                        dtilley@coltsinger.com
                                        COLT / SINGER / BEA LLP
                                        601 Montgomery Street, Suite 1950
                                        San Francisco, California, 94111
                                        +1 (415) 500-6080
                                        +1 (415) 500-6080 facsimile

                                        *Attorneys for Telesocial Inc.*

## MEMORANDUM OF POINTS AND AUTHORITIES

### INTRODUCTION

The purpose of litigation pleadings is to provide fair notice of each party's claims and defenses to all other parties. Enforcing this principle—recently and squarely reaffirmed by the Supreme Court in *Twombly* and *Iqbal*—the law of this District bars litigants from asserting boilerplate affirmative defenses that merely recite legal conclusions, without providing explanation or supporting facts. Defendants to this action, however, have done just that. Despite having a luxurious six months to take discovery and prepare their Answer, Defendants responded to Telesocial's First Amended Complaint with a lengthy but half-baked list of twenty "affirmative defenses." These "defenses" are nothing more than mechanical recitations of legal doctrines. None is longer than one sentence—except the twentieth "affirmative defense," which merely reserves the right to assert other, as-yet-undetermined defenses. None meets the standard of *Twombly*, *Iqbal*, and this Court: giving fair notice of the factual and legal basis for Defendants' assertions. The Court should strike Defendants' affirmative defenses in their entirety. Moreover, because allowing leave to amend at this late date would reward Defendants for their litigation gamesmanship and prejudice Telesocial, the Court should also deny Defendants leave to amend.

### BACKGROUND

Nine months ago, on September 2, 2014, Telesocial filed its Complaint commencing this action. Docket No. 1. On December 1, 2014, Defendants moved to dismiss the Complaint (Docket No. 21); under Fed. R. Civ. P. 15(a)(1)(B), Telesocial responded by filing its First Amended Complaint on December 15, 2014. Docket No. 37. On December 23, 2014, Defendants moved to dismiss the First Amended Complaint. Docket No. 46. The parties completed briefing and, on April 28, 2015, the Court denied Defendants' motion. Docket No. 85.

On May 12, 2015, Defendants finally answered Telesocial's First Amended Complaint. Docket No. 94. Although Defendants' motions to dismiss bought them six months to review the First Amended Complaint, investigate internally the facts supporting their claims and defenses, and take discovery from Telesocial—actually, more than nine months including Telesocial's

1  original complaint—and although Defendants dreamed up a generous twenty affirmative defenses,
2  they provided only a bare-bones pleading, purporting to assert each of these defenses without
3  supporting or even explaining them.  Docket No. 94 at 10-13.  Defendants' first two affirmative
4  defenses, for example, claim only that Telesocial's claims are "barred by the doctrine of waiver"
5  and "barred by the doctrine of estoppel," without providing any explanation of what Telesocial
6  waived or how Telesocial was estopped—indeed, without providing anything beyond recitation of
7  those words.  *Id.* at 10:9-12.  Defendants' third affirmative defense is even more telling:  "Plaintiff
8  is not entitled to relief to the extent that Plaintiff caused its own damages or injuries, if any."  *Id.* at
9  10:15-16.  Defendants do not articulate how Telesocial "caused its own damages or injuries" and,
10 indeed, reserve the possibility that this did not happen at all.  *Id.*

11    Defendants' remaining affirmative defenses fail for the same reason:  they recite only
12 hollow assertions of legal doctrines.  *Id.* at 10:17 to 13:1.  Defendants close with an attempt to
13 "reserve the right to assert additional defenses" at some future time, untethered to the deadline
14 provided by the Federal Rules.  *Id.* at 12:27 to 13:1.

15                    **ARGUMENT**

16 **I.    Defendants' Affirmative Defenses Merely Recite Legal Doctrines, and Therefore Fail
17        to Meet the Standard Applied by *Twombly*, *Iqbal*, and Decisions of This Court**

18    "A court may strike from a pleading an insufficient defense or any redundant, immaterial,
19 impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f).  When pleading affirmative defenses to
20 a claim, a party must "state in short and plain terms its defenses to each claim asserted against it"
21 to give the fair notice of each defense raised.  Fed. R. Civ. P. 8(b)(1); *Wyshak v. City Nat'l Bank*,
22 607 F.2d 824, 827 (9th Cir. 1979).  Courts have long held that "the key to determining the
23 sufficiency of pleading an affirmative defense is whether it gives plaintiff fair notice of the
24 defense."  *Reid-Ashman Mfg., Inc. v. Swanson Semiconductor Serv., L.L.C.*, No. 06-4693, 2007
25 WL 1394427, at *5 (N.D. Cal. May 10, 2007) (Spero, J.) (quoting *Wyshak*, 607 F.2d at 827).  "An
26 affirmative defense is insufficiently pled if it does not give the plaintiff fair notice of the nature of
27 the defense."  *J & J Sports Prods., Inc. v. Mendoza-Govan*, No. 10-5123, 2011 WL 1544886, at *3
28 (N.D. Cal. Apr. 25, 2011) (Alsup, J.).  "In this district at least, a defendant provides 'fair notice' of

an affirmative defense by meeting the pleading standard articulated in Federal Rule of Civil Procedure 8, as further refined by *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009)." *Madison v. Goldsmith & Hull*, No. 13-01655, 2013 WL 5769979, at *1 (N.D. Cal. Oct. 24, 2013) (Davila, J.); *see also, e.g.*, *J & J Sports Prods.*, 2011 WL 1544886, at *3 ("*Twombly's* heightened pleading standard applies to affirmative defenses.").

Under this standard, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Eberhard v. California Highway Patrol*, No. 14-1910, 2014 WL 5794549, at *4 (N.D. Cal. Nov. 6, 2014) (Donato, J.) (quoting *Iqbal*, 556 U.S. at 678 and *Twombly*, 550 U.S. at 570). "Plausibility requires pleading facts, as opposed to conclusory allegations or the 'formulaic recitation of the elements of a cause of action.'" *Callaghan v. BMW of N. Am., LLC*, No. 13-4794, 2014 WL 6629254, at *3 (N.D. Cal. Nov. 21, 2014) (Donato, J.) (quoting *Iqbal*, 556 U.S. at 678 and *Twombly*, 550 U.S. at 570). Within this District, "there is widespread agreement" that the "pleading requirements of *Twombly* and *Iqbal* apply to affirmative defenses," and Courts have repeatedly struck affirmative defenses that merely recite legal assertions. *O'Sullivan v. AMN Servs., Inc.*, No. 12-2125, 2012 WL 2912061, at *7 (N.D. Cal. July 16, 2012) (Spero, J.) (collecting cases); *see, e.g.*, *Oracle Am., Inc. v. Terix Comput. Co., Inc.*, No. 13-03385, 2014 WL 5847532, at *14 (N.D. Cal. Nov. 7, 2014) (Grewal, J.) ("Not only have courts across the district adopted the heightened pleading standard for affirmative defenses, but they have also stricken affirmative defenses—across the board—based on insufficiency of pleading. This court follows suit."); *CTF Dev., Inc. v. Penta Hospitality, LLC*, No. C 09-02429, 2009 WL 3517617, at *7 (N.D. Cal. Oct. 26, 2009) (Alsup, J.) (holding that "[b]are statements reciting mere legal conclusions do not provide a plaintiff with fair notice of the defense asserted" and striking insufficient affirmative defenses because "simply stating that the trademark is 'invalid' is not sufficient to notify the plaintiff *why* the trademark is allegedly invalid"); *J & J Sports Prods.*, 2011 WL 1544886, at *11 (dismissing an affirmative defense alleging "plaintiff's claims are barred by the equitable doctrines of estoppel, waiver and laches" as "insufficient because plaintiff is not given fair notice of how these doctrines apply to this case.

That is, defendant only refers to these equitable doctrines, and does not provide any supporting facts."); *Qarbon.com Inc. v. eHelp Corp.*, 315 F.Supp. 2d 1046, 1049 (N.D. Cal. 2004) (Ware, J.) ("A reference to a doctrine, like a reference to statutory provisions, is insufficient notice.").

All twenty of Defendants' affirmative defenses easily fail to meet this standard. All twenty of them are "mere statements of legal conclusions with no supporting facts," *CTF Dev.*, 2009 WL 3517617, at *8; none go beyond "conclusory allegations or the 'formulaic recitation of the elements of a cause of action.'" *Callaghan*, 2014 WL 6629254, at *3. For example, Defendants' Fourth Affirmative Defense of "No Causation" asserts that "[a]ny damages suffered by Plaintiff were due to causes other than actions or omissions of Defendants," and Defendants' Fifth Affirmative Defense, "Acts of Third Parties," similarly asserts that "injuries to Plaintiff, if any, were caused by third parties over whom Defendants had no control or right of control." Docket No. 94 at 10:19-24. Neither of these affirmative defenses, however, explains or even identifies the shadowy forces that Defendants allege caused Telesocial's damages. *Id.* Similarly, Defendants' Sixth Affirmative Defense, "Independent Creation," alleges that the "technology of which Plaintiff complains was independently created, without knowledge or reference to any alleged trade secret of Plaintiff," but does not explain who "independently created" this technology, how that took place, or why Defendants (assertedly) know that this creation was truly "independent" from Telesocial's technology and trade secrets. *Id.* at 10:27-28.

Defendants' remaining affirmative defenses fare no better: none provides "fair notice of the nature of the defense" (*J & J Sports*, 2011 WL 1544886, at *3), and none alleges "facts, as opposed to conclusory allegations" (*Callaghan*, 2014 WL 6629254, at *3); to the contrary, Defendants do not provide *even a single fact* to support any of their asserted affirmative defenses, let alone an explanation of how any facts support their asserted defenses. Although this failure is sufficient to strike all of Defendant's affirmative defenses, their defenses suffer from additional failures as well. Many are conditional, such as Defendants' Third Affirmative Defense, "Comparative Fault," which contemplates the *possibility* that "Plaintiff caused its own damages or injuries," but does not even allege with certainty that this actually occurred. Docket No. 94 at 10:15-16; *see supra* at 2. Worse still for Defendants, some of their affirmative defenses fail to

identify not only supporting facts, but also any applicable legal doctrines.  For example, Defendants' Nineteenth Affirmative Defense asserts that "Enforcement of Plaintiff's alleged Terms of Service is barred in whole or in part as contrary to European Union and French law pertaining to reverse engineering"—but does not specify the "European Union and French law" that allegedly apply here, let alone the facts supporting this assertion.  Docket No. 94 at 12:23-24.

Similarly, Defendants' Eighteenth Affirmative Defense, "Improper Venue," asserts that "[l]itigation of some or all of the claims of the FAC in this venue is barred by contractual agreement," but fails to identify the applicable "contractual agreement."  Docket No. 94 at 12:19-20.  From this paltry pleading, it is impossible to identify whether Defendants refer to the contract on which the Court already ruled in its Order Denying Defendants' Motion to Dismiss, Docket No. 85.  If so, Defendants' Eighteenth Affirmative Defense should also fail for that reason—but that is precisely the point:  had Defendants' affirmative defenses followed the correct standard and provided the required information, there would be no need to consider this question conditionally, because Telesocial and the Court would have fair notice of Defendants' defenses.

Finally, Defendants' Seventh and Fifteenth Affirmative Defenses cite to "California's Uniform Trade Secret Act" and "the Computer Fraud and Abuse Act," but neither explains how Defendants assert those statutory provisions bar relief here.  Docket No. 94 at 11:3-4, 12:7-8.  Thus, neither provides sufficient specificity to survive a motion to strike.  *See, e.g., Advanced Cardiovascular Sys., Inc. v. SciMed Sys., Inc.*, No. 96-950, 1996 WL 467277 at *3 (N.D. Cal. July 24, 1996) (Jensen, J.) ("Defendant's general reference to a series of statutory provisions does not provide plaintiff with fair notice of the basis of this defense.").

All twenty of Defendants' affirmative defenses must fall, because none meets the settled and well-known standard of this District, which "requires pleading facts, as opposed to conclusory allegations or the 'formulaic recitation of the elements of a cause of action.'" *Callaghan*, 2014 WL 6629254, at *3; *see supra* at 2-3.  Nor can Defendants hide behind the normal rule disfavoring motions to strike, which protects "affirmative defenses that are sufficiently pleaded" but "is inapplicable to affirmative defenses that are mere statements of legal conclusions with no supporting facts." *CTF Dev.*, 2009 WL 3517617, at *8 (citing *Iqbal*, 556 U.S. at 677-78).  "Under

the *Iqbal* standard, the burden is on the *defendant* to proffer sufficient facts and law to support an affirmative defense, and not on the plaintiff to gamble on interpreting an insufficient defense in the manner defendant intended." *Id.*; *see also, e.g., Barnes v. AT & T Pension Ben. Plan-Nonbargained Program*, 718 F. Supp. 2d 1167, 1170 (N.D. Cal. 2010) (Patel, J.) ("The purposes of a Rule 12(f) motion is to avoid spending time and money litigating spurious issues."). This Court should apply its normal pleading standard, reinforced by the Supreme Court in *Twombly* and *Iqbal,* to strike all twenty of Defendants' affirmative defenses.

## II.  The Court Should Not Reward Defendants' Gamesmanship By Granting Leave to Amend Their Affirmative Defenses

"[A] party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).  Although courts often cite this provision when granting leave to amend stricken pleadings, in the present circumstances, "justice so requires" *denial* of leave to amend because, if allowed to amend their Answer, Defendants would gravely prejudice Telesocial by inserting a welter of new theories into the case well *after* the very last minute:  the close of fact discovery.

Defendants have had fair notice of Telesocial's claims for more than six months—or, really, for more than nine months since Telesocial filed its original Complaint.  During this time, according to their own mandamus filings before the Ninth Circuit, Defendants have undertaken an intensive and sweeping effort to investigate Telesocial's claims and prepare their responses, including "processing of 7 terabytes of data, which represents approximately 35 million pages of documents," and assembling "a team of lawyers working full time on this document review in Paris."  Emergency Mot. Under Circuit Rule 27-3 For a Stay Pending Appeal, *In re Orange S.A., et al.*, No. 15-71668, Docket No. 2 at 5 (9th Cir. June 2, 2015).  Although, as the Court knows from Telesocial's letter briefs, Defendants' much-touted investigation has yielded precious little in actual discovery, at a minimum this investigation gave Defendants ample opportunity to investigate Telesocial's claims, review facts supporting potential responses, and marshal those facts into well-pleaded affirmative defenses.  But Defendants, sophisticated litigants represented by capable attorneys, ignored this opportunity.  Instead, Defendants made a tactical litigation

decision to provide bare-bones affirmative defenses, rather than the fair-notice pleading required by *Twombly*, *Iqbal*, and the law of this District.  As Defendants knew when they made this strategic choice, fact discovery in this action closes on July 13.  Docket No. 82.  Under the Local Rules of this Court, the earliest hearing date Telesocial can request is July 15, 2015, after the close of fact discovery.  Loc. R. 7-2(a) (requiring at least 35 days between filing and hearing date).  Even if the Court could act more quickly than the Local Rules contemplate, Telesocial would not have fair notice of Defendants' new theories sufficiently in advance of the upcoming depositions, especially because Telesocial must review and translate Defendants' documents in French to address and respond to any such theories, a lengthy process, before it can prepare deposition questions geared to those defenses.

In short, it is already too late for Defendants to amend their affirmative defenses without gravely prejudicing Telesocial, and each passing day makes it more so.  This prejudice would be particularly unfair because Defendants have had fair notice of Telesocial's claims for at least six months, and more correctly for the *nine* months since Telesocial filed its Complaint.  Should the Court grant Defendants leave to amend their affirmative defenses, it would allow Defendants to explicate their theories and underlying facts not when they found them, or at the latest when their Answer was actually due, but instead *after all fact discovery has closed*, greatly compounding the prejudice to Telesocial.  The Court should not reward Defendants' litigation tactics and gamesmanship by allowing this unfair result.  Instead, the Court should ensure fairness by striking Defendants' affirmative defenses without leave to amend.

//
//
//
//
//
//
//
//

# CONCLUSION

For the reasons stated above, the Court should strike Defendants' First through Twentieth Affirmative Defenses without leave to amend.

Date:   June 5, 2015

Respectfully submitted,

/s/ M.S.V.

Matthew S. Warren (Cal. Bar No. 264295)
Patrick M. Shields (Cal. Bar No. 204739)
Erika H. Mayo (Cal. Bar No. 295570)
14-3985@cases.warrenlex.com
WARREN LEX LLP
2261 Market Street, No. 606
San Francisco, California, 94114
+1 (415) 895-2940
+1 (415) 895-2964 facsimile

Benjamin L. Singer (Cal. Bar No. 264295)
bsinger@coltsinger.com
Renee B. Bea (Cal. Bar No. 268807)
rbea@coltsinger.com
Douglas S. Tilley (Cal. Bar No. 265997)
dtilley@coltsinger.com
COLT / SINGER / BEA LLP
601 Montgomery Street, Suite 1950
San Francisco, California, 94111
+1 (415) 500-6080
+1 (415) 500-6080 facsimile

*Attorneys for Telesocial Inc.*