# Durie Tangri

Michael H. Page
415-362-6666 (main)
mpage@durietangri.com

June 10, 2016

**via E-Filing (Courtesy Copy via Federal Express)**

Hon. James Donato
San Francisco Courthouse
450 Golden Gate Ave., Courtroom 11, 19th Floor
San Francisco, CA 94102

Re:   *Telesocial Inc. v. Orange S.A. et al.*, No. 3:14-cv-03985 JD (N.D. Cal.)

Dear Judge Donato:

Defendant Orange submits this request for discovery relief based on Telesocial's failure to respond to Orange's proposed logistics and schedule to accomplish depositions of the 16 European-based witnesses within the fact discovery schedule set by the Court.

On April 27, 2016, Orange and Telesocial jointly submitted a discovery schedule to the Court.  It was based on Telesocial's and Orange's agreement that the depositions of 16 European-based witnesses (each selected by Telesocial) would occur in Europe in June, July and September, and that the depositions of the U.S.-based witnesses would occur in the U.S. in July and August.  Telesocial and Orange have had an agreement since the spring of 2015 that the European-based witnesses would be deposed there.  Telesocial's only issue with the depositions occurring in Paris (as opposed elsewhere in Europe) was the question of the applicability of the Hague Convention on the Taking of Evidence Abroad and the French blocking statute, and the parties discussed ways to address that question.

After significant efforts to coordinate the logistics of the individual witnesses' schedules, on May 24 Orange provided Telesocial with a comprehensive deposition schedule for the European-based witnesses, with the first deposition to occur on June 22.  Telesocial did not respond, so Orange followed up on June 2.  We described to Telesocial that Orange was comfortable holding the depositions of these witnesses at Foley Hoag's Paris office without any further process under the Hague Convention or the blocking statute.  *See, e.g.*, *In re Cathode Ray Tube (CRT) Antitrust Litig.*, 2014 U.S. Dist. LEXIS 151222, *47-48 (N.D. Cal. Oct. 23, 2014) for an example of depositions in France without observing Hague Convention procedures.  We further indicated that, if Telesocial insisted on the Hague Convention process, then there was a straightforward and practical way to comply:  The parties could agree to the appointment of a commissioner and file a simple stipulation.  Telesocial did not respond until June 4 when Quinn Emmanuel, Telesocial's new co-counsel, stated that they would "respond next week."  We followed up on June 6, and Telesocial's counsel said that they were still not ready to respond but requested that Orange take these depositions at Quinn Emmanuel's office in New York.  We responded on June 7, indicating that the depositions could occur at Quinn Emmanuel's Paris office (where the witnesses are), rather than New York, and again sought confirmation of the schedule and agreement on the appointment of the commissioner if Telesocial continued to think that was necessary.

217 Leidesdorff Street
San Francisco, California 94111
P (415) 362-6666   F (415) 236-6300
www.durietangri.com

Hon. James Donato
June 10, 2016
Page 2

Another exchange of correspondence on June 9 and 10 was unavailing, and Telesocial declined to participate in proposed meet and confer calls on either June 9 or June 10.

Pursuant to this Court's Standing Order for Discovery and the Local Rules, Orange has attempted to meet and confer regarding this matter, without success. Despite Telesocial's previous agreement that depositions would go forward in Europe, and the fact that 16 current and former employees have set aside dates for their depositions in Paris, Telesocial would now renege on its commitment and insist, contrary to the weight of the case law, that those individuals be required to come to New York. Accordingly, the Orange Defendants request that the Court enter the proposed Order Appointing Commissioner (Exhibit A) and endorse the Request for Assistance (Exhibit B) so that Orange's current and former employees, who live and work in France, are deposed in Paris, where Telesocial's counsel Quinn Emmanuel has an office. Doing so will maintain the existing discovery schedule and minimize the burden and disruption on the sixteen witnesses and their families.

### A. The Parties Previously Agreed to Hold These Depositions in Europe and Never Previously Contemplated Depositions in the United States.

In exchange for Orange making its current and former employees available voluntarily, Telesocial agreed to take their depositions on the same continent on which they live and work. Telesocial's counsel, Benjamin Singer of Singer/Bea LLP, acknowledged as much at the May 4, 2016 conference, when he told the Court, "*We're prepared to do the depositions in Europe.*" Tr. at 8:25-9:1. Mr. Singer explained further that the parties were working cooperatively to address procedural requirements for taking those depositions in France, and if they could not do so, "then we're going to request that the depositions happen in London, right across the way[.]" *Id.* at 9:3-10. These statements were fully consistent with the parties' prior discussions and correspondence, which contemplated depositions in France so long as the French blocking statute provided no obstacle, or failing that, elsewhere in Europe (e.g., London). Now, Telesocial seeks to renege on that agreement through its new counsel from Quinn Emmanuel who only just entered their appearances on June 2, 2016 (more than a month after the parties negotiated the discovery schedule adopted by the Court on May 4). Dkt. Nos. 123-128.

Bargains like these are enforced routinely. *See, e.g.*, *TCGIVega Info.Techs. Pvt Ltd. v. Karna Global Techs., Inc.*, No. 05-05222, 2007 U.S. Dist. LEXIS 47549, *5 (N.D. Cal. June 20, 2007) (enforcing parties' agreement as to deposition location and admonishing, "[a]lthough defense counsel now regret this agreement … the agreement was the result of their considered and deliberate decision made in exchange for plaintiff's agreement to postpone defendants' depositions."). That Telesocial now regrets its agreement or its new counsel sees some tactical advantage to manufacturing a dispute or causing delay is no reason to abandon it, and the parties' "considered and deliberate decision" to take the depositions of Orange's current and former employees outside the United States must be enforced.

### B. U.S. Law Favors Depositions Where Defendants/Witnesses Live and Work.

Were Telesocial's agreement not enough, then the case law also strongly favors taking the depositions of Orange's current and former employees in France. As a rule,

> 'In the absence of special circumstances, a party seeking discovery must go where the

Hon. James Donato
June 10, 2016
Page 3

> desired witnesses are normally located.' *United States v. $ 160,066.98 from Bank of America*, 202 F.R.D. 624, 627 (S.D. Cal. 2001) (*quoting Farquhar v. Shelden*, 116 F.R.D. 70, 72 (E.D. Mich. 1987)). This rule applies even when the deponent is a defendant in the action. *See Metrex Research Corp. v. United States*, 151 F.R.D. 122, 125 (D. Colo. 1993)

*Clairmont v. Genuity, Inc.*, No. 02-1876L, 2004 U.S. Dist. LEXIS 20784, *2 (W.D. Wash. Mar. 26, 2004).

Telesocial seeks to force 16 individuals, 9 of whom are not defendants, to the United States. The rule requiring that they be deposed at their place of residence, business, or employment, applies whether individuals are defendants or merely witnesses. *See, e.g.*, *Sacramento E.D.M., Inc. v. Hynes Aviation Indus.*, No. 13-0288, 2014 U.S. Dist. LEXIS 126922 (E.D. Cal. Sept. 10, 2014) ("Generally, if the parties cannot agree upon the place where a defendant's deposition will take place, '[c]ourts presume that [it] will proceed at his place of residence, business or employment.'") (*quoting Willis v. Mullins*, No. 04-6542, 2006 U.S. Dist. LEXIS 35627, *16 (E.D. Cal. Feb. 8, 2006)), *Thykkuttathil v. Keese*, No. 12-1749, 2013 U.S. Dist. LEXIS 120426 (W.D. Wash. Aug. 23, 2013) ("[T]here is a general presumption that the deposition of a defendant should be conducted in the district of his residence….") (internal citation omitted). Indeed, "the presumption that the deposition should occur at a ***foreign*** defendant's place of residence may be even stronger." *In re Outsidewall Tire Litig.*, 267 F.R.D. 466, 471 (E.D. Va. 2010) (emphasis added), *citing Farquhar v. Shelden*, 116 F.R.D. 70 (E.D. Mich. 1987).

Requiring 16 individuals who reside in France to undertake the burden and disruption to their families of travel to the U.S. for depositions defies reason, especially where Telesocial's counsel Quinn Emmanuel and Orange's counsel Foley Hoag both have offices in Paris. Further, it defies practicality. Orange has set forth a schedule that accounts for witness availability, often for two-day depositions, and has confirmed the availability of a Commissioner and a court reporter for the contemplated 24 days of testimony covering those 16 witnesses. To upend that all now, after matters have proceeded on the basis of this arrangement until *this week*, would throw a wrench in a carefully calibrated schedule designed to meet the September 30, 2016 close of fact discovery.

        **C.**    **Appointing a Commissioner Resolves Any Concern about the Blocking Statute.**

Appointing a Commissioner under Chapter II of the Hague Convention is a very efficient mechanism to satisfy the technical requirements of the Convention and the French blocking statute. The same court reporting service in Paris needed to record the depositions can also serve as Commissioner (much like a court reporter in the U.S. may also be a notary), for a modest additional cost (estimated to be only a few thousand euros for the 16 depositions). All that is needed is for this Court to issue the attached Order and Request for Assistance, and then the lawyers or the court reporter in France will accomplish the procedural steps there to obtain the appointment in approximately one week. This is a less cumbersome process than many U.S. States require to take depositions in another U.S. State. While Orange continues to believe that the depositions may proceed by agreement without the need for any of these procedures, Orange nonetheless has prepared and submitted the necessary papers, and has arranged for the court reporter to also serve as Commissioner to cover the 24 days of testimony that are forecasted. There is thus no obstacle, under the Hague Convention or otherwise, to the depositions of Orange's current and former employees going forward in France, so long as the paperwork process starts now.

Hon. James Donato
June 10, 2016
Page 4

Respectfully Submitted,

*/s/ Michael H. Page*

Michael H. Page

MHP:jp