

Benjamin L. Singer
Partner

(415) 500-6077
bsinger@singerbea.com

June 15, 2016
**Via E-Filing (Courtesy Copy via Messenger)**
Hon. James Donato
San Francisco Courthouse
450 Golden Gate Ave., Courtroom 11, 19th Fl.
San Francisco, CA 94102

   *Re:  Telesocial Inc. v. Orange S.A. et al., No. 3:14-cv-03985 JD (N.D. Cal.)*

Dear Judge Donato:

Pursuant to the Court's June 13, 2016 Order (Dkt. 133), Plaintiff Telesocial Inc. ("Telesocial") respectfully submits this response to Defendant Orange S.A.'s ("Orange") June 10, 2016 discovery letter (Dkt. 131) opposing Orange's request that its witnesses be deposed in France. Telesocial submits that New York is the appropriate location for these depositions.

**A. The Court has broad discretion to determine where depositions take place, and depositions of foreign corporations routinely take place in the United States.**

U.S. District Courts have broad discretion to determine where depositions take place.  *See Hyde & Drath v. Baker*, 24 F.3d 1162, 1166 (9th Cir. 1994) (ordering depositions of Hong Kong-based witnesses to take place in San Francisco so that the court could oversee the proceedings, and noting that foreign company had done business and filed suit in the Northern District of California and should therefore expect to have to appear there).  As the Court noted at the May 4, 2016 Case Management Conference, depositions of foreign corporations and defendants routinely occur in the U.S.  Dkt. 121 (5/4/2014 Hearing Tr.) at 9:11-24; *see also, e.g., Novadaq Techs., Inc. v. Karl Stroz GmbH & Co. KG*, No. 5:14-cv-04853-PSG, Order, Dkt. 68 (N.D. Cal. Apr. 23, 2015) (ordering U.S. depositions of German witnesses); *New Medium Techs. LLC v. Barco N.V.*, 242 F.R.D. 460, 467-469 (N.D. Ill. 2007) (ordering U.S. depositions of Japanese witnesses); *Cadent Ltd. v. 3M Unitek Corp.*, 232 F.R.D. 625, 628-630 (C.D. Cal. 2005) (ordering U.S. depositions of Israeli witnesses); *Roberts v. Heim*, 130 F.R.D. 430, 440 (N.D. Cal. 1990) (ordering U.S. deposition of Swiss defendant).

Here, Orange (f/k/a France Telecom S.A.) has previously sued in this district.  *See, e.g.*, *France Telecom S.A. v. Marvell Semiconductor, Inc.*, N.D. Cal. Case No. 3:2012-cv-04967.  Orange has a presence in this District, with at least one subsidiary, Orange Business Services, located in San Francisco.  See http://www.orange-business.com/en/where-we-are?area=16796&country=us (last visited 6/14/2016).  And, with the exception of individual Defendant Sylvain Jaudry (who Orange contends does not exist), all Defendants including Orange have admitted in this case that they are subject to personal jurisdiction in this District.  Dkt. 104 (Defendants' Joint Amended Answer) at ¶ 17.  Thus, it would be equitable and the Court would be well within its discretion to order Orange's corporate witnesses to appear for deposition in this District.  In view of this, Telesocial's proposal that the Orange depositions proceed in New York—which the Court observed is "halfway for everybody" (Dkt. 121 at 8:20)—is a reasonable compromise.

Letter to Hon. James Donato
June 15, 2016
Page 2 of 4

Moreover, taking the depositions in New York under U.S. law, including the laws against perjury, keeps the Court from being unable to resolve any disputes that arise during the depositions. Especially in cases such as this where discovery has been contentious, litigation efficiency weighs in favor of holding the depositions in the U.S. *See, e.g., Cadent*, 232 F.R.D. at 629 (courts consider factors including "the likelihood of significant discovery disputes arising which would necessitate resolution by the forum court"); *Campbell v. Detert*, No. 11-642, 2013 WL 1314429, at *13 (D.N.J. Mar. 28, 2013) (ordering depositions in the forum district in view of the "high likelihood that disputes will arise during the depositions that may require resolution by the Court"); *New Medium*, 242 F.R.D. at 467 ("[o]bviously, conducting depositions in Japan, over a dozen time zones away and on the other side of the International Dateline, would severely compromise—to put it mildly—the court's ability to intervene should problems arise.").

**B.     The French blocking statute creates legal uncertainties.**

The uncertainties associated with taking depositions in France for use in a U.S. proceeding , and particularly those surrounding the application of the "French blocking statute," weigh heavily against holding the depositions in Paris. Orange makes two arguments with respect to the French blocking statute, but neither has merit. First, Orange argues the depositions can proceed in Paris by agreement without any regard for the French blocking statute. Dkt. 131 at 2. Orange's position is remarkable given that earlier in this case Orange refused to comply with its discovery obligations and repeatedly sought and received relief from this Court because, according to Orange, the French blocking statute prevented Orange from transmitting documents outside of France unless it had received permission from a French government authority. Dkt. 67 at 2-3; Dkt. 76 at 1-2. Setting aside Orange's shifting sands approach to French law, the U.S. Department of State does not share Orange's understanding that the requirements of the French blocking statute and the Hague Convention can be bypassed by agreement of U.S. litigants. *See* https://travel.state.gov/content/travel/en/legal-considerations/judicial/country/france.html (last visited 6/15/2016) (the "DOS Website"). According to the Department of State, "Depositions of French citizens and third country nationals *require* prior permission of the French Central Authority for the Hague Evidence Convention and require a commission issued by a court in the United States." *Id*. (emphasis added). Finally, Telesocial's understanding is that because the French blocking statute is a criminal statute, Orange cannot waive its requirements.

Second, Orange argues that even if the "technical requirements" of the French blocking statute and the Hague Convention must be met, there is an "efficient mechanism" for doing so. Dkt. 131 at 3. This, too, is a remarkable position given the history of this case. Orange completely glosses over the procedural steps involved in getting the French Ministry of Justice to appoint a Commissioner while assuring this Court that it will take only "approximately one week." *Id.* But Orange made a similar request relating to production of its documents to the French Ministry of Justice in December 2014 (Dkt. 67 at 3), and it took until late May 2015 for approval to be given (Dkt. 107 at 3:22). The DOS Website also identifies numerous burdensome procedures associated with obtaining permission of the French Central Authority, including, for example, that "[t]he deposition must be held on Embassy or Consulate premises," that "[t]he deposition must be open to the public," that the deposition cannot be "taken on notice," and that "[t]he U.S. Embassy or Consulate must have the documentation at least 45 days prior to the proposed deposition date and French translations in order to request permission of the French Central

Authority."  Moreover, because the Request for Assistance must identify each person to be examined (Dkt 131-2 at 6:1-5), this request would have to be repeated every time a new deponent was identified, which is almost certain to happen here given that Orange just produced over produced over 160,000 pages of new documents.  As in many complex litigations before this Court, some of these depositions may occur in the weeks before the September 30, 2016 Fact Discovery Cutoff.  It is therefore not safe to assume that the complex procedures for taking depositions in France will present "no obstacle" to the timely completion of these depositions.

**C.     Telesocial never agreed to take the depositions in Paris.**

Telesocial and Orange never agreed where Orange's witnesses would be deposed.  The transcript of the May 4, 2016 Case Management Conference confirms no such agreement existed.  The Court asked if the parties were "doing the depos all in the United States?"  *See* Dkt. 121 at 8:15.  Neither Telesocial *nor Orange* told the Court, as Orange now claims, that there was "an agreement in the spring of 2015" that Orange's witnesses would be deposed in Europe.  Dkt. 131 at 1.  Rather, in a response that is antithetical to the existence of any such agreement, Telesocial's counsel responded that "where the depositions will occur" is "an open issue that the parties will be working out."  Dkt. 121 at 8:17-18.  Orange further asserts that it agreed to voluntarily make its witnesses available as specific consideration for this alleged agreement (Dkt. 131 at 2) and that it relied on it in preparing the case schedule the parties jointly submitted on April 27, 2016 (Dkt. 131 at 1).  Neither assertion is correct.  There was never any discussion about Orange making its witnesses available for depositions voluntarily and there was no mention of deposition location when the parties discussed the discovery schedule.  My comments at the hearing regarding holding the depositions in Paris or London only reflect Telesocial's effort to discuss a compromise, not any agreement.  *See* Dkt. 121 at 9:3-10.  Orange's claim of an agreement is at odds with the full record of the May 4, 2016 Case Management Conference.

Orange now insists the depositions be in Paris, which is simply not workable.  Telesocial expects that the depositions will have to be multi-tracked in September, as review of Orange's document production and associated logs has revealed deficiencies that will have to be resolved before the depositions proceed and Orange has not offered any available deposition dates between July 23 and September 5.  Given that Telesocial's counsel Quinn Emanuel and Orange's counsel Foley Hoag both have New York offices, New York is the most reasonable, practical and fair option.

**D.     Orange failed to follow this Court's Standing Order Regarding Discovery.**

Finally, Orange's request should be denied because Orange did not meet and confer with Telesocial in person as required by the Court's Order.  Orange first informed Telesocial that Orange intended to raise this issue with the Court by email on Friday, June 10, 2016 at 8:46 a.m. Pacific time, and demanded a telephonic meet and confer that same morning between 10:00 a.m. and 12:00 p.m.; Orange then filed its discovery letter only a few hours later at 1:05 p.m.

In view of Orange's failure to meet and confer as required under the Court's Standing Order, Orange's request for relief is improper; however, because this dispute is ripe for resolution and before the Court, Telesocial respectfully submits that the Court should order Orange to make its corporate witnesses available for deposition in New York.

Letter to Hon. James Donato
June 15, 2016
Page 4 of 4


Respectfully submitted,

SINGER / BEA LLP

Benjamin L. Singer
Attorney for Telesocial Inc.