UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TELESOCIAL INC., <br>     Plaintiff, <br> v. <br> ORANGE S.A., et al., <br>     Defendants. | Case No. 14-cv-03985-JD <br><br> **ORDER RE DEPOSITIONS OF EUROPEAN WITNESSES** <br><br> Re: Dkt. Nos. 131, 135 |

The parties have hit a roadblock on the location of depositions for witnesses living in Europe and affiliated with defendant Orange. Dkt. Nos. 131, 135. Orange proposes Paris, France, where it is located and for proximity to the European-based witnesses. Telesocial requests New York City as a neutral half-way point for both parties and because it is concerned that Orange will try to exploit French law to avoid the production of testimony and other evidence.

As an initial matter, Orange did not comply with Court's standing order on discovery. The order requires the party initiating dispute resolution to certify in the first paragraph of its letter that the parties met and conferred in person, unless a distance exception applies. Orange was the initiating party and failed to do this. The Court advises the parties that failure to follow its standing orders will lead to summary denial of requested relief.

Of more concern is Telesocial's representation that Orange did not meet and confer with it prior to launching its letter. Dkt. No. 135 at 3. Facts solicited by the Court strongly suggest that Telesocial's statements were exaggerated and possibly misleading. Orange detailed the steps it took to meet with Telesocial and Telesocial's lack of response. The parties are advised that the Court will not tolerate shading of the facts or half-truths in any filing or communication. Sanctions may be imposed if there are further problems of this sort.

On the merits of the dispute, the Court has broad discretion to set the location of depositions. *See United States v. Cornejo-Reynoso*, 621 F. App'x 495 (9th Cir. 2015) (quoting *Hyde & Drath v. Baker*, 24 F.3d 1162, 1166 (9th Cir. 1994)). Telesocial's main objection to Paris is the concern that Orange will try to hide behind French law, such as the so-called "French Blocking Statute," to avoid testimony or delay proceedings. The Court shares the concern because Orange has previously tried to assert French law as a reason for delayed or non-existent discovery responses in another context. *See, e.g.*, Dkt. Nos. 67, 76. But the Court finds that these concerns do not warrant relocation of the depositions to the United States. This is because Orange has pledged, in response to the Court's direct inquiries, that it will not assert or stand on any French laws or procedural requirements to stymie the depositions. Specifically, Orange has agreed that it will not assert the Blocking Statute or any other French law as a basis for not appearing at a deposition or declining to answer a question or produce documents related to the deposition notice. It has also agreed that it will waive and forego in all respects any French procedural requirements for a Commissioner order, embassy involvement, Hague Convention formalities and all other similar steps. In effect, Orange agrees that the depositions will proceed as if taken in the United States and governed by the Federal Rules of Civil Procedure and Federal Rules of Evidence. Telesocial's professed concern that it might be subject to liability of some sort because the French requirements are not waivable is poorly taken. Judge Conti of this court recently denied a similar objection by finding that the Blocking Statute, for example, does not subject parties to "'a realistic risk of prosecution'" and that it was mainly for the benefit of French citizens "'to provide them with tactical weapons and bargaining chips in foreign courts.'" *In re CRT Antitrust Litigation*, No. 07-5944, 2014 WL 5462496, at *6 (N.D. Cal. Oct. 23, 2014) (internal citations omitted). Any risk to Telesocial appears to be speculative and de minimis.

That is enough to allay Telesocial's concerns and override its objection. In addition, Orange has sweetened the result for Telesocial by agreeing to make available 16 witnesses in Paris, including several witnesses who are not parties to the lawsuit. That affords Telesocial significantly broader deposition discovery than would ordinarily be available to it in this cross-border litigation. Counsel for both sides have office locations in Paris, and the burden of counsel

only traveling to the depositions is substantially lower than requiring witnesses to travel to New York City.

The Court emphasizes, as it did during the conference with counsel, that Orange will be strictly held to its agreements about the rules and procedures for the depositions in Paris, and the appearance and cooperation of the 16 witnesses for examination. If there is any material deviation from these agreements, the Court will impose sanctions ranging from fee and cost shifting to evidence or defense preclusion, a directed verdict, or any other appropriate relief depending on the egregiousness of the conduct. More generally, evasion, delay or lack of cooperation by either party during the depositions will also be subject to similar sanctions.

**IT IS SO ORDERED.**

Dated: June 28, 2016

JAMES DONATO
United States District Judge