REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED

DURIE TANGRI LLP
Daralyn J. Durie (SBN 169825)
ddurie@durietangri.com
217 Leidesdorff Street
San Francisco, California, 94111
+1 (415) 362-6666
+1 (415) 236-6300 facsimile

*Attorneys for Orange, S.A.*

FOLEY HOAG LLP
Daniel Schimmel (*pro hac vice)*
dschimmel@foleyhoag.com
1540 Broadway, 23rd Floor
New York, New York, 10036
+1 (646) 927-5500
+1 (646) 927-5599 facsimile

Anthony Mirenda (*pro hac vice*)
amirenda@foleyhoag.com
Seaport West
155 Seaport Boulevard
Boston, MA 02210
+1 (617) 832-1220
+1 (617) 832-7000 facsimile

*Attorneys for Defendants*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

TELESOCIAL, INC.,

Plaintiff,

v.

ORANGE S.A., et al.,

Defendants.

Case No. 3:14-cv-03985-JD

**DEFENDANTS' NOTICE OF MOTION AND MOTION TO EXCLUDE THE OPINIONS AND TESTIMONY OF GEORGE FOSTER**

Date: February 16, 2017
Time: 10:00 a.m.
Ctrm: 11, 19th Floor
Judge: Honorable James Donato
Trial: April 10, 2017

## TABLE OF CONTENTS

Page

I. FOSTER'S DAMAGES OPINION MUST BE EXCLUDED BECAUSE [REDACTED] ---- 2

a. [REDACTED] ---- 2

b. [REDACTED] ---- 3

II. FOSTER'S OPINION MUST BE EXCLUDED BECAUSE HIS METHODOLOGY IS A "BLACK BOX" THAT CANNOT BE EXAMINED OR TESTED. ---- 4

a. [REDACTED] ---- 5

b. [REDACTED] ---- 6

c. [REDACTED] ---- 9

d. [REDACTED] ---- 10

III. FOSTER'S VALUATION OPINION MUST BE EXCLUDED [REDACTED] ---- 11

a. Assumptions must be justified and supported by the record. ---- 12

b. [REDACTED] ---- 13

i. [REDACTED] ---- 13

ii. [REDACTED] ---- 14

## TABLE OF AUTHORITIES

### Cases

*Am. Booksellers Ass'n. v. Barnes & Noble, Inc.*, 135 F. Supp. 2d 1031 (N.D. Cal. 2001) .......... 12-14

*Bank of Am., N.A. v. CD-04, Inc. (In re Owner Mgmt. Serv., LLC)*, 530 B.R. 711 (Bankr. C.D. Cal. 2015) .......... 12

*Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S 579 (1993) .......... 2, 4

*Feduniak v. Old Republic Nat'l Title Co.*, 2015 U.S. Dist. LEXIS 57694 (N.D. Cal. May 1, 2015) .......... 4

*First Nat'l Mortg. Co. v. Fed. Realty Inv. Tr.*, 2005 U.S. Dist. LEXIS 34285 (N.D. Cal. Sep. 12, 2005) .......... 3

*GE v. Joiner*, 522 U.S. 136, 146 (1997) .......... 5, 8

*Golden Bridge Tech. v. Apple Inc.*, 2014 U.S. Dist. LEXIS 76339 (N.D. Cal. June 1, 2014) .......... 13

*GPNE Corp. v. Apple, Inc.*, 2014 U.S. Dist. LEXIS 53234 (N.D. Cal. Apr. 16, 2014) .......... 10

*Gray v. Cytokine Pharmasciences, Inc.*, No. 17451, 2002 Del. Ch. LEXIS 48 (April 25, 2002) .......... 9

*Hyatt v. Sierra Boat Co.*, 79 Cal. App. 3d 325 (1978) .......... 3

*In re Nellson Nutraceutical, Inc.*, 356 B.R. 364 (Bankr. D. Del. 2006) .......... 11

*Intermedics, Inc. v. Ventritex, Inc.*, 139 F.R.D. 384 (N.D. Cal. 1991) .......... 12

*McGlinchy v. Shell Chemical Co.*, 845 F.2d 802 (9th Cir. 1988) .......... 12

*MEMC Elec. Materials, Inc. v. Mitsubishi Materials Silicon Corp.*, 2006 U.S. Dist. LEXIS 9241 (N.D. Cal. Feb. 24, 2006) .......... 5

*Metabyte, Inc. v. Canal+ Techs., S.A.*, 2005 U.S. Dist. LEXIS 46163 (N.D. Cal. June 17, 2005) .......... 9, 11

*Mukhtar v. Cal. State Univ.*, 299 F.3d 1053 (9th Cir. 2002) .......... 12

*Open Text S.A. v. Box, Inc.*, 2015 U.S. Dist. LEXIS 8783 (N.D. Cal. Jan. 23, 2015) ....5, 8

*United States v. Redlightning*, 624 F.3d 1090 (9th Cir. 2010) ....2

**Rules**

Fed. R. Evid. 702 ....1, 2, 4

## NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on February 16, 2017 at 10:00AM, or at a different time and date set by the Court, Defendants Orange S.A. and all individual defendants (collectively, the "Orange Defendants") hereby move the Court for an order prohibiting Plaintiff from offering the testimony or Rule 26 Report of George Foster for any purpose in these proceedings. This motion is made pursuant to FRE 702, and is based upon this Notice of Motion and Motion, the Memorandum of Points and Authorities included herewith, the Declaration of Anthony Mirenda and Exhibits thereto, the Proposed Order submitted herewith, all pleadings and papers on file in this action, and such further evidence, argument, and exhibits that may be submitted to the Court at or before the hearing.

## MEMORANDUM OF POINTS AND AUTHORITIES

### INTRODUCTION

As part of its "damages" case, Plaintiff Telesocial relies on George Foster for his opinions on the hypothetical future value of Telesocial as an enterprise. A copy of Foster's Report is Exhibit 1 to Declaration of Anthony Mirenda ("Mirenda Decl.").[1] [redacted] Consequently, Foster's opinions should be excluded in their entirety under Rule 702.

[1] Orange's financial valuation expert, Richard Puntillo, reviewed Foster's report and prepared a detailed critique. A copy of Puntillo's Report is Exhibit 2 to the Mirenda Declaration.

## ARGUMENT

### I. FOSTER'S DAMAGES OPINION MUST BE EXCLUDED BECAUSE

#### a. Foster's opinion .

It is undisputable that the claims in this case, whatever their merit, are claims brought by the company Telesocial. The claims are not brought by Telesocial's investors, nor could they be. The damages to be recovered, if any, must be damages suffered by the company itself, not loss of value to Telesocial's investors.

This is a fundamental flaw in his methodology. Fed. R. Evid. 702(a). It therefore must be excluded under *Daubert*. *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S 579 (1993).

**b. Foster's opinion** [redacted]

The task for any damages expert is to value the harm at the time of the tort or breach. *See, e.g.*, *First Nat'l Mortg. Co. v. Fed. Realty Inv. Tr.*, No. C-03-02013 RMW, 2005 U.S. Dist. LEXIS 34285, at *19 (N.D. Cal. Sep. 12, 2005) ("breach of contract damages are to be measured from the date of the breach") (internal quotation omitted); *Hyatt v. Sierra Boat Co.*, 79 Cal. App. 3d 325, 342 (1978) ("damages must be based upon the value at the time of the tortious act"). [redacted]

[redacted] The premise of a proper damages inquiry is that the value is to be measured before the wrongful conduct took place, and at that point, the expert must look to Telesocial as it actually existed, not some hypothetical Telesocial as it might have existed at some point in the future [redacted]

The proper "but-for" world to value damages for the alleged breach of Telesocial's Terms of Use ("ToU") is to assume a world with no breach of the ToS – but such a world as of November 2012 is also a world where Telesocial had no contract with Orange or any other operator, and no "Series B" financing. [redacted]

[redacted]

An expert opinion is relevant only if it will "assist the trier of fact to understand the evidence or to determine a fact in issue." *Daubert*, 509 U.S. at 591. This consideration has been described as one of "fit" — "whether expert testimony proffered in the case is sufficiently tied to the facts of the case that it will aid the jury in resolving a factual dispute." *Feduniak v. Old Republic Nat'l Title Co.*, No. 13-cv-02060-BLF, 2015 U.S. Dist. LEXIS 57694, at *4-5 (N.D. Cal. May 1, 2015) (citing *Daubert*). [redacted]

## II. FOSTER'S OPINION MUST BE EXCLUDED BECAUSE HIS METHODOLOGY IS A "BLACK BOX" THAT CANNOT BE EXAMINED OR TESTED.

Foster arrives at his opinion [redacted]

[2] [redacted]

*MEMC Elec. Materials, Inc. v. Mitsubishi Materials Silicon Corp.*, Nos. C 01-4925 SBA, C 05-2133, 2006 U.S. Dist. LEXIS 9241, at *12 (N.D. Cal. Feb. 24, 2006) (excluding expert testimony where party failed to meet burden to prove testimony was based on "reliable and recognized" methods in relevant industry); *see also GE v. Joiner*, 522 U.S. 136, 146 (1997) (upholding exclusion of expert testimony where there was "too great an analytical gap" between opinion and materials relied upon); *Open Text S.A. v. Box, Inc.*, No. 13-cv-04910-JD, 2015 U.S. Dist. LEXIS 8783, at *21 (N.D. Cal. Jan. 23, 2015) (excluding expert testimony based on foundation not "testable in the crucible of cross-examination").



[3] Initially, a company may be funded by personal investment from a founder or "friends and family." Early investment may also come from an "angel" round, where funds are raised from individual investors. Typically, the next round of investment is a "Series A", where venture capital firms invest in exchange for preferred Series A stock. In some cases, this is followed by a "Series B" round as the company matures.

4

This is no expert methodology at all. Rather, it "is a 'black box into which data is fed at one end and from which an answer emerges at the other,' and the jury cannot see how the pieces fit together or how the data drives the conclusion." *Open Text*, 2015 U.S. Dist. LEXIS 8783, at *21 (internal citation omitted). Whatever choices and judgments were made by [REDACTED] those decisions are effectively "written in invisible ink" and cannot support his ultimate opinion of Telesocial's value. *Id.* Where an expert's methodology is "not visible to the eyes of the Court, the jury, and opposing counsel, or testable in the crucible of cross-examination," that opinion must be excluded. *Id.* Indeed, such an opinion rests not on adequate support, but instead is merely the expert's say-so, and "nothing in either *Daubert* or the Federal Rules of Evidence requires a district court to admit opinion evidence that is connected to existing data only by the *ipse dixit* of the expert." *GE*, 522 U.S. at 146.



"Where there is a 'lack of comparable companies,' the analysis is not 'particularly meaningful' and should not be used." *Gray v. Cytokine Pharmasciences, Inc.*, No. 17451, 2002 Del. Ch. LEXIS 48, at *27-28 (April 25, 2002) (internal citation omitted) (analysis unreliable because only one comparable company was in the same business and others were significantly larger in terms of revenue and market capitalization); *see Metabyte, Inc. v. Canal+ Techs., S.A.*, No. C-02-05509 RMW, 2005 U.S. Dist. LEXIS 46163, at *8 (N.D. Cal. June 17, 2005) (expert testimony excluded as unreliable where valuation did not account for "significant differences" between companies).

Because "the Court must be able to see the mechanisms in order to determine if they are reliable and helpful" and cannot here do so, the opinion should be excluded. *GPNE Corp. v. Apple, Inc.*, No. 12-02885, 2014 U.S. Dist. LEXIS 53234, *18 (N.D. Cal. Apr. 16, 2014) (internal citation omitted).

7

[redacted]

> There are three valuation methodologies utilized under standard valuation practice. Although the terms used to describe the methodologies vary, the methodologies themselves are standard. They are: (i) a discounted cash flow analysis or "DCF"; (ii) a precedent transaction or comparable transaction analysis; and (iii) a publicly traded company or comparable company analysis. At the heart of any valuation methodology is a simple task: the expert determines an appropriate metric of value and applies a multiple to that metric to determine the enterprise value of the company. Different methodologies use different sources of material to determine the appropriate metric of value and the multiple.

*In re Nellson Nutraceutical, Inc.*, 356 B.R. 364, 370 (Bankr. D. Del. 2006). *See Metabyte* 2005 U.S. Dist. LEXIS 46163, at *9 (excluding valuation testimony that did not undertake "multiple-step analysis" to arrive at multiples that could be compared but instead relied on expert's method for which he provided no support).

[redacted] The absolute size of the market equity value of a purportedly comparable company is driven by the size of that company, not by any measure of comparison to the company being valued. Picking three larger comparables will yield a median value that is higher; picking three smaller comparable companies will yield a median value that is lower. Either way, the valuation is arbitrary.

[redacted] **FOSTER'S VALUATION OPINION MUST BE EXCLUDED** [redacted]

[8] "A valuation multiple is simply an expression of market value relative to a key statistic that is assumed to relate to that value. To be useful, that statistic—whether earnings, cash flow or some other measure—must bear a logical relationship to the market value to be observed; to be seen, in fact, as the driver of that market value." Mirenda Decl. Ex. 6 at 3.

[redacted] – the risk is high that "testimony that [is] being presented as the independent thinking of an 'expert' in fact [is] the product, in whole or significant part, of the suggestions of counsel." *Intermedics, Inc. v. Ventritex, Inc.*, 139 F.R.D. 384, 395-96 (N.D. Cal. 1991). *See also Mukhtar v. Cal. State Univ.*, 299 F.3d 1053, 1063-64 (9th Cir. 2002), overruled on other grounds by *Estate of Barabin v. AstenJohnson Inc.*, 740 F.3d 457 (9th Cir. 2014) (en banc) ("Maintaining Daubert's standards is particularly important considering the aura of authority experts often exude, which can lead juries to give more weight to their testimony.").

**a. Assumptions must be justified and supported by the record.**

"An expert's opinion can offer no assistance to the trier of fact and is inadmissible on relevance grounds, where the factual basis for the expert's opinion is fundamentally unsupported, either because the expert fully relied on altered facts and speculation, or because the expert failed to consider relevant facts in reaching a conclusion." *Bank of Am., N.A. v. CD-04, Inc. (In re Owner Mgmt. Serv., LLC)*, 530 B.R. 711, 717 (Bankr. C.D. Cal. 2015). Courts routinely exclude opinion testimony that "rests on unsupported assumptions and ignores distinctions crucial to arriving at a valid conclusion." *McGlinchy v. Shell Chemical Co.*, 845 F.2d 802, 807 (9th Cir. 1988). A properly supported opinion will have a "basis in the record," *id.*, and will be buttressed by "real-world evidence." *Am. Booksellers Ass'n. v. Barnes & Noble, Inc.*, 135 F. Supp. 2d 1031, 1041 (N.D. Cal. 2001). Thus, "when an expert opinion is not supported by sufficient facts to validate it in the eyes of the law, or when indisputable record facts contradict or otherwise render the opinion

unreasonable, it cannot support a jury's verdict." *Am. Booksellers Ass'n.*, 135 F. Supp. 2d at 1041 (quoting *Brooke Group Ltd. v. Brown & Williamson Tobacco Corp.*, 509 U.S. 209, 242 (1993)).

[redacted]

Because Foster [redacted] his opinion is unreliable and must be excluded. *Golden Bridge Tech. v. Apple Inc.*, No. 12-04882, 2014 U.S. Dist. LEXIS 76339, at *5 (N.D. Cal. June 1, 2014). Ultimately, "'there is simply too great an analytical gap between the data and the opinion proffered' to allow its admission." *Id.* at *5-6 (quoting *GE v. Joiner*, 522 U.S. 136, 146 (1997)).

[redacted]

[redacted]

9

[redacted]

[redacted]

## CONCLUSION

For all the foregoing reasons, Orange respectfully requests that the Court grant this Motion and issue an order prohibiting Plaintiff from offering the testimony or Rule 26 Report of George Foster for any purpose in these proceedings.

Respectfully submitted,

---

[redacted]

ORANGE, S.A., et al.

By their attorneys,

Daniel Schimmel (*pro hac vice*)
Anthony Mirenda (*pro hac vice*)

*/s/ Anthony D. Mirenda*
Anthony D. Mirenda

FOLEY HOAG LLP

Dated: January 6, 2017

FILER'S ATTESTATION

Pursuant to Civil L.R. 5-1(i)(3), regarding signatures, I, Daralyn J. Durie, attest that concurrence in the filing of this document has been obtained.

*/s/ Daralyn J. Durie*

Daralyn J. Durie