REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED

1 | DURIE TANGRI LLP
   Daralyn J. Durie (SBN 169825)
2 | ddurie@durietangri.com
   217 Leidesdorff Street
3 | San Francisco, California, 94111
   +1 (415) 362-6666
4 | +1 (415) 236-6300 facsimile

5 | *Attorney for Defendant Orange, S.A.*

6 | FOLEY HOAG LLP
   Daniel Schimmel (*pro hac vice*)
7 | dschimmel@foleyhoag.com
   1540 Broadway, 23rd Floor
8 | New York, New York, 10036
   +1 (646) 927-5500
9 | +1 (646) 927-5599 facsimile

10 |  Anthony Mirenda (*pro hac vice*)
    amirenda@foleyhoag.com
11 | Seaport West
    155 Seaport Boulevard
12 | Boston, MA 02210
    +1 (617) 832-1220
13 | +1 (617) 832-7000 facsimile

14 | *Attorneys for Defendants*

15 |

16 |

17 | IN THE UNITED STATES DISTRICT COURT
    FOR THE NORTHERN DISTRICT OF CALIFORNIA
18 | SAN FRANCISCO DIVISION

19 |

20 | TELESOCIAL, INC.,

21 |         Plaintiff,

22 |    v.

23 | ORANGE S.A., et al.,

24 |         Defendants.

Case No. 3:14-cv-03985-JD

**DEFENDANTS' NOTICE OF MOTION AND MOTION TO EXCLUDE THE OPINIONS AND TESTIMONY OF JAMES KEARL AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

Date:   February 16, 2017
Time:   10:00 a.m.
Ctrm:   11, 19th Floor
Judge:  Honorable James Donato
Trial:  April 10, 2017

1

## TABLE OF CONTENTS

INTRODUCTION ........................................................................................................1

ARGUMENT .............................................................................................................2

I.   KEARL'S OPINION ON TELESOCIAL'S ENTERPRISE VALUE IS
     IRRELEVANT, SPECULATIVE AND UNRELIABLE. ...................................2

     A.   ████████████████████████████████████████
          ██████████████ .............................................................2

     B.   Kearl's starting point of ███████████████████████
          ██████████ is speculative and unreliable. ...........................................4

     C.   Kearl's use of a ████████ value based on ████████████████
          ████████████████████████████████████████ is
          speculative and unreliable. .....................................................................5

     D.   Kearl's addition of a ████████████" is speculative and unreliable. .........6

II.  KEARL'S OPINION ON TELESOCIAL'S REASONABLE ROYALTY
     DAMAGES IS INADMISSIBLE BECAUSE HIS METHODOLOGY IS
     UNSOUND. ...................................................................................................7

     A.   Kearl's final proposed value for the Telesocial "trade secrets" is ████████
          ████████████████ – an impossibility rendering
          both valuations unreliable. .....................................................................7

     B.   Kearl's opinion must be excluded because ████████████████████
          ██████████████s. ................................................................7

     C.   Kearl's opinion must be excluded because he evinces no methodology ████
          ████████████████████████ other than his *ipse dixit*. ...........................9

     D.   Kearl's opinion must be excluded because ████████████████████
          ████████████████████████████████████
          ████████████████. ........................................................12

CONCLUSION.........................................................................................................14

1

## TABLE OF AUTHORITIES

2

**Cases**

3

*Alcatel USA, Inc. v. Cisco Sys.*,
4
  239 F. Supp. 2d 660 (E.D. Tex. 2002)..........................................................................................9

5
*Am. Booksellers Ass'n. v. Barnes & Noble, Inc.*,
6
  135 F. Supp. 2d 1031 (N.D. Cal. 2001).....................................................................................13

7
*Daubert v. Merrell Dow Pharms., Inc.*,
  509 U.S. 579 (1993)..............................................................................................................1, 3, 11

8
*In re Emerging Communs., Inc. S'Holders Litig.*,
9
  No. 16415, 2004 Del. Ch. LEXIS 70 (Del. Ch. May 3, 2004) ...............................................13

10
*Ericsson, Inc. v. D-Link Sys.*,
  773 F.3d 1201 (Fed. Cir. 2014).....................................................................................................8
11

12
*Feduniak v. Old Republic Nat'l Title Co.*,
  No. 13-cv-02060-BLF, 2015 U.S. Dist. LEXIS 57694 (N.D. Cal. May 1, 2015)....................3

13
*First Nat'l Mortg. Co. v. Fed. Realty Inv. Tr.*,
14
  No. C-03-02013 RMW, 2005 U.S. Dist. LEXIS 34285 (N.D. Cal. Sep. 12, 2005) .................2

15
*Georgia-Pacific Corp. v. United v. States Plywood Corp.*,
  318 F. Supp. 1116 (S.D.N.Y. 1970)..............................................................................................9
16

17
*GE v. Joiner*,
  522 U.S. 136 (1997)......................................................................................................................11

18
*Golden Bridge Tech. v. Apple Inc.*,
19
  No. 12-04882, 2014 U.S. Dist. LEXIS 76339 (N.D. Cal. June 1, 2014)................................13

20
*GPNE Corp. v. Apple, Inc., 12-cv-02885-LHK*,
  2014 U.S. Dist. LEXIS 53234 (N.D. Cal Apr. 16, 2014) .........................................................11
21

22
*Gray v. Cytokine Pharmasciences, Inc.*,
  No. 17451, 2002 Del. Ch. LEXIS 48 (Del. Ch. April 25, 2002) .............................................13

23
*Hyatt v. Sierra Boat Co.*,
24
  79 Cal. App. 3d 325 (1978) ...........................................................................................................2

25
*Intermedics, Inc. v. Ventritex, Inc.*,
  139 F.R.D. 384 (N.D. Cal. 1991).................................................................................................14
26

27

28

*Lippe v. Bairnco Corp.*,
    288 B.R. 678, 691 (S.D.N.Y. 2003), *aff'd*, 99 Fed. Appx. 274 (2d Cir. 2004) ........................... 7

*Mattel, Inc. v. MGA Entm't, Inc.*,
    No. 04-cv-9049, 2011 U.S. Dist. LEXIS 26995 (C.D. Cal. Mar. 4, 2011) ................................ 8

*McGlinchy v. Shell Chemical Co.*,
    845 F.2d 802 (9th Cir. 1988) .................................................................................................. 13

*Mukhtar v. Cal. State Univ.*,
    299 F.3d 1053 (9th Cir. 2002) ................................................................................................ 14

*Open Text S.A. v. Box, Inc.*,
    No. 13-cv-04910, 2015 U.S. Dist. LEXIS 8783 (N.D. Cal. Jan. 23, 2015) ............... 7, 8, 10, 11

*Oracle Am., Inc. v. Google Inc.*,
    798 F. Supp. 2d 1111 (N.D. Cal. 2011) ................................................................................... 11

*Primiano v. Cook*,
    598 F.3d 558 (9th Cir. 2010) .................................................................................................... 7

*VirnetX, Inc. v. Cisco Systems, Inc.*,
    767 F.3d 1308 (Fed. Cir. 2014) ............................................................................................ 7, 9

*Whitserv, LLC v. Computer Packages, Inc.*,
    694 F.3d 10 (Fed. Cir. 2012) ................................................................................................... 10

1

## NOTICE OF MOTION AND MOTION

2

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

3

PLEASE TAKE NOTICE that on February 16, 2017 at 10 a.m. or at a different time and date

4

set by the Court, Defendants Orange S.A. and the individual defendants (collectively, the "Orange

5

Defendants") hereby move the Court for an order prohibiting Plaintiff from offering the testimony

6

or Rule 26 Report of James R. Kearl for any purpose in these proceedings.  This motion is made

7

pursuant to Federal Rule of Evidence 702, and is based upon this Notice of Motion and the

8

accompanying Memorandum of Points and Authorities included herewith, the Exhibits thereto, the

9

Proposed Order submitted herewith, all pleadings and papers on file in this action, and such further

10

evidence, argument, and exhibits that may be submitted to the Court or before the hearing.

11

## MEMORANDUM OF POINTS AND AUTHORITIES

12

### INTRODUCTION

13

As part of its damages case, Plaintiff Telesocial relies on Professor James R. Kearl for his

14

opinions on (1) Telesocial's enterprise value, and (2) reasonable royalty damages.

15

16

17

18

19

20

21

22

23

Both opinions are irrelevant, speculative, unreliable, and

24

contradicted by undisputed facts.  They suffer from methodological flaws that render them fatally

25

unreliable under the requirements of Federal Rule of Evidence 702.  As a result, Kearl's opinions

26

should be excluded in their entirety.  *See, e.g., Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S.

27

─────────────────

28

[1] All exhibits are included as attachments to the declaration of Anthony Mirenda, filed herewith. That declaration includes as an exhibit the report of Orange's damages expert Alan Cox.

579 (1993).

## ARGUMENT

**I.   KEARL'S OPINION ON TELESOCIAL'S ENTERPRISE VALUE IS IRRELEVANT, SPECULATIVE AND UNRELIABLE.**

**A.**



Kearl's opinion

*See, e.g., First Nat'l Mortg. Co. v. Fed. Realty Inv. Tr.*, No. C-03-02013 RMW, 2005 U.S. Dist. LEXIS 34285, at *19 (N.D. Cal. Sep. 12, 2005) ("breach of contract damages are to be measured from the date of the breach") (internal quotation omitted); *Hyatt v. Sierra Boat Co.*, 79 Cal. App. 3d 325, 342 (1978) ("damages must be based upon the value at the time of the tortious act").

Instead of valuing Telesocial as it actually existed in November of 2012, at the time of the

_____

[2] Kearl acknowledges the multi-part "if-then" statements underlying his opinion, stating:



Exhibit A at 45.

1    alleged breach or tort

2

3

4

5

6

7       The premise of a proper damages inquiry is that the value is to be measured *before* the

8    wrongful conduct took place, and at that point, the expert must look to Telesocial as it actually

9    existed, not some hypothetical Telesocial as it might have existed at some point in the future.

10

11

12

13       The proper framework in which to assess damages for the alleged breach of Telesocial's

14    Terms of Use ("ToU") is to assume a world with no breach of the ToU – but such a world as of

15    November 2012 is also a world where Telesocial had no contract with Orange or any other operator,

16    short- or long-term, and had secured no investors beyond the small group of angels it had as of 2011.

17

18

19

20

21

22

23

24       An expert opinion is relevant only if it will "assist the trier of fact to understand the evidence

25    or to determine a fact in issue." *Daubert*, 509 U.S. at 591.  This consideration has been described as

26    one of "fit" — "whether expert testimony proffered in the case is sufficiently tied to the facts of the

27    case that it will aid the jury in resolving a factual dispute." *Feduniak v. Old Republic*

28

1  *Nat'l Title Co.*, No. 13-cv-02060-BLF, 2015 U.S. Dist. LEXIS 57694, at *4-5 (N.D. Cal. May 1,

2  2015) (citing *Daubert*).



Each step ignores the real world and is

unreliable.

**B. Kearl's starting point of ▮▮▮▮▮▮▮▮▮▮ is speculative and unreliable.**



1

2

3

4

5

**C. Kearl's use of a** ███████ **value based on** ████████ ████████████████████████ **is speculative and unreliable.**



1
2
3
4
5
6
7
8
9
10
11
12
13     **D.  Kearl's addition of a** ████████████ **is speculative and unreliable.**
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1

2

3      Whether or not to apply a control premium at all, and, if so, what percentage to apply, is a

4  fact specific inquiry, and requires analysis that is transparent to the court and the jury. *Lippe v.*

5  *Bairnco Corp.*, 288 B.R. 678, 691 (S.D.N.Y. 2003) (excluding valuation expert's testimony where

6  he could provide neither "any concrete basis for his decision to apply a control premium in each of

7  the valuations in question" nor "any basis for the amount of the control premium"), aff'd, 99 Fed.

8  Appx. 274 (2d Cir. 2004). ▉▉▉▉▉▉▉▉▉▉ his valuation opinion must be excluded.

9  **II.   KEARL'S OPINION ON TELESOCIAL'S REASONABLE ROYALTY DAMAGES IS**

10  **INADMISSIBLE BECAUSE HIS METHODOLOGY IS UNSOUND.**

11      In this case alleging misappropriation of trade secrets, ▉▉▉▉▉▉▉▉

12  ▉▉▉▉▉▉▉▉ This is directly analogous to the use of a reasonable royalty to

13  measure damages in the patent infringement context.  As this Court explained in *Open Text S.A. v.*

14  *Box, Inc.*, No. 13-cv-04910, 2015 U.S. Dist. LEXIS 8783, *7 (N.D. Cal. Jan. 23, 2015):

15          "Under Daubert, the district judge is 'a gatekeeper, not a fact finder.'"

16          *Primiano v. Cook*, 598 F.3d 558, 564-65 (9th Cir. 2010).  Thus,
           [w]hile questions regarding which facts are most relevant for

17          calculating a reasonable royalty are properly left to the jury, a critical
           prerequisite is that the underlying methodology be sound." *VirnetX*

18          [Inc. v. Cisco Systems, Inc.], 767 F.3d [1308 (Fed. Cir. 2014)] at 1328.
           When it is not, exclusion of the expert's opinion is proper.  Id."

19

20      Kearl's methodology is unsound, and his opinion should be excluded.

21  **A.  Kearl's final proposed value for the Telesocial "trade secrets" is** ▉▉▉▉▉

22  ▉▉▉▉▉▉▉▉▉▉▉▉ **– an impossibility rendering both valuations**

   **unreliable.**

23

24

25

26                                          Kearl's opinions do not

27  withstand even a common-sense test of reasonableness, and for this reason should be excluded.

28

**B. Kearl's opinion must be excluded because** ███████████
███████

In this case, Telesocial now claims that ████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████ Damages for misappropriation of trade secrets must apportion out profits attributable to the defendant's legitimate efforts, work, and creativity. *Mattel, Inc. v. MGA Entm't, Inc.*, No. 04-cv-9049, 2011 U.S. Dist. LEXIS 26995, \*17 (C.D. Cal. Mar. 4, 2011) ("Even if the Bratz concept, sketches, and sculpt were trade secrets that MGA misappropriated, the unjust enrichment from the use of the trade secret does not include the profits generated by MGA's 'hard work,' 'creativity,' and 'legitimate efforts.'"). As this Court held in the patent infringement context:

> [w]hen the accused technology does not make up the whole of the accused products, and the patented feature does not drive the demand for the entire product, 'the ultimate combination of royalty base and royalty rate must reflect the value attributable to the infringing features of the product, and no more.

*See Open Text*, 2015 U.S. Dist. LEXIS 8783, at \*5-6, quoting *Ericsson, Inc. v. D-Link Sys.*, 773 F.3d 1201, 1226 (Fed. Cir. 2014).

Indeed, as the Court in *Ericsson* made clear, "[t]he essential requirement is that the ultimate reasonable royalty award must be based on the incremental value that the patented invention adds to the end product." *Ericsson*, 773 F.3d at 1226; *see Lucent Techs., Inc. v. Gateway, Inc.*, 580 F.3d 1301, 1327, 1332-35 (damages had to be tied to infringing date-picker feature rather than Microsoft Outlook as a whole).

---

[5] As of its expert reports, Telesocial is now claiming misappropriation of ██ trade secrets. Deposition Transcript of Stephen Gray, at 115:21-23 (December 20, 2016) ████████
████████████████████████████████████████████ ").

1

2

3

4

5               *See VirnetX*, 767 F.3d at 1329 ("VirnetX cannot simply hide behind Apple's sales

6 model to avoid the task of apportionment."). And in any event, it makes no sense.

7

8

9

10               Orange's *costs* of

11 developing Party Call are different from Orange's potential *profits* resulting from its work and

12 legitimate efforts. Orange's development cost line items in the simulation document are only a

13 fraction of the contribution made by Orange to the value of Party Call. They do not reflect the

14 contributions of the existing Orange France subscriber base to the value, of deploying Party Call, or

15 the contribution of Orange's existing relationship with Facebook, or the ability to utilize existing

16 Orange technical and software infrastructure, Orange's know how, patents, and trade secrets, or any

17 number of other intangible assets.

18

19

20        Other courts, faced with expert opinion that failed to apportion the value of the alleged trade

21 secret from the value of the company, have rejected it because such a "maneuver . . . reeks of

22 incongruity and underscores the speculative nature of the [plaintiff's] alleged damages." *Alcatel*

23 *USA, Inc. v. Cisco Sys.,* 239 F. Supp. 2d 660, 671 (E.D. Tex. 2002) (noting that plaintiff "essentially

24 attempts to attribute every penny of Monterey's purchase price and every penny of the Wavelength

25 Router technology to the value of its alleged trade secrets"). Citing *Georgia-Pacific Corp. v. United*

26 *States Plywood Corp.*, 318 F. Supp. 1116, 1122 (S.D.N.Y. 1970) for the proposition that "the very

27 definition of a reasonable royalty assumes that, after payment, 'the infringer will be left with a

28

1    profit,'" the court observed that the plaintiff's theory would eviscerate the reasonably royalty theory

2    where the plaintiff's "attempt to essentially recover the complete value of [the company] would not

3    leave [the defendant] with a profit."  *Id.* at 671 n. 9.  So too here.

4        **C.  Kearl's opinion must be excluded because he evinces no**
         ▓▓▓▓▓▓▓▓▓▓▓▓

5            ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ **other than his *ipse dixit*.**

6

7

8

9

10

11

12

13

14

15

16

17

18                                                                                                        As

19   this Court observed in *Open Text*, "[A] 'superficial recitation of the Georgia-Pacific factors,

20   followed by conclusory remarks' is not enough."   2015 U.S. Dist. LEXIS 8783, *18, quoting

21   *Whitserv, LLC v. Computer Packages, Inc.*, 694 F.3d 10, 31 (Fed. Cir. 2012).   "[W]hile

22   mathematical precision is not required, some explanation of both why and generally to what extent

23   the particular factor impacts the royalty calculation is needed."  *Id.*

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23          This is not permissible and requires exclusion of his testimony.

24

25

26    In *Open Text*, the damages expert's testimony was excluded because there was no link between her

27    seemingly-precise 15% royalty figure and the "completely impressionistic and qualitative mix" of

28

DEFENDANTS' MOTION TO EXCLUDE THE OPINIONS OF JAMES KEARL / No. 3:14-cv-03985-JD

factors she cited as its basis.  2015 U.S. Dist. LEXIS 8783, at *15-*16.  In *GPNE*, the expert's testimony was excluded because of a similar analytical gap: he admitted there was "no specific math" he could show that led to his royalty figure.  *GPNE*, 2014 U.S. Dist. LEXIS 53234 at *16-*17.  "[N]othing in either *Daubert* or the Federal Rules of Evidence requires a district court to admit opinion evidence that is connected to existing data only by the *ipse dixit* of the expert."  *GE v. Joiner*, 522 U.S. 136, 146 (1997).

**D.  Kearl's opinion must be excluded because**

1

2

3

4

5

6

7

8

9

10

11

12

13

14    Given the contrary "real world evidence," it is improper for Kearl to embed such a significant

15    assumption in his analysis.

16

17

18                                                                                                Courts

19    routinely exclude opinion testimony that "rests on unsupported assumptions and ignores distinctions

20    crucial to arriving at a valid conclusion." *McGlinchy v. Shell Chemical Co.*, 845 F.2d 802, 807 (9th

21    Cir. 1988).  A properly supported opinion will have a "basis in the record," *id.*, and will be buttressed

22    by "real-world evidence."   *Am. Booksellers Ass'n. v. Barnes & Noble, Inc.*, 135 F. Supp. 2d 1031,

23    1041 (N.D. Cal. 2001).  Because Kearl takes "implausible assumption[s] to begin with and [] does

24    not even attempt to justify" them, his opinions are unreliable and must be excluded.  *Golden Bridge*

25    *Tech. v. Apple Inc.*, No. 12-04882, 2014 U.S. Dist. LEXIS 76339, *5-6 (N.D. Cal. June 1, 2014).

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13  "[These] adjustment[s]

14  amount[] essentially to [Kearl] substituting his personal judgment of what [Orange] should be for

15  the non-litigation business judgment of [Orange's] management." *In re Emerging Communs., Inc.*

16  *S'Holders Litig.*, No. 16415, 2004 Del. Ch. LEXIS 70, *57 (Del. Ch. May 3, 2004); *see also Gray*

17  *v. Cytokine Pharmasciences, Inc.*, No. 17451, 2002 Del. Ch. LEXIS 48, *26 (Del. Ch. April 25,

18  2002) (rejecting "litigation-driven projections" as unreliable).

19

20

21  As this court has recognized,

22  "it would be fundamentally misleading, and could do great damage to the integrity of the truth

23  finding process, if testimony that was being presented as the independent thinking of an 'expert' in

24  fact was the product, in whole or significant part, of the suggestions of counsel." *Intermedics, Inc.*

25  *v. Ventritex, Inc.*, 139 F.R.D. 384, 395-96 (N.D. Cal. 1991); *see also Mukhtar v. Cal. State Univ.*,

26  299 F.3d 1053, 1063-64 (9th Cir. 2002), overruled on other grounds by *Estate of Barabin v.*

27  *AstenJohnson, Inc.*, 740 F.3d 457 (9th Cir. 2014) (en banc) ("Maintaining Daubert's standards is

28

1    particularly important considering the aura of authority experts often exude, which can lead juries

2    to give more weight to their testimony.").

3                                          **CONCLUSION**

4           For all the foregoing reasons, Orange respectfully requests that the Court grant this Motion

5    and issue an order prohibiting James R. Kearl from offering any of the opinions in his Rule 26

6    report.

7

8    Respectfully submitted,

9    ORANGE, S.A., et al.

10   By their attorneys,

11   */s/ Anthony D. Mirenda*
     Anthony D. Mirenda
12   FOLEY HOAG LLP

13

14   Dated:          January 6, 2017

15                                     FILER'S ATTESTATION

16          Pursuant to Civil L.R. 5-1(i)(3), regarding signatures, I, Daralyn J. Durie, attest that

17   concurrence in the filing of this document has been obtained.
      */s/ Daralyn J. Durie*
18   Daralyn J. Durie

19

20

21

22

23

24

25

26

27

28
     DEFENDANTS' MOTION TO EXCLUDE THE OPINIONS OF JAMES KEARL / No. 3:14-cv-03985-JD
     B4636694.1
                                              -15-