REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED

DURIE TANGRI LLP
  Daralyn J. Durie (SBN 169825)
  ddurie@durietangri.com
217 Leidesdorff Street
San Francisco, California, 94111
+1 (415) 362-6666
+1 (415) 236-6300 facsimile

*Attorneys for Orange, S.A.*

FOLEY HOAG LLP
  Daniel Schimmel (*pro hac vice*)
  dschimmel@foleyhoag.com
1540 Broadway, 23rd Floor
New York, New York, 10036
+1 (646) 927-5500
+1 (646) 927-5599 facsimile

  Anthony Mirenda (*pro hac vice*)
  amirenda@foleyhoag.com
Seaport West
155 Seaport Boulevard
Boston, MA 02210
+1 (617) 832-1220
+1 (617) 832-7000 facsimile

*Attorneys for Defendants*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| TELESOCIAL, INC., <br><br> Plaintiff, <br><br> v. <br><br> ORANGE S.A., et al., <br><br> Defendants. | Case No. 3:14-cv-03985-JD <br><br> **DEFENDANTS' NOTICE OF MOTION AND MOTION TO EXCLUDE THE OPINIONS AND TESTIMONY OF STEPHEN GRAY AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** <br><br> Date: February 16, 2017 <br> Time: 10:00 a.m. <br> Ctrm: 11, 19th Floor <br> Judge: Honorable James Donato <br> Trial: April 10, 2017 |

**TABLE OF CONTENTS**

Page

I. GRAY'S OPINION ▓▓▓▓ IS IRRELEVANT AND UNRELIABLE. ---- 3

    a. ▓▓▓▓ ---- 3

        i. ▓▓▓▓ ---- 4

        ii. ▓▓▓▓ ---- 6

    b. Gray follows no recognizable methodology ▓▓▓▓ ---- 10

II. GRAY'S OPINIONS ▓▓▓▓ ARE UNSUBSTANTIATED SPECULATION. ---- 12

    a. Gray's opinion ▓▓▓▓ s based on flawed reasoning and no known methodology. ---- 13

    b. Gray's opinion ▓▓▓▓ is speculative and unreliable. ---- 14

# TABLE OF AUTHORITIES

**Cases**

*Agency Solutions.Com, LLC v. TriZetto Grop., Inc.*,
  819 F. Supp. 2d 1001 (E.D. Cal. 2011) .................................................................. 6, 11

*Alaska Rent-A-Car-, Inc. v. Avis Budget Group*,
  738 F.3d 960 (9th Cir. 2013) ...................................................................................... 14

*Altavion, Inc. v. Konica Minolta Sys. Lab. Inc.*,
  226 Cal. App. 1st. Dist. 26 (2014) ............................................................................... 6

*Estate of Barabin v. AstenJohnson, Inc.*,
  740 F.3d 457 (9th Cir. 2014) ...................................................................................... 11

*Cabrera v. Cordis Corp.*,
  134 F.3d 1418 (9th Cir. 1998) .................................................................................... 12

*Computer Economics, Inc. v. Gartner Group, Inc.*,
  50 F. Supp. 2d 980 (S.D. Cal. 1999) ............................................................................ 4

*Daubert v. Merrell Dow Pharmaceuticals*,
  43 F.3d 1311 (9th Cir. 1995) ...................................................................................... 14

*Daubert v. Merrell Dow Pharmaceuticals*,
  Inc., 509 U.S. 579 (1993) .................................................................................... 2, 3, 6

*Diviero v. Uniroyal Goodrich Tire Co.*,
  114 F.3d 851 (9th Cir. 1997) ................................................................................ 12, 15

*Feduniak v. Old Republic Nat'l Title Co.*,
  No. 13-cv-02060-BLF, 2015 U.S. Dist. LEXIS 57694 (N.D. Cal. May 1,
  2015) ............................................................................................................................ 3

*Fernlund v. TransCanada USA Servs. Inc.*,
  No. 1:13-cv-01495-CL, 2014 U.S. Dist. LEXIS 159386 (D. Or. Oct. 3, 2014) ........... 6

*GE v. Joiner*,
  522 U.S. 136 (1997) ...................................................................................... 10, 13, 14

*GPNE Corp. v. Apple, Inc.*,
  No. 12-02885, 2014 U.S. Dist. LEXIS 53234 (N.D. Cal. Apr. 16, 2014) .................. 11

*Intermedics, Inc. v. Ventritex, Inc.*,
  139 F.R.D. 384 (N.D. Cal. 1991) ............................................................................... 13

*JobScience, Inc. v. CVPartners, Inc.*,
  No. 03-04519, 2014 U.S. Dist. LEXIS 64350 (N.D. Cal. May 1, 2014) ..................... 4

*Krouch v. Wal-Mart Stores, Inc.*,
   No. 12-cv-02217-YGR, 2014 U.S. Dist. LEXIS 152755 (N.D. Cal. Oct. 28,
   2014) ............................................................................................................................. 15

*Kumho Tire Co. v. Carmichael*,
   526 U.S. 137 (1999) ....................................................................................................... 12

*McGlinchy v. Shell Chemical Co.*,
   845 F.2d 802 (9th Cir. 1988) .......................................................................................... 12

*Open Text S.A. v. Box, Inc.*,
   No. 13-04910, 2015 U.S. Dist. LEXIS 8783 (N.D. Cal. Jan. 23, 2015) .................... 10, 11

*Primiano v. Cook*,
   598 F.3d 558 (9th Cir. 2010) ............................................................................................ 3

*United States v. Hankey*,
   203 F.3d 1160 (9th Cir. 2000) ........................................................................................ 11

**Statutory Authorities**

Cal. Civ. Code §§3426.1-3426 ................................................................................................. 3

**Rules**

Fed. R. Evid. 702 advisory committee's notes to 2000 amendments .............................. 1, 2, 4

**NOTICE OF MOTION AND MOTION**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on February 16, 2017 at 10:00AM, or at a different time and date set by the Court, Defendants Orange S.A. and all individual defendants (collectively, the "Orange Defendants") hereby move the Court for an order prohibiting Plaintiff from offering the testimony or Rule 26 Reports of Stephen Gray for any purposes in these proceedings.

This motion is made pursuant to Fed. R. Evid. 702 and 403, and is based upon this Notice of Motion and Motion, the Memorandum of Points and Authorities included herewith, the Declaration of Anthony Mirenda and Exhibits thereto, the Proposed Order submitted herewith, all pleadings and papers on file in this action, and such further evidence, argument, and exhibits that may be submitted to the Court at or before the hearing.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**INTRODUCTION**

From the outset of this case, Telesocial has characterized its claims in dramatic and extreme terms, leading the Court to describe Telesocial's core Computer Fraud and Abuse Act ("CFAA") (18 U.S.C. § 1030) claim as follows:

> As the facts alleged in the FAC make clear, this claim is premised entirely upon events that occurred after the abrupt termination of the discussions subject to the NDA, and is necessarily based on Orange's unauthorized access to information that Telesocial did not disclose during those negotiations. Dkt. No. 37 ¶¶ 35, 39-49, 64-66. Specifically, the CFAA claim states that Orange hacked into Telesocial's protected servers in Emeryville, California, without authorization or permission and using aliases and fake computer accounts, accessed Telesocial's crown-jewel software code, and fraudulently copied it. *Id.* ¶¶ 61-74.

Order Den. Mot. Dismiss 5, Dkt. No. 85.



DEFENDANTS' NOTICE OF MOTION AND MOTION TO EXCLUDE GRAY OPINIONS      /
CASE NO. 3:14-CV-03985-JD

1

██████████████████

██████████████████████████████████████████████
██████████████████████████████████████████████
██████████████████████████████████████████████
██████████████████████████████████████
██████████████████████████████████████████████
██████████████████████████████
█████████████████████████████████████████████
████████████████████████████████████████ Gray's ████
████████████████████████████████████████████████
████████████████████ must be excluded because they are unreliable – the product of flawed and inconsistent methodology – and because they do not "fit" this case.

A court has a "gatekeeping" function under Rule 702 and must ensure that an expert's testimony is both reliable and relevant. *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 597 (1993). "Expert evidence can be both powerful and quite misleading because of the difficulty in evaluating it." *Id.* at 595 (citations omitted). The danger here is particularly great, as ████████████████████████████████████████████████████████████

---

[1] Telesocial initially disclosed the nationally recognized computer forensics firm of Stroz Friedberg and no fewer than seven Stroz consultants as its technical experts. Mirenda Decl. ¶ 21. Stroz then undertook what appears to be significant effort, including five visits to examine Orange's source code, each lasting 5-7 hours, in July and August, 2016. *Id.* Then, on September 17, 2016, two weeks before the end of fact discovery, Telesocial identified Gray as a technical expert. *Id.* ████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████

# ARGUMENT

## I. GRAY'S OPINION ▇▇▇ IS IRRELEVANT AND UNRELIABLE.



Evidence is relevant if it will "assist the trier of fact to understand the evidence or to determine a fact in issue." *Daubert*, 509 U.S. at 591. This consideration has been described as one of "fit" — "whether expert testimony proffered in the case is sufficiently tied to the facts of the case that it will aid the jury in resolving a factual dispute." *Feduniak v. Old Republic Nat'l Title Co.*, No. 13-cv-02060-BLF, 2015 U.S. Dist. LEXIS 57694, at *4-5 (N.D. Cal. May 1, 2015) (citing *Daubert*, 509 U.S.). What is relevant depends on the law defining the claim. *See Primiano v. Cook*, 598 F.3d 558, 566-67 (9th Cir. 2010). ▇▇▇ is squarely prohibited by Section 2019.210 of the California Uniform Trade Secrets Act ("CUTSA"). Cal. Civ. Code §§3426.1-3426.11. "The rule requiring a plaintiff to disclose its trade secrets at the outset of discovery . . . prevents plaintiffs from using the discovery process as a means to obtain the



2 ▇▇▇

1 defendant's trade secrets." *Computer Economics, Inc. v. Gartner Group, Inc.*, 50 F. Supp. 2d 980,
2 985 (S.D. Cal. 1999). "A true trade secret plaintiff ought to be able to identify, up front, and with
3 specificity the particulars of the trade secrets without any discovery." *JobScience, Inc. v.*
4 *CVPartners, Inc.*, No. 03-04519, 2014 U.S. Dist. LEXIS 64350, at *14 (N.D. Cal. May 1, 2014).

[lines 5–22 redacted]

[footnote 3 redacted, lines 23–28]



Case 3:14-cv-03985-JD  Document 186  Filed 01/06/17  Page 9 of 20</->

DEFENDANTS' NOTICE OF MOTION AND MOTION TO EXCLUDE GRAY OPINIONS
CASE NO. 3:14-CV-03985-JD

5</->

███████████████████████████

This tactic is contrary to CUTSA and should not be permitted. *See Agency Solutions.Com, LLC v. TriZetto Grop., Inc.*, 819 F. Supp. 2d 1001, 1015 (E.D. Cal. 2011) ("It is crucial to any CUTSA cause of action—and any defense—that the information claimed to have been misappropriated be clearly identified."); *Altavion, Inc. v. Konica Minolta Sys. Lab. Inc.*, 226 Cal. App. 1st. Dist. 26, 43-44 (2014). In exercising its gatekeeping function, the Court "should also be mindful of other applicable rules," including Rule 403 which permits the exclusion of evidence "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury . . ." *Daubert*, 509 U.S. at 595. "Expert evidence can be both powerful and quite misleading because of the difficulty in evaluating it." *Id*. (internal citation omitted). Given these tactics, Gray's opinions "confuse, rather than clarify, Plaintiffs' allegations" and are likely to mislead the jury. *Fernlund v. TransCanada USA Servs. Inc.*, No. 1:13-cv-01495-CL, 2014 U.S. Dist. LEXIS 159386, at *9 (D. Or. Oct. 3, 2014).

███████████████████████████



[4] An API is an interface between two programs or components.





---

[5] One document, which has a Telesocial Bates number, TS-OG00184452, is actually an Orange internal e-mail.

1
2
3
4
5
6
7
8
9
10
11
12
13  **Gray follows no recognizable methodology**
14
15  Where an expert's methodology is "not visible to the eyes of the Court, the jury, and
16  opposing counsel, or testable in the crucible of cross-examination," that opinion should be
17  excluded. *Open Text S.A. v. Box, Inc.*, No. 13-04910, 2015 U.S. Dist. LEXIS 8783, *21 (N.D. Cal.
18  Jan. 23, 2015). Indeed, that opinion rests not on adequate supports, but is effectively the expert's
19  say-so, and "nothing in either *Daubert* or the Federal Rules of Evidence requires a district court to
20  admit opinion evidence that is connected to existing data only by the *ipse dixit* of the expert." *GE*
21  *v. Joiner*, 522 U.S. 136, 146 (1997).
22
23
24
25
26
27
28

1 ████████████████████████████████████████████████████████████
2 ████████████████████████████████████████████████████████████
3 ████████████████████████████████████████████████████████████
4 ████████████████████████████████████████████████████████████
5 ████████████████████████████████████████████████████████████
6 ██████████████████████ "While source code is undoubt[ed]ly a trade secret, the way the source
7 code works when compiled and run is not." *Agency Solutions.Com*, 819 F. Supp. 2d at 1017.
8 ████████████████████████████████████████████████████████████
9 ████████████████████████████████████████████████████████████
10 ███████████████████████████████████████████████████████████
11 ███████████████████████████████████████████████████████████
12 ███████████████████████████████████████████████████████████
13 ███████████████████████████████████████████████████████████
14 ███████████████████████████████████████████████████████████
15 ███████████████████████████████████████████████████████████
16 ███████████████████████████████████████████████████████████
17 ██████████████████████████████████████████ "is a 'black box into which data is fed at
18 one end and from which an answer emerges at the other,' and the jury cannot see how the pieces
19 fit together or how the data drives the conclusion." *Open Text*, 2015 U.S. Dist. LEXIS 8783, *21
20 (citation omitted).

21 Gray's assertion ███████████████████████████████████████ cannot be
22 tested and is therefore unreliable. *See United States v. Hankey*, 203 F.3d 1160, 1167 (9th Cir. 2000)
23 (citing *Daubert*); *Estate of Barabin v. AstenJohnson, Inc.*, 740 F.3d 457, 463 (9th Cir. 2014) (citing
24 *Hankey*). "[T]he Court must be able to see the mechanisms in order to determine if they are reliable
25 and helpful" and cannot here do so. *GPNE Corp. v. Apple, Inc.*, No. 12-02885, 2014 U.S. Dist.
26 LEXIS 53234, *18 (N.D. Cal. Apr. 16, 2014) (citation omitted). "Lacking any sound foundation,
27 [Gray's analysis] would mislead a jury into believing" that Telesocial practiced these trade secrets
28

and should be excluded. *McGlinchy v. Shell Chemical Co.*, 845 F.2d 802, 807 (9th Cir. 1988).

## II. GRAY'S OPINIONS ▮▮▮ ARE UNSUBSTANTIATED SPECULATION.

Gray's opinions ▮▮▮ are inadmissible because ▮▮▮ Gray's reasoning is "simply a subjective, conclusory approach that cannot reasonably be assessed for reliability . . ." FED. R. EVID. 702 advisory committee's note to 2000 amendments. "Rule 702 demands that expert testimony relate to scientific, technical, or other specialized knowledge, which does not include unsubstantiated speculation and subjective beliefs." *Diviero v. Uniroyal Goodrich Tire Co.*, 114 F.3d 851, 853 (9th Cir. 1997). The purpose of the *Daubert* gatekeeping function is "to make certain that an expert, whether basing testimony upon professional studies or personal experience, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 152 (1999). "[T]he gatekeeping inquiry must be 'tied to the facts' of a particular 'case.'" *Id.* at 150 (citing *Daubert*). Opinion based on "unsubstantiated and undocumented information is the antithesis of [a] scientifically reliable expert opinion . . ." *Cabrera v. Cordis Corp.*, 134 F.3d 1418, 1423 (9th Cir. 1998).

[REDACTED] *Intermedics, Inc. v. Ventritex, Inc.*, 139 F.R.D. 384, 395-96 (N.D. Cal. 1991) ("[I]t would be fundamentally misleading… if testimony that was being presented as the independent thinking of an 'expert' in fact was the product, in whole or significant part, of the suggestions of counsel.").

      **a.    Gray's opinion on Orange's alleged "accesses" to Telesocial's servers is based on flawed reasoning and no known methodology.**

[REDACTED]

[REDACTED] Experts may rely on other experts under *Daubert*. However, they may not rely on a mischaracterization of another expert's conclusions. *GE*, 522 U.S. at 145 (excluding expert who relied on second expert's study which did not support first expert's conclusion).

[REDACTED]

1 ████████████████████████████████████████
2 ████████████████████████████████████████
3 ████████████████████████████████████████
4 ████████████████████████████████████████
5 ████████████████████████████████████████
6 ████████████████████████████████████████
7 ██████████████████
8      ████████████████████████████████████
9 ████████████████████████████████████████
10 ████████████████████████████████████████
11 ████████████████████████████████████████
12 ████████████████████████████████████████
13 ██████████████████████████████████ The
14 situation here is analogous to *GE v. Joiner*, in which expert testimony was excluded because it
15 compared the injection of PCBs in a highly concentrated form in mice to a much smaller exposure
16 to an adult human. *GE*, 522 U.S. at 144. ██████████████████████████
17 ████████████████████████████████████████
18 ████████████████████████████████████████
19 ████████████████████████████████████████
20 █████████████████████████████ Gray's comparison is
21 misleading and has no "substance such that it would be helpful to a jury." *Alaska Rent-A-Car-,*
22 *Inc. v. Avis Budget Group*, 738 F.3d 960, 969-70 (9th Cir. 2013).

  **b. Gray's opinion on the Telesocial Terms of Use is speculative and unreliable.**

  "[E]xperts must explain precisely how they went about reaching their conclusions and point to some objective source . . ." *Daubert v. Merrell Dow Pharmaceuticals*, 43 F.3d 1311, 1319

---

[6] Orange's expert examined the server-side code for the HTML pages discussed in the Guimond-Godiniaux e-mail exchange to see whether Telesocial's code resembled any Orange server side code. It did not. Mirenda Decl. Ex. I at §§III.B, C; Ex. J at ¶ 238.

1  (9th Cir. 1995). Relying on a plaintiff's testimony, without more, when it is contradicted by other facts is not permissible. *See Krouch v. Wal-Mart Stores, Inc.*, No. 12-cv-02217-YGR, 2014 U.S. Dist. LEXIS 152755, at *19-20 (N.D. Cal. Oct. 28, 2014). ▮

▮

Under *Daubert*, particularly in the face of contrary evidence, Gray was required to evaluate the reasonableness of relying on this assertion. ▮ Gray's "inability to dismiss various other possible causes," his "lack of knowledge" about the source code, and his "inability satisfactorily to explain the reasoning behind his opinions" make his testimony "unsubstantiated and subjective, and therefore unreliable and inadmissible." *Diviero*, 114 F.3d at 853.

## CONCLUSION

For all the foregoing reasons, Orange respectfully requests that the Court grant this Motion and issue an order prohibiting from offering the testimony or Rule 26 Reports of Stephen Gray for any purposes in these proceedings.

                      Respectfully submitted,

                      ORANGE, S.A., et al.

                      By their attorneys,

                      Daniel Schimmel (*pro hac vice*)
                      Anthony Mirenda (*pro hac vice*)

                      /s/ Anthony D. Mirenda
                      Anthony D. Mirenda

                      FOLEY HOAG LLP

Dated:      January 6, 2017

### FILER'S ATTESTATION

Pursuant to Civil L.R. 5-1(i)(3), regarding signatures, I, Daralyn J. Durie, attest that concurrence in the filing of this document has been obtained.

/s/ Daralyn J. Durie

Daralyn J. Durie