DURIE TANGRI LLP
  Daralyn J. Durie (SBN 169825)
  ddurie@durietangri.com
217 Leidesdorff Street
San Francisco, California, 94111
+1 (415) 362-6666
+1 (415) 236-6300 facsimile

*Attorneys for Orange, S.A.*

FOLEY HOAG LLP
  Daniel Schimmel (*pro hac vice*)
  dschimmel@foleyhoag.com
1540 Broadway, 23rd Floor
New York, New York, 10036
+1 (646) 927-5500
+1 (646) 927-5599 facsimile

  Anthony Mirenda (*pro hac vice*)
  amirenda@foleyhoag.com
Seaport West
155 Seaport Boulevard
Boston, MA 02210
+1 (617) 832-1220
+1 (617) 832-7000 facsimile

*Attorneys for Defendants*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| TELESOCIAL, INC.,<br><br>        Plaintiff,<br><br>v.<br><br>ORANGE S.A., et al.,<br><br>        Defendants. | Case No. 3:14-cv-03985-JD<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION *IN LIMINE* NO. 1 TO PRECLUDE PLAINTIFF FROM CHARACTERIZING A JULY 2012 PRESENTATION TO FACEBOOK AS IMPROPER**<br>Final Pretrial Conference: March 23, 2017<br>Ctrm:  11, 19th Floor<br>Judge:  Honorable James Donato<br>Trial:  April 10, 2017 |

# NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that, at a time and date set by the Court, Defendants Orange S.A. and all individual defendants (collectively, the "Orange Defendants") will and hereby do move *in limine* pursuant to Federal Rule of Civil Procedure 16(b) and Federal Rules of Evidence 401, 403, and 404 to preclude Plaintiff Telesocial ("Telesocial") from presenting evidence or argument characterizing the inclusion of a Telesocial screenshot in a July 2012 Orange presentation to Facebook as improper in any way.[1] This motion is based upon this Notice of Motion and Motion, the Memorandum of Points and Authorities included herewith, the supporting Declaration of Anthony Mirenda, all pleadings and papers on file in this action, and such further evidence, argument, and exhibits that may be submitted to the Court at or before the hearing.

# MEMORANDUM OF POINTS AND AUTHORITIES

In its order on the Orange Defendants' motion to dismiss, this Court held that the Orange Defendants' *forum non conveniens* argument did not apply because Telesocial's claims in the First Amended Complaint did "not fall within the scope of the forum selection clause." (Docket No. 85 at 4). Notably, the forum selection clause that was included in the Non-Disclosure Agreement (the "NDA") would have sited this dispute in France. Analyzing each of Telesocial's claims, and relying on Telesocial's express representations, the Court concluded that each claim concerned only conduct *after* the termination of the NDA.[2] *See, e.g.*, *id.* at 5 ("As the facts alleged in the FAC make clear, this claim [under the CFAA] is premised entirely upon events that occur after the abrupt termination of the discussions subject to the NDA.") Despite the clear import of the Court's order that Telesocial's claims apply only to conduct *after* the termination of the NDA, Telesocial has nonetheless, throughout discovery, hearkened back to conduct *during* the period

---

[1] The presentation is included as Exhibit 1 to the supporting affidavit of Anthony Mirenda ("Mirenda Decl."), filed herewith.

[2] It is Telesocial's position that the NDA terminated with the end of negotiations in July 2012. It is Orange's position that the NDA did not terminate then and in fact continued beyond the fall of 2012, covering Orange's conduct in that time period as well. Nothing herein shall be taken as a waiver of Orange's arguments concerning the termination of the NDA, and instead Orange expressly preserves them.

governed by the NDA. In particular, Telesocial has characterized Orange's inclusion of a screenshot of Telesocial's Call Friends application in a July 2012 presentation to Facebook as being some illicit taking and misuse of Telesocial's confidential information shared during the period of the parties' negotiations—exactly the subject-matter covered by the NDA. *See, e.g.*, Exhibit 2 to Mirenda Decl. (Catherine Le Drogo Tr. 202-222) (Telesocial's counsel asking, at 208:2-4, "And again, we see a screenshot provided on this page, which was pulled—which is a Telesocial screenshot, right?" and later, at 216:11-12, "Where does the word 'Telesocial' appear on page 6053?"). This has occurred with no fewer than three Orange witnesses at deposition.

Given the Court's ruling on the motion to dismiss, and Telesocial's affirmative arguments to the Court that the allegations in its First Amended Complaint pertained only to the period after the termination of the NDA, Telesocial should be estopped from arguing alleged improper conduct that reaches-back to the period before the NDA's termination.

The Orange Defendants anticipate that Telesocial will seek to characterize the presentation to Facebook, specifically a Telesocial screenshot in it, as improper and ill-gotten. This characterization is irrelevant to the claims in dispute, and Telesocial should be precluded from suggesting in any way that Orange inappropriately gained access to or misused information during the parties' negotiations. If Telesocial is allowed to characterize Orange's presentation to Facebook in this manner, there will be substantial prejudice to Orange, confusion of the issues that are appropriate for the jury's consideration, and a time-intensive mini trial on a subject – whether or not Orange's use of this screenshot in July 2012 was permissible under the NDA – this Court has already found is outside the claims alleged by Telesocial.

Orange would be unduly prejudiced by any suggestion of impropriety under the NDA, including the content of the presentation to Facebook. Fed. R. Evid. 403, *see United States v. Blackstone*, 56 F.3d 1143, 1146 (9th Cir. 2005) ("[U]nfair prejudice in the context of balancing evidence means an undue tendency to suggest decision on an improper basis commonly, though not necessarily, an emotional one."). Knowing it cannot litigate the issue of a supposed violation of the NDA directly, Telesocial must be precluded from injecting the issue indirectly, implanting

the subject firmly in the minds of the jurors, who, despite having no claim under the NDA before them, will have heard the suggestion, often coded and subtle, that Orange gained access to information that was protected or confidential during the period of the parties' negotiations and then misused it. This is exactly the proscription of Rule 404, in that Telesocial suggests that Orange's use of this document during the negotiations was somehow improper and is now relevant to whether Orange engaged in misconduct after the negotiations ended. Fed. R. Evid. 404(b)(1).

Exclusion is also warranted where there is "danger of confusing the issues and wasting time with mini-trials regarding the events underlying" entirely different claims than those alleged at trial. *United States v. Jones*, 123 F. App'x 773, 775 (9th Cir. 2005). Telesocial has no claims under the NDA, and yet its improper characterization of conduct during the period of the NDA would significantly complicate the jurors' decision-making by introducing another potential legal framework that this Court has already determined does not apply to the issues in this case. If alleged misconduct under the NDA creeped into testimony at trial, then Orange would be forced to introduce evidence at trial that there was no breach under the NDA—a 'mini trial' on an issue that has already been put to rest. "These 'mini-trials' pose the risk of unfair prejudice, are likely to confuse the issues, mislead the jury, and waste time." *Thuy Van v. Language Line Servs.*, No. 14-3791, 2016 U.S. Dist. LEXIS 85620, at *8-9 (N.D. Cal. June 30, 2016). Ultimately, Telesocial should not be allowed to go through the back door when the front door has been closed. The Court determined, based on arguments made by Telesocial and amendments to its complaint that removed all reference to the NDA, that Telesocial's claims pertained only to conduct after the termination of the NDA. It cannot now seek to reintroduce this same conduct by implication, suggestion, or characterization.

## CONCLUSION

For all the foregoing reasons, the Orange Defendants respectfully request that the Court grant this Motion and preclude Telesocial from characterizing the inclusion of a Telesocial screenshot in Orange's presentation to Facebook as improper in any way.

|   |   |
|---|---|
| | Respectfully submitted, |
| | ORANGE, S.A., et al. |
| | By their attorneys, |
| | Daniel Schimmel (*pro hac vice*) |
| | Anthony Mirenda (*pro hac vice*) |
| | |
| | _/s/ Anthony D. Mirenda_ |
| | Anthony D. Mirenda |
| | FOLEY HOAG LLP |

Dated: February 23, 2017

### FILER'S ATTESTATION

Pursuant to Civil L.R. 5-1(i)(3), regarding signatures, I, Daralyn J. Durie, attest that concurrence in the filing of this document has been obtained.

_/s/ Daralyn J. Durie_

Daralyn J. Durie