QUINN EMANUEL URQUHART & SULLIVAN, LLP
Edward J. DeFranco (Bar No. 165596)
eddefranco@quinnemanuel.com
51 Madison Avenue, 22nd Floor
New York, New York 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

QUINN EMANUEL URQUHART & SULLIVAN, LLP
Kevin P.B. Johnson (Bar No. 177129)
kevinjohnson@quinnemanuel.com
Todd M. Briggs (Bar No. 209282)
toddbriggs@quinnemanuel.com
David E. Myre (Bar No. 304600)
davidmyre@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065-2139
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

SINGER / BEA LLP
Benjamin L. Singer (Bar No. 264295)
bsinger@singerbea.com
Renee Bea (Bar No. 268807)
rbea@singerbea.com
601 Montgomery Street, Suite 1950
San Francisco, California 94111
Telephone: (415) 500-6080
Facsimile: (415) 500-7080

*Attorneys for Plaintiff*
TELESOCIAL, INC.

DURIE TANGRI LLP
Daralyn J. Durie (SBN 169825)
ddurie@durietangri.com
217 Leidesdorff Street
San Francisco, California, 94111
+1 (415) 362-6666
+1 (415) 236-6300 facsimile

*Attorneys for Defendant* ORANGE, S.A.

FOLEY HOAG LLP
Daniel Schimmel (*pro hac vice)*
dschimmel@foleyhoag.com
Anthony Mirenda (*pro hac vice*)
amirenda@foleyhoag.com
1540 Broadway, 23rd Floor
New York, New York, 10036
+1 (646) 927-5500
+1 (646) 927-5599 facsimile

*Attorneys for Defendants*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

TELESOCIAL, INC.,

Plaintiff,

vs.

ORANGE S.A., et al.,

Defendants.

CASE NO. 3:14-CV-03985-JD

**JOINT PRETRIAL STATEMENT**

Judge: Hon. James Donato
Crtrm.: 11, 19th Floor

Action Filed: Sept. 2, 2014
FAC Filed: Dec. 15, 2014
Trial Date: April 10, 2017

# JOINT PRETRIAL STATEMENT

In accordance with Paragraph 3 of this Court's Standing Order for Civil Jury Trials, the parties hereby submit this Joint Pretrial Statement. Currently pending before the Court are several motions: Defendants' Motion for Summary Judgment and Defendants' Daubert Motions directed at three of Plaintiff's experts.[1] The parties note that resolution of those motions may affect the nature and scope of the issues to be tried. The parties agree that this Joint Statement is being submitted without waiver of any arguments made in the pending motions, and that any representations in this Joint Statement shall not waive any rights or otherwise bind the parties with respect to the pending motions.

## I. SUBSTANCE OF THE ACTION

### A. The Parties

The parties to this action are Plaintiff Telesocial, Inc. ("Telesocial"), a Delaware corporation with a principal place of business in San Francisco, California, and Defendant Orange S.A. ("Orange"), a French corporation, as well as Anne Benrikhi, Dimitri Delmas, Olivier Godiniaux, Guillaume Guimond, Fabrice Petesch, Benoit Amet, and Antoine Lecoutteux, each current or former employees at Orange (the "Individual Defendants") (collectively with Orange, the "Defendants").

### B. Telesocial's Statement Regarding Substance of the Claims

Telesocial asserts claims against Defendants for violations of the Federal Computer Fraud and Abuse Act ("CFAA"), violations of the California Comprehensive Computer Data Access and Fraud Act ("CCDAFA"), breach of the Telesocial Terms of Use, breach of the covenant of good faith and fair dealing implied in the Telesocial Terms of Use, misappropriation of Telesocial's trade secrets, and (against Defendant Orange) unfair competition.

---

[1] *See* Defendants' Notice of Motion and Motion for Summary Judgment on Counts I Through VI of the First Amended Complaint and Memorandum of Points and Authorities in Support Thereof (Dkt. No. 198), Defendants' Notice of Motion and Motion to Exclude the Opinions and Testimony of George Foster and Memorandum of Points and Authorities in Support Thereof (Dkt. No. 200), Defendants' Notice of Motion and Motion to Exclude the Opinions and Testimony of Stephen Gray and Memorandum of Points and Authorities in Support Thereof (Dkt. No. 202), and Defendants' Notice of Motion and Motion to Exclude the Opinions and Testimony of James Kearl and Memorandum of Points and Authorities in Support Thereof (Dkt. No. 204), all filed on January 25, 2017.

In 2012, Orange was desperate to secure a social calling partnership with Facebook, given its struggling telecommunications business. Orange pitched its own internally-developed project to Facebook in July 2012, but Facebook rejected the proposal. Unable to come up with a viable solution internally, Orange decided to take Telesocial's social calling technology Call Friends and pass it off to Facebook as its own. Relying on Telesocial's solution, Orange convinced Facebook to pursue a social calling partnership with Orange, but Orange remained unable to deliver the underlying technology. Accordingly, Orange embarked upon a scheme to copy Telesocial's social calling solution, misappropriate its trade secrets, and reverse engineer its technology so that Orange's Chief Executive Officer, Stéphane Richard, could deliver those features and debut "Party Call" with Facebook's Chief Operating Officer, Sheryl Sandberg, at the international Hello! show in November 2012.

To meet this tight deadline, Orange's Party Call team, including its engineers tasked with developing the underlying technology, repeatedly accessed Telesocial's Call Friends social calling application and protected computer servers using improper means to extract and then implement Telesocial's social calling trade secrets in what became Orange's Party Call system. In other words, Orange's Party Call team hacked into protected areas of Telesocial's servers without authorization and without permission and stole protected information there in violation of the CFAA and the CCDAFA.

This conduct also violated Telesocial Terms of Use and the covenant of good faith and fair dealing implied therein. Defendants had each agreed to the Telesocial Terms of Use which prohibited Call Friends users from using the application for a competitive purpose and from reverse engineering activities. Defendants' uses of Call Friends to further Orange's copying scheme by its Party Call developers and the Individual Defendants breached the Telesocial Terms of Use and the covenant of good faith and fair dealing.

Defendants also misappropriated Telesocial's trade secrets underlying its social calling technology. Telesocial identified its trade secrets with sufficient particularity at the outset of the case. In addition, after reviewing discovery that Orange had withheld for over one year, Telesocial learned additional information regarding the nature of Orange's surreptitious

misappropriation and reverse engineering activities, including the discovery of additional trade secrets misappropriated by Orange, and promptly supplemented its trade secret descriptions accordingly. The trade secrets identified by Telesocial were secret, were neither publicly known nor available, and were misappropriated by Defendants by improper means, as described above. Although Orange claims it independently developed its Party Call system, the evidence shows that claim is not accurate: *first*, numerous members of Orange's Party Call team downloaded Telesocial's Call Friends social calling application; *second*, the Orange Party Call team repeatedly used Telesocial's Call Friends social calling application while they were developing Party Call; *third*, Orange's developed Party Call in a fraction of the time it took Telesocial to develop Call Friends, *fourth*, Orange's Party Call System incorporates numerous unique and non-intuitive aspects of Telesocial's Call Friends system which were not publically available.

Finally, Defendants' hacking of Telesocial's servers and use of fictitious names and identifies to conceal their hacking of Telesocial's servers and breaches of the Telesocial Terms of Use are unfair business practices in violation of the California Unfair Competition Law. This California Unfair Competition claim is not preempted under CUTSA because it is not based on the same factual allegations underlying Telesocial's trade secret misappropriation claim.

**C. Defendants' Statement Regarding Substance of the Defenses**

Defendants deny that Telesocial is entitled to any relief. Defendants deny that they violated the Computer Fraud and Abuse Act (CFAA) or the California Comprehensive Computer Data Access and Fraud Act (CCDAFA) because Telesocial's Call Friends application was publicly available and because the Defendants used only the publicly available Call Friends application the same as was available to any other person in the U.S. using his or her cell phone. Defendants further deny that any Defendant engaging in "hacking" – that is, no Defendant accessed Telesocial's protected computer servers without authorization as required under the CFAA or accessed such protected information and without permission stole protected information stored there as required under the CCDAFA. Defendants deny that they breached any contract with Telesocial or violated the covenant of good faith and fair dealing. No enforceable contract was formed between Telesocial and any of the Orange Defendants because none of the Orange

Defendants viewed or agreed to any purported Terms of Use (which was a "browsewrap" agreement), and in any case none of the Orange Defendants violated the Terms of Use.

Defendants deny that what Telesocial claims to be its "trade secrets" are in fact trade secrets, and deny that they misappropriated any actual Telesocial trade secrets. Telesocial's Call Friends and Orange's Party Call have fundamental differences in functionality, structure, and coding. Any superficial similarities are not related to any "trade secrets;" for example, interacting with Facebook in accordance with requirements imposed by Facebook is not a Telesocial trade secret. In fact, Telesocial's purported trade secrets were publicly known and available; therefore, they are not trade secrets under CUTSA. In addition, Telesocial materially changed the description of its trade secrets after obtaining discovery from Orange in violation of California Uniform Trade Secrets Act ("CUTSA"), so it is not entitled to relief. And none of Telesocial's trade secrets (as modified during discovery by Telesocial) are described with sufficient particularity to give rise to liability under CUTSA. In any event, none of the defendants had access to any Telesocial information that was secret, including its source code, and the Orange Defendants did not use any "improper" means to "misappropriate" any of Telesocial's purported trade secrets.

Finally, Defendants deny that Telesocial is entitled to relief under the California Unfair Competition Law because this claim is based entirely on the same factual allegations underlying Telesocial's trade secrets claim and, therefore, is preempted under CUTSA, and, in any event, none of the Orange Defendants engaged in any unfair practices.

## II. RELIEF REQUESTED

### A. Telesocial

For its claims for violation of the Federal Computer Fraud and Abuse Act ("CFAA"), Telesocial seeks the following relief:

- a judgment that each Defendant violated the CFAA;
- an award of damages sufficient to compensate Telesocial for Defendants' violations of the CFAA;
- any further relief that the Court may deem proper and just.

For its claims for violation of the California Comprehensive Computer Data Access and Fraud Act ("CCDAFA"), Telesocial seeks the following relief:

- a judgment that each Defendant violated the CCDAFA;
- an award of damages sufficient to compensate Telesocial for Defendants' violations of the CCDAFA;
- an award to Telesocial of its attorneys' fees, pursuant to California Penal Code Section 502(e)(2);
- a finding that Defendants' violations of the CCDAFA were willful and were committed with oppression, fraud and/or malice;
- an award of punitive or exemplary damages, pursuant to California Penal Code Section 502(e)(4); and
- any further relief that the Court may deem proper and just.

For its claims for breach of contract based on Defendants' breaches of the Telesocial Terms of Use, Telesocial seeks the following relief:

- a judgment that each Defendant breached the Telesocial Terms of Use;
- an award of damages sufficient to compensate Telesocial for Defendants' breaches of the Telesocial Terms of Use;
- an award to Telesocial of its attorneys' fees and costs, pursuant to the terms of the Telesocial Terms of Use;
- any further relief that the Court may deem proper and just.

For its claims of breach of the covenant of good faith and fair dealing, Telesocial seeks the following relief:

- a judgment that each Defendant breached the covenant of good faith and fair dealing implied in the Telesocial Terms of Use;
- an award of damages sufficient to compensate Telesocial for Defendants' breaches of the covenant of good faith and fair dealing implied in the Telesocial Terms of Use;
- any further relief that the Court may deem proper and just.

For its trade secret misappropriation claims based on each Defendant's violation of the California Uniform Trade Secrets Act, Cal. Civ. Code § 3246, et seq., Telesocial seeks the following relief:

- a judgment that each Defendant misappropriated Telesocial's trade secrets;
- an injunction prohibiting each Defendant from developing, testing, maintaining, releasing, copying, or distributing any software application or platform containing or derived from Telesocial technology including, without limitation, the Party Call software application;
- an award of damages sufficient to compensate Telesocial for Defendants' misappropriation of Telesocial's trade secrets, including an award of Telesocial's lost profits and/or lost business value due to Defendants' trade secret misappropriation;
- disgorgement of Defendants' unjust enrichment due to Defendants' trade secret misappropriation;
- a finding that Defendants' trade secret misappropriation was willful and malicious;
- an award to Telesocial of exemplary damages pursuant to Cal. Civ. Code § 3426.3;
- an award to Telesocial of its attorneys' fees pursuant to Cal. Civ. Code § 3426.4;
- any further relief that the Court may deem proper and just.

For its unfair competition claims based on each Defendant Orange's violation of the California Unfair Competition Law, Cal Bus. & Prof. Code § 17200, et seq., Telesocial seeks the following relief:

- a judgment that Defendant Orange violated and continues to violate the California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, et seq., by engaging in unfair and unlawful business practices;
- a declaration that the following trade practices of Orange are unlawful and/or fraudulent: (i) violating and/or causing their agents and employees to violate the CFAA; (ii) violating and/or causing their agents and employees to violate the

CCDAFA; and (iii) using and/or causing their agents and employees to use fictitious names and identities to conceal the aforementioned violations;

- an award of damages sufficient to restore to Telesocial the value of the property which Orange acquired by means of its unfair competition;
- an injunction to prohibit Defendant Orange from developing, testing, maintaining, releasing, copying, or distributing any software application or platform containing or derived from Telesocial technology including, without limitation, the Party Call software application; and
- any further relief that the Court may deem proper and just.

**B. Defendants**

Defendants deny that Plaintiff is entitled to any relief.

## III. UNDISPUTED FACTS

**A. Parties**[2]

1. Plaintiff Telesocial Inc. ("Telesocial") is a corporation organized and existing under the laws of the State of Delaware, with its principal place in San Francisco, California 94129.

2. Defendant Orange S.A. ("Orange") is a corporation organized and existing under the laws of France, with its principal place of business at 78 rue de Olivier de Serres, Paris, 75015.

3. Defendant Anne Benrikhi is an individual who resides in France. In 2012 and 2013, Ms. Benrikhi was a Marketing Manager and she remains employed at Orange.

4. Defendant Dimitri Delmas is an individual who resides in France. In 2012 and 2013, Mr. Delmas was a Design Manager and he remains employed at Orange.

5. Defendant Olivier Godiniaux is an individual who resides in France. In 2012 and 2013, Mr. Godinaux was a Project Manager and he remains employed at Orange.

---

[2] The parties are working toward an agreement to drop certain defendants.

6. Defendant Guillaume Guimond is an individual who resides in France. In 2012 and 2013, Mr. Guimond was a Web Development Engineer and he remains employed at Orange.

7. Defendant Fabrice Petesch is an individual who resides in France. In 2012 and 2013, Mr. Petesch was a Senior Expert for Telecom Services and he remains employed at Orange.

8. Defendant Benoit Amet is an individual who resides in France. In 2012 and 2013, Mr. Amet was a Marketing Manager and he has since left employment at Orange and currently runs a consulting business.

9. Defendant Antoine Lecoutteux is an individual who resides in France. In 2012 and 2013, Mr. Lecoutteux was an R&D Manager and he remains employed at Orange.

10. Defendant Jacques Viel is an individual who resides in France. In 2012 and 2013, Mr. Viel was Anne Benrikhi's boyfriend and never an Orange employee.

11. Defendant Barbara Bobillier is an individual who resides in France. In 2012, Ms. Bobillier was an intern at Orange working under the direction of Ms. Benrikhi. Her internship ended in July 2012, prior to the end of the discussions between Orange and Telesocial, and she is not currently an Orange employee.

12. Defendant Thomas Leseneschal is an individual who resides in France. In 2012 and 2013, Mr. Leseneschal was an intern at Orange working under the direction of Ms. Benrikhi. His internship ended in February 2013 and he is not currently an Orange employee.

13. Defendant Florian De Sa is an individual who resides in France. In 2012 and 2013, Mr. De Sa was an intern at Orange working under the direction of Mr. Godinaux. His internship ended in February 2013 and he is not currently an Orange employee.

14. Defendant Sylvain Jaudry does not exist.

**B. Pleadings**

1. Telesocial filed the original Complaint in this case on September 2, 2014.

2. Telesocial filed its First Amended Complaint on December 15, 2014.

3. Orange and the Individual Defendants filed their Answer to the First Amended Complaint on May 12, 2015 and their Amended Answer to the First Amended Complaint on June 19, 2015.

## IV. DISPUTED FACTUAL ISSUES

Subject to the resolution of the pending motions, the parties jointly submit that the following are disputed factual issues. This list is not intended to bind the parties in any way with respect to the pending motions, and the parties reserve the right to add, delete, or modify this list depending on the resolution of the motions.

1. Whether each Defendant violated the Computer Fraud and Abuse Act ("CFAA");

2. Whether each Defendant conspired to violate the CFAA;

3. Whether Telesocial is entitled to damages for any violation of the CFAA and, if so, the amount, and whether Telesocial is entitled to pre- and post-judgment interest;

4. Whether each Defendant violated the California Comprehensive Computer Data Access and Fraud Act ("CCDAFA");

5. Whether each Defendant conspired to violate the CCDAFA;

6. Whether Telesocial is entitled to damages for any violation of the CCDAFA and, if so, the amount, and whether Telesocial is entitled to pre- and post-judgment interest;

7. Whether any violations of the CCDAFA were willful and were committed with oppression, fraud and/or malice;

8. Whether Telesocial is entitled to punitive damages for any violation of the CCDAFA and, if so, the amount;

9. Whether the parties formed a contract ("Telesocial Terms of Use"), and if so whether there has been a breach of such contract;

10. Whether Telesocial is entitled to damages for any breach of the Telesocial Terms of Use and, if so, the amount, and whether Telesocial is entitled to pre- and post-judgment interest;

11. Whether the parties formed a contract ("Telesocial Terms of Use"), and if so whether there has been a breach of the implied covenant of good faith and fair dealing in such contract;

12. Whether Telesocial is entitled to damages for any breach of the covenant of good faith and fair dealing implied in the Telesocial Terms of Use and, if so, the amount, and whether Telesocial is entitled to pre- and post-judgment interest;

13. Whether each Defendant violated the California Uniform Trade Secret Act ("CUTSA");

14. Whether Telesocial is entitled to damages for any trade secret misappropriation and, if so, the amount, and whether Telesocial is entitled to pre- and post-judgment interest;

15. Whether any violations of the California Uniform Trade Secret Act ("CUTSA") were willful and malicious;

16. Whether Telesocial is entitled to punitive damages for any willful and malicious trade secret misappropriation and, if so, the amount;

17. Whether Defendant Orange violated the California Unfair Competition Law;

18. Whether Telesocial is entitled to damages on more than one claim and, if so, the amount of total, non-duplicative damages, and whether Telesocial is entitled to pre- and post-judgment interest;

19. Whether Telesocial is entitled to enhanced damages and fees and costs under 35 U.S.C. §§ 284 and 285 and, if so, the amount.

## V. DISPUTED LEGAL ISSUES

Subject to the resolution of the pending motions, the parties jointly submit that the following are disputed legal issues. This list is not intended to bind the parties in any way with respect to the pending motions, and the parties reserve the right to add, delete, or modify this list depending on the resolution of the motions.

1. Whether each Defendant violated the Computer Fraud and Abuse Act ("CFAA");

2. Whether each Defendant conspired to violate the CFAA;

3. Whether Telesocial is entitled to damages for any violation of the CFAA and, if so, the amount, and whether Telesocial is entitled to pre- and post-judgment interest;

4. Whether each Defendant violated the California Comprehensive Computer Data Access and Fraud Act ("CCDAFA");

5. Whether each Defendant conspired to violate the CCDAFA;

6. Whether Telesocial is entitled to damages for any violation of the CCDAFA and, if so, the amount, and whether Telesocial is entitled to pre- and post-judgment interest;

7. Whether any violations of the CCDAFA were willful and were committed with oppression, fraud and/or malice;

8. Whether Telesocial is entitled to punitive damages for any violation of the CCDAFA and, if so, the amount;

9. Whether the parties formed a contract ("Telesocial Terms of Use"), and if so whether there has been a breach of such contract;

10. Whether Telesocial is entitled to damages for any breach of the Telesocial Terms of Use and, if so, the amount, and whether Telesocial is entitled to pre- and post-judgment interest;

11. Whether the parties formed a contract ("Telesocial Terms of Use"), and if so whether there has been a breach of the implied covenant of good faith and fair dealing in such contract;

12. Whether Telesocial is entitled to damages for any breach of the covenant of good faith and fair dealing implied in the Telesocial Terms of Use and, if so, the amount, and whether Telesocial is entitled to pre- and post-judgment interest;

13. Whether each Defendant violated the California Uniform Trade Secret Act ("CUTSA");

14. Whether Telesocial is entitled to damages for any trade secret misappropriation and, if so, the amount, and whether Telesocial is entitled to pre- and post-judgment interest;

15. Whether any violations of the California Uniform Trade Secret Act ("CUTSA") were willful and malicious;

16. Whether Telesocial is entitled to punitive damages for any willful and malicious trade secret misappropriation and, if so, the amount;

17. Whether Defendant Orange violated the California Unfair Competition Law;

18. Whether Telesocial is entitled to damages on more than one claim and, if so, the amount of total, non-duplicative damages, and whether Telesocial is entitled to pre- and post-judgment interest;

19. Whether Telesocial is entitled to enhanced damages and fees and costs under 35 U.S.C. §§ 284 and 285 and, if so, the amount.

## VI. STIPULATIONS

The parties stipulate as follows:

**Stipulation Regarding Facebook Documents**

1. IT IS HEREBY STIPULATED AND AGREED by the undersigned counsel for Telesocial and Defendants that (the "Stipulating Parties"):

2. The Stipulating Parties agree that all documents listed in Appendix A, attached hereto, shall be deemed to be true and correct copies of documents maintained in the producing party's files as of the date of that party's document collection under Federal Rule of Evidence 901. For the avoidance of doubt, documents beginning with the prefix "TS-OG" were produced by Telesocial, documents beginning with the prefix "ORG" were produced by Defendants, and documents beginning with the prefix "FBO" were produced by Facebook.

3. The Stipulating Parties further agree that all documents listed in Appendix A qualify as business records pursuant to Federal Rule of Evidence 803(6), in particular because:

- The documents consist of records made near or at the time of the act, event, condition, or opinion they refer to by – or from information transmitted by – persons with knowledge of the act, event, condition or opinion;
- All of these records were prepared in the regular course of business, and creating such records is a regular practice for the producing party; and
- The produced records are exact duplicates of the original records created and kept by the producing party in the regular course of business.

4. The Stipulating Parties further agree that this stipulation satisfies the requirements of Federal Rule of Evidence 902(11) and 902(12), and constitutes a valid certification of records of a regularly conducted activity for the documents listed in Appendix A.

5. The Stipulating Parties further agree that in executing this stipulation, they each hereby waive all hearsay and/or other objections to the admissibility of the documents listed in Appendix A at trial or in any other filings or proceedings in this litigation, with the exception of objections made under Federal Rules of Evidence 401, 402 or 403.

**Stipulation Regarding KipCall and FBI Related Documents**

6. On February 23, 2017, the Orange Defendants served upon Telesocial a motion *in limine* to preclude Telesocial from offering any testimony, evidence, argument, or other reference at trial to the Federal Bureau of Investigation's ("FBI") involvement or investigation into the allegations at issue in this case, or any related communications concerning the FBI Investigation.

7. Also on February 23, 2017, Telesocial served upon the Orange Defendants a motion *in limine* to preclude any evidence or argument relating to Telesocial's use or disclosure of documents that were seized from Orange pursuant to a French court order (the "Seized Documents"), including disclosure to the FBI.

8. In an effort to reduce the number of evidentiary disputes for resolution by the Court, the parties have agreed that: (i) neither party will seek to introduce any evidence, argument, or testimony at trial concerning any communications with or reports by Telesocial to, or investigation by, the FBI into the allegations underlying this case; and (2) neither party will seek

to introduce any evidence, argument or testimony at trial concerning Telesocial's disclosure of the Seized Documents, including disclosure to the FBI.

9. In light of this joint stipulation, the parties agree that they will not file with the Court the FBI-related motions *in limine* served on February 23, 2017 described in Paragraphs 1 and 2 of this stipulation, and that neither party is required to serve an opposition to those motions.

10. On February 23, 2017, the Orange Defendants also served upon Telesocial a motion *in limine* to preclude Telesocial from offering any evidence, testimony, argument, or other mention at trial that another startup company, Inter-Mobile SAS (also known as "Mobile Globe") also accused the Orange Defendants of misappropriating its technology, KipCall, and allegedly using it in the development of Party Call.

11. In an effort to reduce the number of evidentiary disputes for resolution by the Court, the parties have agreed that neither party will offer any evidence, testimony, or argument at trial that Inter-Mobile SAS (also known as "Mobile Globe") also accused the Orange Defendants of misappropriating its technology, KipCall, and allegedly used it in the development of Party Call. For the avoidance doubt, this does not preclude either party from seeking to offer other evidence at trial related to Inter-Mobile SAS or its KipCall product, so long as it is unrelated to Inter-Mobile SAS's accusations that the Orange Defendants misappropriated its technology or used it in the development of Party Call. For example, either party may offer evidence regarding Orange's evaluation of KipCall and its comparison of KipCall to products Orange was developing (e.g., VCOM) and Telesocial's Call Friends product. Both parties reserve all rights to object to the introduction of such evidence, if any, at the appropriate time.

**Party Documents**

1. Documents authored and produced by parties in this case are deemed authentic under Federal Rules of Evidence for the purposes of this case. The parties stipulate that all documents [listed on the Joint Exhibit List] shall be deemed to be true and correct copies of documents maintained in the producing party's files as of the date of that party's document collection under Federal Rule of Evidence 901. For the avoidance of doubt, documents beginning with the prefix "TS-

OG" were produced by Telesocial, documents beginning with the prefix "ORG" were produced by Defendants, and documents beginning with the prefix "FBO" were produced by Facebook.

## VII. BIFURCATION

The parties agree that bifurcation is not appropriate here.

## VIII. SETTLEMENT STATUS

The parties engaged in a mediation session before the Honorable James Larson of JAMS on August 26, 2016 in San Francisco, at which client representatives of Telesocial and Orange attended in person. On November 29, 2016, in accordance with the Court's instructions issued on October 3, 2016 (at Dkt. 165), the parties jointly submitted a notice to the Court (at Dkt. 171) that their preference for a mediator is to return to Judge Larson, who is familiar with the case as he received submissions from and met with the parties in August 2016 when he conducted the previous mediation in this case. The parties do not believe that further negotiations are likely to be productive.

## IX. ESTIMATE OF TRIAL LENGTH

The parties jointly propose that each side have 21 hours of trial time, exclusive of opening statements and closing arguments. While the parties are committed to trying this case as efficiently and expeditiously as possible, because a significant portion of testimony will be in French with English translation, including both witnesses testifying in person and by video deposition designations, the parties believe that this case will require several more hours per side than it otherwise would. (Most original documents produced by Defendants are also in French with certified English translations, making evidentiary issues somewhat more cumbersome as well.)

The parties jointly propose that each side be permitted up to 45 minutes for opening statements and up to 1 hour for closing arguments.

Respectfully submitted,

TELESOCIAL, INC.

By its attorneys,

*/s/ Todd M. Briggs*
Todd M. Briggs
QUINN EMANUEL URQUHART & SULLIVAN, LLP

Dated: March 9, 2017

ORANGE, S.A., et al.

By their attorneys,

*/s/ Anthony D. Mirenda*
Anthony D. Mirenda
FOLEY HOAG LLP

Dated: March 9, 2017

**ATTESTATION OF SIGNATURE**

Pursuant to Civil L.R. 5-1(i)(3), regarding signatures, I, Todd Briggs, attest that concurrence in the filing of this document has been obtained.

*/s/ Todd Briggs*__________

**APPENDIX A**

| FBO00000187-188 |
|---|
| FBO00000202 |
| FBO00000238 |
| FBO00000517-518 |
| FBO00000550-551 |
| FBO00000554-555 |
| FBO00000751-753 |
| FBO00001303 |
| FBO00001916 |
| FBO00001922 |
| FBO00001928-2004 |
| FBO00002027-028 |
| FBO00002131 |
| FBO00002393-401 |
| FBO00002944 |
| FBO00002950 |
| FBO00002960 |
| FBO00003372-398 |
| FBO00003717-718 |
| FBO00003946-948 |
| FBO00004620 |
| FBO00004892-896 |
| FBO00006262 |
| FBO00006294 |
| FBO00006330-331 |
| FBO00006890-898 |
| FBO00006978-979 |
| FBO00007062-064 |
| FBO00007120 |
| FBO00007151-171 |
| FBO00007284 |
| FBO00007839-841 |
| FBO00009522-524 |
| FBO00011072 |
| FBO00011082-084 |
| FBO00011087 |
| FBO00011100-109 |
| FBO00011216-218 |
| FBO00011225 |
| FBO00011228-229 |
| FBO00012419-422 |
| FBO00012700-704 |
| FBO00013852-857 |
| FBO00022960-961 |
| FBO00023584-585 |
| FBO00024570-638 |
| ORG-00019918 |
| ORG-00082687-689 |
| ORG-00090127-133 |
| ORG-00201062-063 |
| ORG-00202929-930 |

| ORG-00204065 |
| --- |
| ORG-00204075-077 |
| ORG-00217620-623 |
| FBO00024648-49 |
| TS-OG000272028-030 |
| TS-OG000266822-824 |
| FBO00024663-664 |
| FBO00024675 |
| FBO00000197 |
| FBO00000192 |
| FBO00000183 |
| FBO00005341-342 |
| FBO00024670 |
| FBO00024671 |
| FBO00024672 |
| FBO00024673 |
| FBO00001906-907 |
| FBO00000605-608 |
| FBO00011080-081 |
| ORG-00090336-337 |
| FBO00015518-523 |
| FBO00006992-93 |
| FBO00005279-80 |
| FBO00003489-492 |
| FBO00000199 |
| FBO00005332-34 |