UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Civil Minutes

Date: March 9, 2017                                             Judge: Hon. James Donato

Time: 56 Minutes

Case No.       **C-14-03985-JD**
Case Name      **Telesocial Inc. v. Orange S.A. et al**

Attorney(s) for Plaintiff(s):     Todd Briggs/Edward DeFranco/David E. Myre/Renee Bea
Attorney(s) for Defendant(s):  Anthony D. Mirenda/Daralyn J. Durie/Daniel Schimmel

Deputy Clerk: Lisa R. Clark                          Court Reporter: Rhonda Aquilina

PROCEEDINGS

Motions to Exclude Expert Opinions (Dkt. Nos. 200, 202, 204) - held
Motion for Summary Judgment (Dkt. No. 198) - held

NOTES AND ORDERS

The Court hears argument on the Orange defendants' summary judgment and *Daubert* motions, and rules from the bench for the reasons stated on the record. Here is a summary of the rulings:

   I.   **Summary Judgment Motion (Dkt. No. 198)**

**Counts I and II: Computer Fraud and Abuse Act and the California Comprehensive Computer Data Access and Fraud Act**

**Denied.** Disputed issues of material facts for these claims require resolution at trial.

**Counts III and IV: Breach of Contract and Breach of Covenant of Good Faith and Fair Dealing**

**Granted in part**. Telesocial's Terms of Use agreement is properly construed to apply only to its API and services that are reasonably related to the API. The fact questions of when the agreement was put into place and whether a defendant breached it are subject to dispute and will go to trial for resolution.

1

**Count V: Violation of the California Uniform Trade Secrets Act**

**Denied**.  Telesocial's amended and supplemental trade secrets disclosures did not amount to such dramatic changes that the misappropriation claims should be dismissed for failure to describe the subject matter of the trade secrets with sufficient particularity or failure to provide reasonable notice of the issues for discovery and trial.  *See Brocade Commc'ns Sys., Inc. v. A10 Networks, Inc.*, 873 F. Supp. 2d 1192, 1214 (N.D. Cal. 2012).  Telesocial retains the burden of proving the existence and misappropriation of its trade secrets at trial.

**Count VI: California Unfair Competition Law**

**Denied**.  The gravamen of the UCL claim is for unauthorized access to Telesocial's computer systems as alleged for the Computer Fraud and Abuse Act, 18 U.S.C. § 1030, and related California act claims.  The UCL claim is "independent and based on facts distinct from the facts that support the misappropriation claim," and consequently is not preempted by the California Uniform Trade Secrets Act.  *See Angelica Textile Servs. Inc. v. Park*, 220 Cal. App. 4th 495, 506 (2013).

## II.    *Daubert* Motions (Dkt. Nos. 200, 202, 204)

**George Foster**

Foster is qualified to offer the opinions in his report, and the report is methodologically sound.  Defendants' issue with the PitchBook resource is a matter for cross-examination and not admissibility.  *See*, *e.g.*, *Primiano v. Cook*, 598 F.3d 558, 567 (9th Cir. 2010).

The relevance of Foster's opinions, which is an essential factor of admissibility, is less clear and requires additional briefing by the parties.  *See Nationwide Transport Finance v. Cass Info. Sys., Inc.*, 523 F.3d 1051, 1059 (9th Cir. 2008); *Estate of Barabin v. AstenJohnson, Inc.*, 740 F.3d 457, 463 (9th Cir. 2014).  The parties are consequently directed to submit by **Monday, March 13, 2017**, simultaneous briefs of no more than 5 pages addressing how Foster's opinion does or does not fit the damage elements that are awardable in this case.  The Court will resolve the motion to exclude Foster's opinions and testimony after review of those briefs.

**James Kearl**

The Court excludes the opinions and proposed testimony of James Kearl for the reasons stated on the record.

**Stephen Gray**

Neither Gray nor any other expert witness allowed by the Court may testify about legal conclusions.  *See Nationwide Transport*, 523 F.3d at 1058.  Those opinions in Gray's report will not be permitted at trial.  Gray may testify about whether and to what extent Orange's products incorporated trade secrets from Telesocial.

### III.     Misc.

Each side will advise the Court by **12:00 p.m. on Monday, March 13, 2017**, if it has a strong objection to a settlement conference with Judge Jon Tigar.

For the sealing requests, the parties are directed to submit new unredacted versions with highlighting that accurately reflects the current sealing requests that remain before the Court.