UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TELESOCIAL INC.,<br><br>  Plaintiff,<br><br>v.<br><br>ORANGE S.A., et al.,<br><br>  Defendants. | Case No.14-cv-03985-JD  (JST)<br><br>**NOTICE OF SETTLEMENT CONFERENCE AND SETTLEMENT CONFERENCE ORDER** |

The above matter has been referred to District Judge Jon S. Tigar for settlement purposes.

You are hereby notified that a Settlement Conference is scheduled for **March 20, 2017 at 9:00 a.m.**, in Courtroom 9, 19th Floor, Federal Building, 450 Golden Gate Avenue, San Francisco, California 94102.

Lead trial counsel shall appear at the Settlement Conference with the parties. Any party who is not a natural person shall be represented by the person(s) with **unlimited** authority to negotiate a settlement. A person who needs to call another person not present before agreeing to any settlement does not have full authority. An insured party shall appear with a representative of the carrier with full authority to negotiate up to the limits of coverage. Personal attendance of a party representative will rarely be excused by the Court, and then only upon separate written application demonstrating substantial hardship served on opposing counsel and lodged as early as the basis for the hardship is known but no later than the date the Settlement Conference Statement is due.

**Each party shall prepare a Settlement Conference Statement and submit it as soon as possible, but no later than March 17, 2017 at 10:00 a.m., in .pdf format to jstcrd@cand.uscourts.gov.**

The Settlement Conference Statement need not be served on opposing counsel. The parties are encouraged, however, to exchange Settlement Conference Statements. If Settlement Conference Statements are exchanged, any party may submit an additional confidential settlement letter to the Court. The contents of this confidential settlement letter will not be disclosed to the other parties.

The Settlement Conference Statement shall include the following:

1. A brief statement of the facts of the case.

2. A brief statement of the claims and defenses including, but not limited to, statutory or other grounds upon which the claims are founded, and a **candid** evaluation of the parties' likelihood of prevailing on the claims and defenses. The more candid the parties are, the more productive the conference will be.

3. A list of the key facts in dispute and a brief statement of the **specific** evidence relevant to a determination of those facts.

4. A summary of the proceedings to date and any pending motions.

5. An estimate of the cost and time to be expended for further discovery (if any), pretrial and trial.

6. The relief sought, including an itemization of damages.

7. The party's position on settlement, including present demands and offers and a history of past settlement discussions. The Court's time can best be used to assist the parties in completing their negotiations, not in starting them. The Court urges the parties to carefully evaluate their case before taking a settlement position, because extreme positions hinder the settlement process.

The Settlement Conference Statement may not exceed 10 single-spaced pages; if there is an additional confidential settlement letter, it may not exceed five single-spaced pages. The parties may attach exhibits to their Settlement Conference Statement, but should select such exhibits judiciously and remember that the Court's time is limited.

Settlement Conference Statements may contain hypertext links to exhibits. Otherwise, each party shall highlight the portions of each exhibit on which it relies.

The parties shall notify chambers immediately at (415) 522-3620 if this case settles prior to the date set for Settlement Conference.  Counsel shall provide a copy of this order to each party who will participate in the conference.

**IT IS SO ORDERED.**

Dated:  March 14, 2017

_____
JON S. TIGAR
United States District Judge

3