UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

TELESOCIAL INC.,

    Plaintiff,

v.

ORANGE S.A., et al.,

    Defendants.

Case No. 3:14-cv-03985-JD

**FINAL PRETRIAL ORDER**

This order summarizes the matters discussed at the final pretrial conference on March 24, 2017.

**I.  SCHEDULE AND TIME LIMITS**

1. Jury trial is set for **April 10, 2017**, at 9:00 a.m.  Trial days are Mondays, Tuesdays, Wednesdays and Thursdays.  Fridays are dark.
2. Each trial day runs from 9:00 a.m. to 2:30 p.m., with two 15- to 20-minute breaks.  Counsel should be in the courtroom no later than 8:30 a.m. on each day in case the Court needs to address evidentiary issues or other matters outside the presence of the jury.  The parties are reminded that the Court does not permit sidebars during trial.
3. Each side will have 16 hours of trial time for their case.  Each side will have an additional 45 minutes for opening statements, and one hour for closing arguments.  The Court may extend the 16-hour-per-side limit if interpretation issues add a great deal of time to the taking of witness testimony.

## II. MOTIONS IN LIMINE

1. **Orange's MIL No. 1**: **DENIED**. The Facebook demonstration is relevant to intent and motive for trade secret misappropriation, which is an intentional tort. References to the non-disclosure agreement or its alleged breach are excluded.

2. **Orange's MIL No. 3**: **DENIED PENDING PROOF AT TRIAL**. The Court may allow the Le Drogo Simulation to come in as evidence of motive or intent if Telesocial lays a foundation that it was created close in time to the alleged trade secret misappropriation. If admitted, the Court will consider a limiting instruction to the jury to avoid potential confusion on damages.

3. **Telesocial's MIL No. 1**: **GRANTED IN PART**. Stillerman may testify, but may not offer any legal opinions or conclusions.

4. **Telesocial's MIL No. 2**: **GRANTED**. FRE 402/403.

5. **Telesocial's MIL No. 4**: **GRANTED IN PART**. References to the Tucker lawsuit are excluded, but Tucker may testify about why and how much he invested in Telesocial. The request to exclude the $11-13 million purchase price figure was not opposed, and is granted on that basis.

6. **Telesocial's MIL No. 5**: **DENIED**. Based on the parties' clarification of the record at the hearing, Telesocial was aware of Orange's patent, even if it had been disclosed in response to the "wrong" interrogatory in Telesocial's view.

7. **Telesocial's MIL No. 6**: **GRANTED IN PART**. Evidence that was not disclosed to the other side during discovery will not be allowed at trial. But if evidence was disclosed, it may be proffered without regard to the form of the disclosure. If the parties require further guidance on the application of these principles to this motion, the Court will address it during trial.

## III. JURY INSTRUCTIONS / VOIR DIRE / VERDICT FORM

1. **Jury Instructions**. The parties will jointly file by **March 30, 2017, at 5:00 p.m.** (1) a revised set of final jury instructions in accordance with this Order, along with any objections; and (2) a set of proposed preliminary jury instructions modelled on

Dkt. No. 262 in *Eberhard v. California Highway Patrol*, Case No. 3:14-cv-01910-JD.

2. **Disputed Instructions**.

   a. **Disputed Proposed Jury Instruction #3**: The Court declines this instruction as unnecessary and potentially confusing or misleading.

   b. **Disputed Proposed Jury Instruction #24**: For the reasons discussed at the hearing, the Court will give Telesocial's proposed instruction with the possible addition of: "In this case, if defendants were authorized to access a computer, they did not exceed their authorization simply because they used the information on the computer in a way that was not authorized by the Terms of Use for Telesocial's API." *See Facebook, Inc. v. Power Ventures., Inc.*, 844 F.3d 1058, 1067 (9th Cir. 2016); *United States v. Nosal*, 676 F.3d 854, 863-84 (9th Cir. 2012) (en banc). The additional language will be used if the evidence warrants a reference to the TOU.

   c. **Disputed Proposed Jury Instruction #28**: The Court will give Telesocial's proposed instruction, which follows Ninth Circuit Criminal Model Jury Instruction 3.16.

   d. **Disputed Proposed Jury Instruction #33:** The Court will give Telesocial's proposed instruction. The parties should discuss whether the TOU addition proposed for Instruction #24 should be repeated here.

   e. **Disputed Proposed Jury Instruction #47:** The Court declines this instruction as unnecessary and potentially confusing or misleading.

   f. **Disputed Proposed Jury Instruction #51:** The Court will give defendants' proposed instruction on special damages subject to identifying for the jury what special damages may be considered based on the evidence at trial, as provided for in CACI 351. The Court will give a lost profits instruction for breach of the TOU if the evidence provides a reasonable

basis for that. Language advising the jury against speculative damages will be given once and not repeated here and elsewhere as defendants propose.

    g. **Disputed Proposed Jury Instruction #60:** The Court declines this instruction as outside the model instructions and not otherwise warranted.

    h. **Disputed Proposed Jury Instruction #65:** This instruction will be given in a form that tracks CACI 4409 to the letter. The Court will give the optional "reasonable royalty" provision. Orange withdraws the proposed apportionment request for its profits, and the Court reserves the issue of whether any other apportionment instruction should be given to the jury.

    i. **Disputed Proposed Jury Instruction #66:** The Court will make a final decision on this "lost business value" instruction pending the evidence at trial.

3. **Voir Dire & Jury Selection**. The Court uses the "strike and replace" method for jury selection as explained at the conference. Nine jurors will be seated. The Court will conduct the voir dire based on its own questions and questions proposed by the parties. Each side will have three peremptory challenges in total (28 U.S.C. § 1870) and challenges for cause. A prospective juror not excused after a round of challenges will be deemed a member of the jury and may not be subsequently challenged. The Court will post the proposed voir dire questions by March 31, 2017. Any objections are due by **April 4, 2017, at 5:00 p.m.** The parties are advised that jury selection typically takes about 90 minutes, and they should be prepared to open and have witnesses ready on the first day of trial.

4. **Verdict form**. The Court will post the proposed verdict form at a later point in time and give the parties an opportunity to comment.

## IV. FURTHER *DAUBERT* PROCEEDINGS RE GEORGE FOSTER

1. For the reasons discussed at the hearing, the opinions and testimony of George Foster are excluded. The Court is not ruling out evidence on lost business value

       per se, but whether that issue goes to the jury will depend upon the evidence at trial.

  2. The experts offered by Orange solely to rebut the expert reports of Kearl and Foster are deemed withdrawn because Kearl and Foster have been excluded.

## V. JURY MATERIALS

1. **Statement of the case**. The parties should file by **March 30, 2017, at 5:00 p.m.**, a short, joint proposed statement of the case that the Court will read to the venire panel on April 10, 2017.
2. **Witnesses.** The parties should file by **March 30, 2017, at 5:00 p.m.**, a joint witness list for the Court to read to the jury for potential conflicts.
3. **Jury questions**. The Court will allow jurors to propose questions in the format discussed during the hearing.
4. **Jury notebooks**. Jurors will be permitted to take notes. The parties will prepare jury notebooks and lodge 12 copies -- nine for the jurors and three for the Court -- on **April 10, 2017**. The notebooks should be in the form of 1-inch 3-ring binders with a caption sheet on the front and tabs for:
   a. 50 pages of blank lined paper for notes.
   b. Witness photos as discussed at the hearing.
   c. Jury Instructions.

## VI. WITNESSES

1. Failure to have the next witness ready or to be prepared to proceed with the evidence will usually constitute resting.
2. Each witness will testify only once. "Beyond the scope" objections will rarely, if ever, be proper.
3. Witnesses must be disclosed in advance as provided by the Court's Standing Order for Civil Jury Trials, and the parties will work together to provide additional reasonable notice for witnesses traveling to San Francisco from abroad.

4. With the exception of Ms. Le Drogo, Orange must make its affiliated witnesses available to testify when Telesocial wishes to call them.

5. The Court is advised that Telesocial intends to dismiss several individual defendants. Under no circumstance will any line of questioning be allowed about a witness's status as a dismissed defendant.

6. The parties are reminded that French interpreters at trial must be court-certified.

## VII. EXHIBITS

1. English translations of documents should be done by a court-certified translator and shared with the other side before trial. The parties are directed to work together to resolve translation issues before the start of trial.

2. The Court requests two copies of exhibit binders for each witness when called to the stand.

3. The parties should contact Ms. Clark to set up an appointment for a technology test run before trial. At the close of evidence, all admitted evidence will need to be put on a USB stick so the jury can access it during deliberations.

## VIII. OTHER

1. As stated in the Court's Standing Order for Civil Jury Trials, before filing a motion during trial, the moving party must first discuss the proposed motion with the Court.

2. The parties are strongly encouraged to give lawyers in their first six years of practice the opportunity for a courtroom examination or other presentation during the trial.

**IT IS SO ORDERED.**

Dated: March 27, 2017

JAMES DONATO
United States District Judge