1  QUINN EMANUEL URQUHART & SULLIVAN, LLP
     Kevin P.B. Johnson (Bar No. 177129)
2    kevinjohnson@quinnemanuel.com
     Todd M. Briggs (Bar No. 209282)
3    toddbriggs@quinnemanuel.com
     David E. Myre (Bar No. 304600)
4    davidmyre@quinnemanuel.com
   555 Twin Dolphin Drive, 5th Floor
5  Redwood Shores, California 94065-2139
   Telephone:     (650) 801-5000
6  Facsimile:     (650) 801-5100

7  QUINN EMANUEL URQUHART & SULLIVAN, LLP
     Edward J. DeFranco (Bar No. 165596)
8    eddefranco@quinnemanuel.com
   51 Madison Avenue, 22nd Floor
9  New York, New York 10010
   Telephone:     (212) 849-7000
10 Facsimile:     (212) 849-7100

11 SINGER / BEA LLP
     Benjamin L. Singer (Bar No. 264295)
12   bsinger@singerbea.com
     Renee Bea (Bar No. 268807)
13   rbea@singerbea.com
   601 Montgomery Street, Suite 1950
14 San Francisco, California 94111
   Telephone:     (415) 500-6080
15 Facsimile:     (415) 500-7080

16 Attorneys for Plaintiff
   TELESOCIAL, INC.
17

18                     IN THE UNITED STATES DISTRICT COURT

19               FOR THE NORTHERN DISTRICT OF CALIFORNIA

20                          SAN FRANCISCO DIVISION

21 TELESOCIAL INC.,                      Case No. 3:14-cv-03985-JD

22            Plaintiff,                 **PLAINTIFF TELESOCIAL, INC.'S NOTICE
                                         OF MOTION AND MOTION FOR A BRIEF
23       v.                              CONTINUANCE OF THE TRIAL DATE AND
                                         [PROPOSED] ORDER**
24 ORANGE S.A., *et al.*,
                                         **Ctrm: 11, 19th Floor**
25            Defendants.                **Judge: Hon. James Donato**
                                         **Trial: April 10, 2017**
26

27

28

1

## NOTICE OF MOTION AND MOTION

2

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

3    NOTICE IS HEREBY GIVEN that pursuant to the Federal Rules of Civil Procedure and Local

4    Rule 40-1, Plaintiff Telesocial Inc. ("Telesocial") respectfully requests an Order to continue trial in the

5    above-captioned matter for 60-days until June 9, 2017, or a date thereafter as the Court's calendar

6    permits.  As described in the attached Declarations and below, due to unexpected funding constraints that

7    arose this morning, Telesocial will not be able to present technical testimony at trial to support its

8    misappropriation and computer fraud claims, or have funds necessary for trial if it proceeds on April 10,

9    2017.  Telesocial has spent more than two and a half years vigorously pursuing its claims, and due to

10    these funding constraints, Telesocial will suffer severe prejudice if this Court does not grant its request.

11    Telesocial has shown good cause to continue the trial—there was no delay in raising this request, as these

12    issues arose just this morning. *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir.

13    1992).  Further, the short extension Telesocial seeks will permit it to resolve its funding issues or

14    otherwise prepare alternate arrangements for trial, while the only corresponding potential prejudice to

15    Defendants Orange, S.A., et. al. ("Orange" or "Defendants") would be a slight delay in trial.  Orange

16    cannot credibly argue this slight delay would be prejudicial, especially in view of lengthy stay it secured

17    earlier in the case pending its writ of mandamus to the Ninth Circuit.  (D.E. 106.)  The parties have

18    conferred in good faith regarding this request, and Defendants oppose this motion.

19    This Motion is based on this Notice of Motion, the following Memorandum of Points and

20    Authorities, the Declarations of Bill Waytena and Todd Briggs filed herewith, the pleadings and papers

21    on file herein, and any evidence and argument presented to the Court at any hearing.

22

## RELIEF REQUESTED

23    Telesocial requests an Order continuing the trial in this matter to June 9, 2017, or as soon a date

24    thereafter as the Court's calendar permits.

25    DATED: March 27, 2017

26                                    By: */s/ Todd M. Briggs*
                                          Todd M. Briggs
27

28

MOTION FOR CONTINUANCE AND [PROPOSED] ORDER
CASE NO. 3:14-CV-03985-JD

## MEMORANDUM OF POINTS AND AUTHORITIES

Telesocial respectfully seeks an order continuing the trial scheduled to begin on April 10, 2017, for 60-days until June 9, 2017, or as soon thereafter as the Court's schedule permits.  Telesocial will be severely prejudiced absent the requested extension.  After vigorously pursuing its claims for years, this morning, Telesocial unexpectedly learned ███████████████████████████████████████ ██████████████████████████████████.  This unanticipated funding constraint threatens to effectively preclude Telesocial from presenting any technical testimony of Orange's technology at trial, a necessary requirement to prove its misappropriation and computer fraud claims, as Telesocial's expert witnesses will not testify absent payment of outstanding amounts owed and guaranteed payment for their time spent preparing and testifying at trial.[1]  Furthermore, Telesocial's funding constraints leave it unable to pay for other necessary trial costs, such as French language interpreters, technology and graphics teams, and other costs and expenses associated with trial, further hampering Telesocial's ability to present its case.

Good cause exists for the brief requested extension.  *See* Fed. R. Civ. P. 16; L.R. 40-1.   First, Telesocial expeditiously sought this extension, as the unexpected funding issue arose just this morning.  (Waytena Decl. ¶ 14).  *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).  Second, Telesocial cannot reasonably meet the current trial schedule "despite the diligence of [Telesocial in] seeking the extension," as the pending expert issues must be resolved prior to trial or, in the alternative, Telesocial must be provided time to pursue alternate methods to prove its claims.  *Johnson*, 975 F.2d at 609.  Third, any prejudice Orange may face from this brief delay in trial is outweighed by the substantial prejudice Telesocial would incur without adequate support at trial.  Telesocial ████████████ ██████████████████████████████ within 60-days to allow Telesocial to present its case. (Waytena Decl. ¶ 17).  Therefore, Telesocial respectfully requests that its motion be granted.

## Background

Since Orange publicly announced a social calling product built by misappropriation of Telesocial's core technology in 2012, Telesocial has been embroiled in legal disputes with Orange

---

[1]  *See* Declaration of Telesocial CEO Bill Waytena, submitted contemporaneously herewith ("Waytena Decl."), at ¶ 15; Declaration of Todd M. Briggs, submitted contemporaneously herewith ("Briggs Decl."), at ¶¶ 7-8.

1   seeking only one thing:  a day in court to prove its claims.  (Waytena Decl. ¶¶ 2-6.)  Telesocial's

2   founders dedicated years of their lives developing the technology that Orange misappropriated, and they

3   have similarly dedicated years towards pursuing their claims to right Orange's wrongs.  (*See id.*)  This

4   includes bitterly-contested actions in French courts—including a claim by Orange against Telesocial for

5   defamation (that was subsequently dismissed), and Telesocial's pursuit for more than a year of a pre-

6   action seizure claim that ultimately yielded the production of documents that confirmed Telesocial's

7   suspicions about the misconduct at issue.  (*Id.* ¶¶ 2-4; D.E. 59-4 [Declaration of Telesocial's French

8   Counsel Eric Laut ("Laut Decl.")], ¶¶ 2-11.)

9        This led to the filing of this action, and since its filing, Telesocial and its founders have

10   vigorously pursued their claims, spending countless hours dedicated to moving this case towards trial.

11   (Waytena Decl. ¶¶ 5-6.)  Given the substantial expense associated with pursuing a significant lawsuit

12   against a multi-billion dollar international telecommunications company, Telesocial

13   

14                                                             (*Id.* ¶¶ 7-8.)  However, because

15                                                                                                      .

16   (*Id.* ¶ 12.)

17        Telesocial recently

18   

19        .  (*Id.* ¶¶ 13-14.)  However, this morning, Telesocial learned for the first time

20                                               (*Id.* ¶ 14.)  As discussed below, additional funds are required to,

21   among other things, ensure Telesocial's technical experts attend trial, and so that other expected trial

22   expenses are covered.  (*Id.* ¶¶ 15-17; Briggs Decl. ¶ 8.)

23                                                             .  (Waytena Decl. ¶ 17.)  If trial

24   proceeds as scheduled, Telesocial will be without experts or other resources necessary to present its case.

25   (*Id.* ¶¶ 15-18; Briggs Decl. ¶ 8.)

26                                  **Legal Standard**

27        "The decision to grant or deny a requested continuance lies within the broad discretion of the

28   district court." *United States v. Wills, II*, 88 F.3d 704, 711 (9th Cir. 1996).  A scheduling order may be

2

1    modified for "good cause" with the Court's consent.  Fed. R. Civ. P. 16(b)(4); Civ. L.R. 6-3, 40-1;

2    Standing Order for Civil Cases Before Judge James Donato ¶ 4.  The good cause standard "considers the

3    diligence of the party seeking the amendment," and a district court may modify a schedule "if it cannot

4    reasonably be met despite the diligence of the party seeking the extension."  *Johnson*, 975 F.2d at 609

5    (citing Fed. R. Civ. P. 16 and its advisory committee notes (1983 amendment); Wright, et al., *Federal*

6    *Practice & Procedure* § 1522.2 (2016)).

7                                              **Argument**

8    **I.       Telesocial Will Be Severely Prejudiced If It Must Proceed Without Technical Experts.**

9            Telesocial's technical experts, Stephen Gray and Christian Hicks, have confirmed that they will

10   not prepare for and provide expert testimony at trial for Telesocial if their past bills are not paid in full

11   and they are compensated for their time at trial.  (Briggs Decl. ¶ 7.)  Telesocial will be severely

12   prejudiced if it is unable to present the technical merits of its claims for misappropriation and violation of

13   computer fraud statutes.  Each of these experts provides important testimony that forms the basis for the

14   injuries Telesocial sustained due to Orange's actions.  Nor is there a reasonable alternative for Telesocial

15   to otherwise present its claim without expert testimony.  From the onset of this litigation and up until

16   today, Orange has designated the vast majority of its technical documents as "Attorneys' Eyes Only,"

17   preventing anyone at Telesocial from personally reviewing or analyzing those documents to evaluate

18   Telesocial's misappropriation claims.  Telesocial's experts are the only witnesses that Telesocial can

19   present at trial that can properly analyze Orange's documents, source code, and deposition transcripts to

20   provide technical opinions to support Telesocial's claims in this case.  (*Id.* ¶ 8.)  And even if Telesocial

21   could review Orange's produced documents at this late stage, expecting Telesocial to prepare another

22   witness within two weeks on information that Telesocial's experts took months to analyze is impractical,

23   if not impossible.

24          In addition, without Telesocial's experts' testimony regarding Orange's technology, any

25   testimony that Orange puts forth regarding its technology will essentially go unrebutted.  For example,

26   Orange's technical expert, Mr. Robert Stillerman opines that Orange's Party Call technology was

27   independently developed and that Telesocial's trade secrets are not trade secrets, defenses to Telesocial's

28   claims.  Mr. Gray's opinions are crucial to rebutting Mr. Stillerman's opinions, and without Mr. Gray's

testimony, the jury will not hear any evidence to the contrary.  This alone would give Orange an unfair advantage at trial.  *See Fenner v. Dependable Trucking Co.*, 716 F.2d 598, 602 (9th Cir. 1983) (finding reversible error where district court denied defendant's request for continuance when its expert was unavailable on the scheduled trial date, thereby preventing defendant from rebutting plaintiff's evidence).

District courts in California and throughout the country have continued trial dates based on the unavailability of key witnesses, such as expert witnesses, who are necessary to provide material and not cumulative testimony for a party.  *See Wausau Business Insurance Co. v. Diamond Contract Services, Inc.*, Case No. 10-cv-03192, Dkt. 116 (C.D. Cal. Jun. 9, 2011) (granting defendant's request to continue the trial a month before trial was set to begin, because its expert witness became unavailable due to unforeseeable circumstances); *see also Tysellcrouse, Inc. v. Sway Mgmt., LLC*, Case No. 15-cv-03832, 2016 WL 5923423, at *5 (N.D. Cal. Oct. 11, 2016) (granting motion to continue the trial on the grounds that defendants' key witness was unavailable to testify at trial); *Crandall v. Hartford Casualty Insurance Co.*, Case No. 10-cv-127, 2013 WL 502194, *3 (D. Idaho Feb. 8, 2013) (same); *Livingston v. Sanchez*, Case No. 10-cv-1152, 2014 WL 4792554, *1-2 (E.D. Cal. Sept. 24, 2014) (same).  Therefore, for these reasons, it would be manifestly unjust to force Telesocial to proceed to trial without its key experts.

**II.     Telesocial Will Be Precluded From Effectively Presenting Its Case Absent An Extension.**

In addition to the inability to present its key technical witnesses, requiring Telesocial to proceed to trial unable to pay expenses necessary for trial support functions will hamper its ability to present its case to the jury.  For example, translators are required to review trial exhibits written in French, and for translation of French-speaking trial witnesses. Telesocial also anticipated retaining a third-party vendor to provide technology and other graphics assistance at trial, which is required to effectively introduce trial exhibits and other demonstratives to explain the complex technology at issue to the members of the jury.   (Waytena Decl. ¶ 10.)   Finally, ███████████████████████████████████████ ██████████████████████████████████████████   (*Id.* ¶ 11.)  Absent a continuance ███ ████████████████████████████████████████████████████████████████████, Telesocial will be left without the ability to pay for these critical resources and, as a result, unable to present the case it has vigorously pursued now for years.  (*Id.* ¶ 18.)

4

### III.   Good Cause Exists For A Sixty-Day Extension.

In addition to the above prejudice to Telesocial, good cause exists to support granting a 60-day continuance.  First, there was no delay in seeking the requested relief—the primary consideration taken into account for the good cause analysis.  *E.g. Simmons First Nat'l Bank v. Lehman*, No. 13-cv-02876, 2015 WL 1503437, at *3 (N.D. Cal. Apr. 1, 2015) (in evaluating a request to amend the schedule, a court "primarily considers the diligence of the party seeking the amendment").  To the contrary, Telesocial raised this request *on the same day* as the unanticipated events giving rise to its Motion.  (Waytena Decl. ¶ 14; Briggs Decl. ¶ 6.)

Second, the brief additional time requested is necessary to permit Telesocial to resolve its funding issues or to pursue alternate methods to prove its claims.  This has been a highly involved and contested matter, with hundreds of thousands of pages of documents produced by the various parties; over 20 depositions; extensive motion practice; substantial work with experts; and a trial currently scheduled to last at least 35 hours on the record.  (*See* D.E. 277.)  There is no feasible way for Telesocial to adequately prepare an alterative strategy, without its experts, in just two weeks.  Thus, Telesocial would face substantial harm and prejudice if this motion is not granted; it would be left without the ability to provide any witness testimony on the technical aspects of the Orange technology at issue.

Third, the prejudice to Telesocial in not continuing the trial date far outweighs any potential prejudice to Orange.  The continuance would not impact any of Orange's substantive arguments, nor would it necessitate additional pre-trial work; rather, the timeline for the pretrial work would simply be extended.  Accordingly, any arguable prejudice to Orange is minor in comparison to the prejudice that Telesocial would face from having to proceed without its key expert witnesses, the only Telesocial witnesses who have had the opportunity to examine Orange's materials marked "Attorneys' Eyes Only" to date.

For these reasons, Telesocial respectfully requests that this Court grant its Motion, and that the trial in this action be continued for 60-days until June 9, 2017, or as soon thereafter as the Court's schedule permits.  Telesocial is available at the Court's convenience for a conference should the Court wish to discuss these matters further.

1

2    Dated:  March 27, 2017                                QUINN EMANUEL URQUHART &
                                                            SULLIVAN, LLP

3                                                  By:

4                                                        */s/Todd Briggs*
                                                         TODD M. BRIGGS

5                                                  Attorneys for Plaintiff
                                                   Telesocial Inc.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

6

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**[PROPOSED] ORDER**

IT IS SO ORDERED.


Dated: _____

_____

HONORABLE JAMES DONATO
UNITED STATES DISTRICT JUDGE

7

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CERTIFICATE OF SERVICE**

I certify that all counsel of record is being served on March  27, 2017 with a copy of this document via the Court's CM/ECF system.

*/s/Todd Briggs*
TODD M. BRIGGS

MOTION FOR CONTINUANCE AND [PROPOSED] ORDER
CASE NO. 3:14-CV-03985-JD