QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Kevin P.B. Johnson (Bar No. 177129)
  kevinjohnson@quinnemanuel.com
  Todd M. Briggs (Bar No. 209282)
  toddbriggs@quinnemanuel.com
  David E. Myre (Bar No. 304600)
  davidmyre@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065-2139
Telephone:    (650) 801-5000
Facsimile:    (650) 801-5100

QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Edward J. DeFranco (Bar No. 165596)
  eddefranco@quinnemanuel.com
51 Madison Avenue, 22nd Floor
New York, New York 10010
Telephone:    (212) 849-7000
Facsimile:    (212) 849-7100

SINGER / BEA LLP
  Benjamin L. Singer (Bar No. 264295)
  bsinger@singerbea.com
  Renee Bea (Bar No. 268807)
  rbea@singerbea.com
601 Montgomery Street, Suite 1950
San Francisco, California 94111
Telephone:    (415) 500-6080
Facsimile:    (415) 500-7080

Attorneys for Plaintiff
TELESOCIAL, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| TELESOCIAL, INC.,<br><br>        Plaintiff,<br><br>vs.<br><br>ORANGE S.A., et al.,<br><br>        Defendants. | CASE NO. 3:14-CV-03985-JD<br><br>**TELESOCIAL, INC.'S STATUS REPORT REGARDING ITS MOTION FOR A BRIEF CONTINUANCE OF THE TRIAL DATE**<br><br>**Ctrm: 11, 19th Floor**<br>**Judge: Hon. James Donato** |

1    In preparation for the call scheduled with the Court on Wednesday, April 5, 2017 at 11:00
2    am PST, Plaintiff Telesocial respectfully submits this status report regarding its Motion for a
3    Continuance of the Trial Date, (D.E. 280), to update the Court on the status of its ███████
4    ████████████████████████████████████████████████████████
5    As described in the Declaration of Telesocial's CEO Bill Waytena, Telesocial has ███
6    ████████████████████████████████████████████████████████
7    ████████████████████████████████████████████████████████
8    ████████████████████████████████████████████████████████
9    ████████████████████████████████████████████████████████
10   ████████████████████████████████████████████████████████
11   ████████████████████████████████████████████████████████
12   ████████████████████████████████████████████████████████
13   ███████████████████████████████
14   In view of the Court's guidance during last week's call, Telesocial has been diligently
15   working to ███████████████████████████████████████████████
16   ███████████   The prejudice Telesocial faces if its Motion is denied cannot be overstated—
17   Telesocial would be left without any witnesses, expert or fact, who can testify about Orange's
18   incorporation of Telesocial's technology into its products, *the underlying basis for Telesocial's*
19   *claims*.  This is in part due to Orange's continued insistence even after last week's Court
20   conference that its technical documents are "AEO"—despite prior assertions to this Court that
21   "Orange is not asserting trade secret protection over" technical documents previously filed—
22   which serves no purpose other than to unfairly prejudice Telesocial's ability to prepare and present
23   its case.  (*See* D.E. 229, at 3 ("[Orange's] position is that none of its documents need to be filed
24   under seal, because they contain no trade secret.")).  Further, the alleged prejudice to Orange due
25   to its scheduling conflicts, (D.E. 285), pales in comparison to depriving Telesocial of its due
26   process right to its day in court that would result from Orange's insistence of Telesocial
27   proceeding to trial without technical experts and without the ability of its principals to substitute
28

1  for those experts.  For these reasons, Telesocial respectfully requests that this Court grant its
2  motion to continue trial for sixty (60) days.

3  **I.  TELESOCIAL'S PROGRESS TOWARDS SECURING LITIGATION FUNDING.**

4  Telesocial filed its Motion for a Trial Continuance on March 27, 2017, the same day that

5  ███████████████████████████████████████████████████████████████████████

6  ██████████████████████████████ (D.E. 280-1, ¶ 14).  Since then, Telesocial has █████████

7  ████████████████████████████ (Declaration of Telesocial CEO Bill Waytena submitted

8  herewith ("Waytena Decl."), ¶¶ 2-7).  Over the past week, ███████████████████████

9  ███████████████████████████████████████████ ██████████

10 ███████████████████████████████████████████████████████████████████████

11 ███████████████████████████████████████████████████████████████████████

12 ███████████████████████████████████████████████████████████████████████

13 ███████████████████████████████████████████████████████████████████████

14 ███████████████████████████████████████████████████████████████████████

15 ███████████████████████████████████████████████████████████████████████

16 ████████████████████████████ ██ ████████████████████████████████

17 ██████████████████████████████████████

18 However, █████████████████████████████████████████████████

19 ███████████████████████████████████████████████████████████████████████

20 ███████████████████████████████████████████████████████████████████████

21 ███████████████████████████████████████████████████████████████████████

22 █████████████████████████████████████ █████████████████████████████

23 ―――――――――――――――

24 [1] ████████████████████████████████████████████████████████████████

25 ████████████████████████████████████████████████████████████████████

Further, during the March 29, 2017 Court conference, a third-party reporter participated.  (*See*
26 D.E. 289).  To the extent the Court wishes to discuss specific, confidential details regarding

27 ███████████████████████████████████████████████████████████████████████

28 ██████████████████████████████████████

1
2
3     Telesocial continues to ████████████████████
4
5
6
7
8
9
10 ████████████████ (*Id.* ¶ 5).  Accordingly, Telesocial continues to respectfully request a 60-
11 day continuance.

## II. THE POTENTIAL PREJUDICE TO TELESOCIAL SUBSTANTIALLY OUTWEIGHS ANY PREJUDICE TO ORANGE.

As detailed in Telesocial's Motion for Continuance, Telesocial would be severely prejudiced if it is required to proceed to trial on April, 2017.  (D.E. 280, at 3-5).  The Ninth Circuit has confirmed that the unavailability of an expert witness is grounds for a continuance, *Fenner v. Dependable Trucking Co.*, 716 F.2d 598, 602 (9th Cir. 1983), and as discussed in Telesocial's Motion and supporting declarations, absent funding, Telesocial's technical experts have refused to appear at trial.  (D.E. 280-01, ¶ 15; D.E. 280-02, ¶ 8; *see, e.g. Wausau Business Insurance Co. v. Diamond Contract Services, Inc.*, No. 10-cv-03192, Dkt. 116 (C.D. Cal. Jun. 9, 2011)).  The prejudice to Telesocial here goes beyond the mere unavailability of an expert—if trial were to proceed, Telesocial would be precluded from presenting testimony from any witness who could testify regarding the similarities between Orange and Telesocial's technologies, required for its misappropriation and computer fraud claims.  (D.E. 280-01, ¶ 15; D.E. 280-02, ¶ 8).

As explained in Telesocial's Motion, Orange has designated the majority of its technical documents in this case as "Attorneys Eyes Only," thereby precluding Telesocial's corporate representatives from reviewing these documents.  Orange does not dispute this in its Opposition to Telesocial's Motion, and has repeatedly confirmed its designations.  (*See generally* D.E. 285).  On

1  three separate occasions—once during fact discovery, another time after summary judgment
2  briefing, and a third time this past Friday, March 31, 2017—Telesocial requested that Orange re-
3  designate its technical documents to permit Telesocial's fact witnesses to examine their contents.
4  (Declaration of Todd M. Briggs submitted herewith ("Briggs Decl."), ¶ 3).  In each instance,
5  Orange declined Telesocial's requests, and confirmed that these documents are to be treated as
6  Attorneys' Eyes Only, precluding any Telesocial witnesses (other than Telesocial's experts) from
7  reviewing documents pertaining to its technology.  (*Id.*; *see* D.E. 71, 72).  Orange has taken this
8  position despite its prior assertions to this Court that it is "not asserting trade secret protection
9  over" technical documents. (D.E. 229, at 3-4 (Orange's "position is that none of its documents
10 need to be filed under seal, because they contain no trade secrets."); D.E. 229-01)).  Orange's
11 refusal to de-designate documents despite its admission that they are not "Highly Confidential"
12 precludes Telesocial's fact witnesses from reviewing these technical documents, rendering it even
13 more crucial that Telesocial have the opportunity to present technical expert testimony showing
14 how Orange accessed and incorporated Telesocial's trade secrets into Orange's Party Call system.

15       Finally, the alleged prejudice Orange identified in response to Telesocial's Motion—its
16 counsel's scheduling conflicts and inconvenience to its witnesses (D.E. 285)—does not outweigh
17 the prejudice to Telesocial of losing its opportunity to fairly present its claims at trial, including by
18 presenting testimony regarding the similarities of the parties' respective technologies.  As an
19 initial matter, shortly after the hearing last Wednesday, Telesocial sought Orange's counsel's
20 agreement to a continuance in an attempt to provide more certainty regarding the trial date.
21 (Briggs Decl. ¶ 4).  Telesocial followed up on that request on Friday, and Orange responded
22 declining Telesocial's offer, indicating that it could only agree to a one week extension, and only
23 if Telesocial agreed to call certain witnesses during "narrow windows of availability" in
24 Telesocial's case-in-chief  (*Id.*).  As discussed above, ███████████████████████
25 ████████████████████████████ (Waytena Decl. ¶¶ 4-7).  To the extent a new trial date
26 inconveniences any of Orange witnesses, this potential inconvenience also does not outweigh a
27 party's due process rights to fairly present its case at trial.  Telesocial respectfully submits that no
28

other prejudice to Orange exists, much less one that outweighs Telesocial's right to be provided the opportunity to present the case it has spent more than two and a half years pursuing.

### III.  CONCLUSION

Telesocial has and will continue to ███████████████████████████████ ███████████ Telesocial is willing to update the Court at its request regarding the status ███ ██████████████████████████████ However, as described above, Telesocial █████ ████████████████████████████████████████████████ Telesocial respectfully requests that this Court grant its Motion for a 60-day continuance of trial.

DATED: April 3, 2017

                                                 By: */s/ Todd M. Briggs*
                                                         Todd M. Briggs