UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TELESOCIAL INC., <br>     Plaintiff, <br>   v. <br> ORANGE S.A., et al., <br>     Defendants. | Case No. 14-cv-03985-JD <br><br> **PROPOSED PRELIMINARY JURY INSTRUCTIONS** |

The Court will read these preliminary instructions to the jury that is seated after voir dire on July 10, 2017. Any objections or concerns will be heard at trial call that morning.

**IT IS SO ORDERED**.

Dated: July 7, 2017

_____
JAMES DONATO
United States District Judge

1

## **INSTRUCTION NO. 1: DUTY OF JURY**

Members of the jury: You are now the jury in this case. It is my duty to instruct you on the law.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

At the end of the trial I will give you final instructions. It is the final instructions that will govern your duties.

Please do not read into these instructions, or anything I may say or do, that I have an opinion regarding the evidence or what your verdict should be.

Source
Ninth Circuit Model Civil Jury Instruction 1.3

## **INSTRUCTION NO. 2: WHAT IS EVIDENCE**

The evidence you are to consider in deciding what the facts are consists of:

1. the sworn testimony of any witness;

2. the exhibits that are admitted into evidence;

3. any facts to which the lawyers have agreed; and

4. any facts that I may instruct you to accept as proved.

Source
Ninth Circuit Model Civil Jury Instruction 1.9

# **INSTRUCTION NO. 3: WHAT IS NOT EVIDENCE**

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

1. Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, closing arguments, and at other times is intended to help you interpret the evidence. But these arguments and statements are not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

2. Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

3. Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition, some evidence may be received only for a limited purpose; when I have given a limiting instruction, you must follow it.

4. Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

Source
Ninth Circuit Model Civil Jury Instruction 1.10

# **INSTRUCTION NO. 4: DIRECT AND CIRCUMSTANTIAL EVIDENCE**

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

Source
Ninth Circuit Model Civil Jury Instruction 1.12

# **INSTRUCTION NO. 5: RULING ON OBJECTIONS**

There are rules of evidence that control what can be received into evidence. When lawyers ask questions or offer exhibits into evidence, and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question will be answered or the exhibit received. If I sustain the objection, the question will not be answered, and the exhibit not received. Whenever I sustain an objection to a question, you must ignore the question and not try to guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence. That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

Source
Ninth Circuit Model Civil Jury Instruction 1.13

# **INSTRUCTION NO. 6: CREDIBILITY OF WITNESSES**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness said, or part of it, or none of it. Proof of a fact does not necessarily depend on the number of witnesses who testified about it.

In considering the testimony of any witness, you may take into account:

1. the opportunity and ability of witness to see or hear or know the things testified to;

2. the witness's memory;

3. the witness's manner while testifying;

4. the witness's interest in the outcome of the case and any bias or prejudice;

5. whether other evidence contradicted the witness's testimony;

6. the reasonableness of the witness's testimony in light of all the evidence; and

7. any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence about a fact does not necessarily depend on the number of witnesses who testify about it. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

<u>Source</u>
Ninth Circuit Model Civil Jury Instruction 1.14

## **INSTRUCTION NO. 7: DEPOSITION IN LIEU OF LIVE TESTIMONY**

At times during the trial, you may hear testimony by a witness in the form of previously recorded deposition rather than live here in court. A deposition is the sworn testimony of a witness taken before trial. The witness was placed under oath to tell the truth and lawyers for each party may have asked questions. The questions and answers were recorded.

You should consider deposition testimony, presented to you in court in lieu of live testimony, in the same way as if the witness had been present to testify.

<u>Source</u>
Ninth Circuit Model Civil Jury Instruction 2.4

# **INSTRUCTION NO. 8: IMPEACHMENT EVIDENCE—WITNESSES**

The evidence that a witness lied under oath or gave different testimony on a prior occasion may be considered, along with all other evidence, in deciding whether or not to believe the witness and how much weight to give to the testimony of the witness and for no other purpose.

Source
Ninth Circuit Model Civil Jury Instruction 2.9

## **INSTRUCTION NO. 9: NO TRANSCRIPT AVAILABLE/TAKING NOTES**

During deliberations, you will have to make your decision based on what you recall of the evidence. You will not get a transcript or recording of the trial later during your deliberations. You should pay close attention to the testimony as it is given.

If at any time you cannot hear or see the testimony, evidence, questions or arguments, let me know so that I can correct the problem.

To help you remember the evidence, you can take notes during the trial. Your notebook has lined paper for notes. If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case. Do not let note-taking distract you. When you leave each day, leave the binder and any notes in the jury room. No one will read or look at them. At the end of the case, they will be destroyed in a secure fashion.

Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of your fellow jurors.

Source
Ninth Circuit Model Civil Jury Instructions 1.17 and 1.18

## **INSTRUCTION NO. 10: USE OF INTERROGATORIES**

Evidence may be presented to you in the form of an answer to a type of question called an interrogatory. The answer to an interrogatory is given in writing and under oath before the trial in response to questions that were submitted under established court procedures. You should consider the answers in the same way as if they were made from the witness stand.

Source
Ninth Circuit Model Civil Jury Instruction 2.11

## **INSTRUCTION NO. 11: EXPERT OPINION**

Some witnesses, because of education or experience, are permitted to state opinions and the reasons for those opinions.

Opinion testimony should be judged just like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

Source
Ninth Circuit Model Civil Jury Instruction 2.13

**INSTRUCTION NO. 12: CHARTS AND SUMMARIES NOT RECEIVED IN EVIDENCE**

Certain charts and summaries not admitted into evidence may be shown to you in order to help explain the contents of books, records, documents, or other evidence in the case. Charts and summaries are only as good as the underlying evidence that supports them. You should, therefore, give them only such weight as you think the underlying evidence deserves.

Source
Ninth Circuit Model Civil Jury Instruction 2.14

# **INSTRUCTION NO. 13: CHARTS AND SUMMARIES IN EVIDENCE**

Certain charts and summaries may be admitted into evidence to illustrate information brought out in the trial. Charts and summaries are only as good as the underlying evidence that supports them. You should, therefore, give them only such weight as you think the underlying evidence deserves.

Source
Ninth Circuit Model Civil Jury Instruction 2.15

## **INSTRUCTION NO. 14: CONDUCT OF THE JURY**

I will now say a few words about your conduct as jurors.

It is important that you keep an open mind throughout the trial and consider all of the evidence received in the case. Do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

It is also important that you decide this case based only on the evidence received in the case and on my instructions about the law that applies. You must not under any circumstance be exposed to any other information about the case or to the issues it involves during the course of your jury duty. Until the end of the case or unless I tell you otherwise:

> Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. That means no communications in person, in writing, on the phone or on any electronic or online platform, such as e-mail, text messages, Twitter, Snapchat, Facebook, Google+, LinkedIn, YouTube, or any social media of any type. This applies to communicating with your fellow jurors, until I give you the case for deliberation, and to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial. You can tell your family and your employer that you have been seated as a juror in the case, but nothing more than that. If you are asked or approached in any way about your jury service or anything about this case, you must say that you have been ordered not to discuss the matter. You must also let me know immediately if anyone tries to ask or approach you about your jury service or the case.

> You will receive here in court all the evidence and legal instruction you may properly consider to return a verdict. Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it. Do not do any independent research on your own, such as searching the Internet or consulting any reference materials. Do not do anything to try to learn about the case on your own.

These restrictions are very important and the law requires them to make sure that the parties have a fair trial based on the same evidence that each party has had an opportunity to address. A juror who violates these restrictions jeopardizes the fairness of these proceedings. If you believe another juror has been exposed to any outside information, you need to let me know right away.

Source
Ninth Circuit Model Civil Jury Instruction 1.15

# **INSTRUCTION NO. 15: OUTLINE OF TRIAL**

The trial will now begin. First, each side may make an opening statement. An opening statement is not evidence. It is simply an outline to help you understand what that party expects the evidence will show.

The presentation of evidence will then begin. Witnesses will take the witness stand and documents will be offered and admitted into evidence.

Plaintiff will present its evidence, and counsel for defendants may cross-examine. Then the defendants may present evidence, and counsel for the plaintiff may cross-examine.

Because the evidence will be presented over time, you need to keep an open mind as the evidence comes in and wait for all the evidence before you make any decisions. Keep an open mind throughout the entire trial. If you need to speak with me about anything, simply give a signed note to my courtroom deputy to give to me.

After the evidence has been presented, the attorneys will make closing arguments and I will give you final instructions on the law that applies to the case. Closing arguments are not evidence. After the closing arguments and instructions, you will then decide the case.

Source
Ninth Circuit Model Civil Jury Instruction 1.21

# **INSTRUCTION NO. 16: QUESTIONS TO WITNESSES BY JURORS**

You will be allowed to propose written questions to witnesses after the lawyers have completed their questioning of each witness. You may propose questions in order to clarify the testimony, but you are not to express any opinion about the testimony or argue with a witness. If you propose any questions, remember that your role is that of a neutral fact finder, not an advocate.

Before I excuse each witness, I will offer you the opportunity to write out a question on a form provided by the court. Do not sign the question. I will review the question with the attorneys to determine if it is legally proper.

There are some proposed questions that I will not permit, or will rephrase from the wording submitted. This might happen either due to the rules of evidence or other legal reasons, or because the question is expected to be answered later in the case. If I do not ask a proposed question, or if I rephrase it, do not speculate as to the reasons. Do not give undue weight to questions you or other jurors propose. You should evaluate the answers to those questions in the same manner you evaluate all of the other evidence.

By giving you the opportunity to propose questions, I am not requesting or suggesting that you do so. It will often be the case that a lawyer has not asked a question because it is legally objectionable or because a later witness may be addressing that subject.

Source
Ninth Circuit Model Civil Jury Instruction 1.19

## **INSTRUCTION NO. 17: CAUTIONARY INSTRUCTION - FIRST RECESS**

We are about to take our first break. Remember, until the trial is over, do not discuss this case with anyone, including your fellow jurors, members of your family, people involved in the trial, or anyone else, and do not allow others to discuss the case with you. This includes discussing the case in person, in writing, by phone or electronic means, via e-mail, Blackberry, iPhone, text messaging, or through any blog, website, app, or any other kind of social media. If anyone tries to communicate with you about the case, please let me know about it immediately. Do not read, watch, or listen to any news reports or other accounts about the trial or anyone associated with it, including any online information. Do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials, and do not make any investigation about the case on your own. Finally, keep an open mind until all the evidence has been presented and you have heard the arguments of counsel, my instructions on the law, and the views of your fellow jurors.

If you need to speak with me about anything, simply give a signed note to my courtroom deputy, Ms. Clark, to give to me.

Source
Ninth Circuit Model Criminal Jury Instruction 2.1