UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TELESOCIAL INC.,<br>        Plaintiff,<br>   v.<br>ORANGE S.A., et al.,<br>        Defendants. | Case No. 14-cv-03985-JD<br><br>**VERDICT FORM** |

When answering the following questions and filling out this Verdict Form, please follow the directions provided throughout the form. Your answer to each question must be unanimous.

We, the jury, unanimously agree to the answers to the following questions and return them under the instructions of this Court as our verdict in this case:

### SECTION I: FEDERAL COMPUTER FRAUD AND ABUSE ACT ("CFAA") CLAIMS

**Question No. 1: CFAA Section 1030(a)(2)(C)**

Do you find by a preponderance of the evidence that defendant Orange, S.A. violated Section 1030(a)(2)(C) of the Computer Fraud and Abuse Act?

"Yes" is a finding for Telesocial. "No" is a finding for Orange.

_____ YES    __X__ NO

**Question No. 2: CFAA Section 1030(a)(4)**

Do you find by a preponderance of the evidence that defendant Orange, S.A. violated Section 1030(a)(4) of the Computer Fraud and Abuse Act?

"Yes" is a finding for Telesocial. "No" is a finding for Orange.

_____ YES    __X__ NO

**Question No. 3: CFAA – Damages**

If you answered "Yes" in either question 1 or 2, what amount of damages, if any, did Telesocial prove by a preponderance of the evidence that the violation(s) of the CFAA caused to Telesocial? **If you did not answer "Yes" in either question 1 or 2, do not answer.**

$ _____

## SECTION II. CALIFORNIA COMPUTER DATA ACCESS AND FRAUD ACT ("CDAFA") CLAIMS

### Question No. 4: CDAFA Section 502(c)(1)

Do you find by a preponderance of the evidence that defendant Orange, S.A. violated Section 502(c)(1) of the Computer Data Access and Fraud Act?

"Yes" is a finding for Telesocial. "No" is a finding for Orange.



_____ YES     __X__ NO

### Question No. 5: CDAFA Section 502(c)(2)

Do you find by a preponderance of the evidence that defendant Orange, S.A. violated Section 502(c)(2) of the Computer Data Access and Fraud Act?

"Yes" is a finding for Telesocial. "No" is a finding for Orange.

_____ YES     __X__ NO

### Question No. 6: CDAFA Section 502(c)(6)

Do you find by a preponderance of the evidence that defendant Orange, S.A. violated Section 502(c)(6) of the Computer Data Access and Fraud Act?

"Yes" is a finding for Telesocial. "No" is a finding for Orange.

_____ YES     __X__ NO

### Question No. 7: CDAFA Section 502(c)(7)

Do you find by a preponderance of the evidence that defendant Orange, S.A. violated Section 502(c)(7) of the Computer Data Access and Fraud Act?

"Yes" is a finding for Telesocial. "No" is a finding for Orange.

_____ YES     __X__ NO

**Question No. 8: CDAFA – Damages**

If you answered "Yes" in any of questions 4-7, what amount of damages, if any, did Telesocial prove by a preponderance of the evidence that the violation(s) of the CDAFA caused to Telesocial? **If you did not answer "Yes" in any of questions 4-7, do not answer.**

$ _____

**Question No. 9: CDAFA – Punitive Damages**

If you entered an amount other than zero in question 8, has Telesocial proven by clear and convincing evidence that defendant Orange, S.A. engaged in malice, oppression, or fraud in violating the CDAFA? **If you entered zero in question 8, do not answer.**

____YES   ____NO

## SECTION III. TRADE SECRET MISAPPROPRIATION CLAIMS

**Question No. 10: Trade Secret Misappropriation – Liability**

Do you find by a preponderance of the evidence that defendant Orange, S.A. misappropriated a Telesocial trade secret? Answer for each alleged trade secret.

"Yes" is a finding for Telesocial. "No" is a finding for Orange.

**Trade Secret 1**

\_\_\_\_YES   _X_ NO

**Trade Secret 2**

\_\_\_\_YES   _X_ NO

**Trade Secret 3**

\_\_\_\_YES   _X_ NO

**Trade Secret 4**

\_\_\_\_YES   _X_ NO

**Trade Secret 5**

\_\_\_\_YES   _X_ NO

**Trade Secret 6**

\_\_\_\_YES   _X_ NO

**Question No. 11: Trade Secret Misappropriation – Damages**

If you answered "Yes" in question 10 for any trade secret, what amount of damages, if any, did Telesocial prove by a preponderance of the evidence that the misappropriation caused to Telesocial? **If you did not answer "Yes" for any trade secret in question 10, do not answer.**

$_____

**Question No. 12: Trade Secret Misappropriation – Punitive Damages**

If you entered an amount other than zero in question 11, has Telesocial proven by clear and convincing evidence that defendant Orange, S.A. acted willfully and maliciously in misappropriating the trade secret? **If you entered zero in question 11, do not answer.**

____YES     ____NO

## SECTION IV. BREACH OF CONTRACT CLAIMS

**Question No. 13: Contract Claims – Breach of Contract**

Do you find by a preponderance of the evidence that defendant Orange, S.A. breached the Telesocial Terms of Use?

"Yes" is a finding for Telesocial. "No" is a finding for Orange.

    __X__ YES     _____ NO

**Question No. 14: Contract Claims – Breach of Implied Covenant of Good Faith and Fair Dealing**

Do you find by a preponderance of the evidence that defendant Orange, S.A. breached the covenant of good faith and fair dealing implied in the Telesocial Terms of Use?

Yes" is a finding for Telesocial. "No" is a finding for Orange.

    _____ YES     __X__ NO

**Question No. 15: Contract Claims – Damages**

If you answered "Yes" in question 13 or 14, what amount of damages, if any, did Telesocial prove by a preponderance of the evidence that the breach(es) caused to Telesocial? **If you did not answer "Yes" in question 13 or 14, do not answer.**



$ __1.00__

## SECTION V: NON-DUPLICATIVE DAMAGES

**Question No. 16: Non-Duplicative Damages**

If you found that Telesocial suffered damages as a result of defendant Orange, S.A.'s conduct, you must now determine the total amount of damages that is not duplicative of any other damages award in your verdict as explained in the Jury Instruction titled "Verdict Form--Non-Duplicative Damages."

The total amount of non-duplicative damages to be awarded to Telesocial Inc. against Orange, S.A. is:

$ _____

You have now reached the end of the verdict form and should review it to ensure it accurately reflects your unanimous determinations. The Presiding Juror should then sign and date the verdict form in the spaces below and notify the courtroom deputy that you have reached a verdict. The Presiding Juror should retain possession of the verdict form and bring it when the jury is brought back into the courtroom.

DATED: 7/24, 2017    Signed: /s/ Brian Hunter
                             Presiding Juror